UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA GUADALUPE DIAZ TOSCANO, individually and as class representative,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDRA LOZANO KENNEDY, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a Washington limited liability company.,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## I.    SUMMARY STATEMENT

Plaintiff Maria Guadalupe Diaz Toscano ("Plaintiff" or "Ms. Diaz Toscano"), individually

and on behalf of all others similarly situated, by and through her undersigned counsel, brings

COMPLAINT - 1

**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

this Class Action Complaint and Jury Demand against Defendants Alexandra Lozano Kennedy (from now on "Ms. Lozano"); La Luz del Camino, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC (from now on the "Lozano Firm"); En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC and Ally Lozano, LLC. Defendants operated a high-volume immigration law firm using a uniform, standardized system a practice that, among other things, did the following: (a) concealed from clients that their immigration petitions were VAWA self-petitions requiring allegations of domestic abuse or extreme cruelty, or "T-Visa" applications that required allegations of forced labor or involuntary servitude, among other things; (b) delegated all substantive legal work to non-attorney staff; (c) used non-attorney drafting personnel and template-driven processes to generate abuse narratives without meaningful client participation; (d) prepared and/or filed petitions with United States Citizenship and Immigration Services ("USCIS") containing allegations that clients say they never made, and without attorney contact, review or client understanding; (e) charged thousands of dollars for this process while failing to disclose material additional costs; and (f) unreasonably withheld client files and case information when clients discovered or questioned what had been prepared or filed in their names. Further, to bring in clients, Defendants used social media to defraud vulnerable immigrants through unfair and deceptive practices. Plaintiff is requesting equitable fee forfeiture, disgorgement, restitution, and damages arising from Defendants' systematic scheme to defraud vulnerable immigrants.[1]

---

[1] On May 11, 2026, a group of nine individuals filed suit against the Lozano Defendants alleging similar facts to the ones in this Class Action. See 2:26-cv-01587-RSM. However, unlike this case, which has three causes of action: RICO violation, Breach of Fiduciary Duty and the Washington State Consumer Protection Act, that individual complaint contains fact-specific causes of action, namely causes of action for Legal Malpractice,

COMPLAINT - 2

## II.    INTRODUCTION

2.1.  This is a federal class action brought seeking comprehensive civil remedies for a a multi-million-dollar industrialized immigration factory disguised as a legitimate law practice.

2.2 Operating out of its corporate headquarters in Tukwila Washington, the Lozano Firm has systematically extracted tens of millions of dollars from thousands of the most vulnerable, low-income monolingual Spanish-speaking undocumented consumers across the United States.

2.3 The core of this action does not address any individual legal malpractice or the stand alone, technical merits of individual petitions; rather, the Class seeks redress for an intentional, systematic business architecture designed by Defendants to maximize corporate revenue through the complete abdication of an attorney's oath of loyalty.

2.4 The issue of this case centers on the execution of a fundamentally flawed system engineered by Defendants, a conveyor-belt model that is structurally incapable of delivering individualized legal representation, deliberately substituting a high-velocity sales pipeline for legitimate licensed attorney representation.

2.5 The fatal flaw embedded in the Defendants' operational framework is that at no point during the intake, eligibility screening, contract negotiation, does an actual attorney,

---

Breach of Contract and Negligent Infliction of Emotional Distress. This case does not address any individual legal malpractice or the standalone merits of individual petitions; rather the Class seeks to redress from an intentional systemic business structure designed by Defendants, which systematically extracted millions of dollars from thousands of the most vulnerable low-income, monolingual Spanish-speaking undocumented consumers across the United States. If the Class is certified, the 2:26-cv-01587-RSM plaintiffs in that case will can exclude themselves from the class if they chose.

COMPLAINT - 3

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

licensed to practice law in the United States, engage in an evaluation of the potential client's case let alone provide meaningful legal review of the facts particular to individual clients.

2.6 Substantive legal determinations are systematically delegated to non-attorney sales staff who worked on commission. The attorneys in the firm were tasked with attending interviews and court hearings and took no part in the initial intake or evaluation of prospective client's cases.

2.7 To maintain this high-volume operation, Ms. Lozano created an automated workflow that sacrificed attorney review of the completed relief applications and supporting material and included having her non-attorney staff use a signature stamp that bore her own signature to execute official certifications under penalty of perjury on tens of thousands of complex immigration applications primarily petitions under the Violence Against Women Act( "VAWA") (for I-360) and Victims of Human Trafficking  Visas ("T-Visas) (Form I-914). The certifications falsely claimed, under penalty of perjury, that the preparer, Ms. Lozano, had reviewed the applications and supporting documents being submitted, including the declarations, with the clients and that the clients agreed with the contents and that the information in the application and supporting documents being submitted were true and correct.

2.8 Ms. Lozano submitted these certifications to the United States Government despite the fact that she has never met with, spoken to or consulted the clients whose applications and declarations she purports to verify, establishing a total failure  to adhere  to the oath of loyalty to the client overall and the advancement  of a system  that furthered that breach.

COMPLAINT - 4

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

2.9 Under Washington law the attorney-client relationship is one of the highest trust and confidence relationships known to law.

2.10 When an attorney commits a clear and serious violation of that duty the client is entitled to forfeiture of fees paid, without the need to prove that the breach caused actual damages.

2.11 This action does not depend on the merits or outcomes of any individual immigration petition.

2.12 Plaintiffs' claims are based on the uniform process through which Defendants marketed, sold, documented, and filed immigration benefit applications, a process that allegedly failed to provide informed consent, meaningful attorney involvement, accurate disclosures, or meaningful client review before submitting immigration filings that were certified as being accurate and having been reviewed by the applicant and attorney.

2.13 The Lozano Firm relied upon a standardized methodology of "narrative engineering" to generate non-viable, structurally fabricated humanitarian claims at scale.

2.14 In public broadcasts to millions of social media viewers, Ms. Lozano explicitly advertised that "typical or normal" family arguments or standard workplace frictions automatically qualified individuals for federal protection. However, "typical or normal" family arguments would not satisfy the "battery or extreme cruelty" requirement for a VAWA petition, nor would "typical or normal" workplace problems constitute a "severe form of trafficking," a necessary element for T- visa applicants to demonstrate.

COMPLAINT - 5

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

2.15 Once a consumer enters the pipeline, offshore writing teams systematically distort, mischaracterize and exaggerate ordinary childhood milestones and life events into fabricated grounds for domestic abuse and human trafficking claims, keeping clients in the dark by forcing them, at the time of entering the contract, to place their signature in a box on a page, noting that the firm uses electronic signatures and that the client's signature would be affixed to the immigration forms requiring the client's signature.  As a result, the client's electronic signature was affixed to the applications and accompanying paperwork, including declarations, without the client reviewing the applications and supporting documents in their own language, nor were clients given copies of the documents submitted on their behalf.

2.16 The consequences of this systemic breach are catastrophic. While Defendants collected massive corporate fees ranging from $10,000 to 25,000 per case, their unreviewed, rubberstamped filings routinely triggered immediate administrative rejections or denials, exposing unsuspecting clients to statutory bars on future immigration benefits, and placing them into active federal removal proceedings.

2.17 The conduct of Defendants was not the product of isolated errors or poor judgment in individual cases. It was a deliberate, profit-driven enterprise that exploited immigrants' desperation for legal status, their limited English proficiency, and their inability to navigate complex immigration law.

2.18 The Lozano Firm grew to have several offices across many states, employing hundreds of professionals. Ms. Lozano herself, in social media postings, admitted to having assisted "thousands and thousands and thousands" of individuals with immigration petitions. The Washington State Disciplinary Board filed a complaint taking disciplinary action against

COMPLAINT - 6

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Ms. Lozano. The Washington State Disciplinary Board states that Ms. Lozano's signature is on 53,923 petitions currently pending with the United States Citizenship and Immigration Services agency.

2.19 Ms. Lozano marketed herself to immigrants desperate to legalize their status as the "abogada de los milagros" ("lawyer of miracles"), promising immigration "miracles" to Plaintiff and other immigrants in need. Ms. Lozano advertised heavily on social media including Facebook, Instagram and TikTok, targeting the Hispanic immigrant community.

2.20 The services that Ms. Lozano and the Lozano Firm offered were illusory, negligent, and even fraudulent.

2.21 Ms. Lozano was the creator and operational architect of the firm's deceptive intake procedures and instructed staff to execute the fraudulent protocols described herein making her personally liable for racketeering activity, conspiracy, and egregious breaches of fiduciary duties in her immigration firm.

**The Violence Against Women Act Self-Petition Framework**

2.22 Ms. Lozano's actions were situated against a backdrop of strict federal statutory requirements governing humanitarian immigration benefits under the Immigration and Nationally Act ("INA"). Congress enacted the Violence Against Women Act ("VAWA") self-petition framework and the Victims of Human Trafficking Visa Framework (T-Visa) to protect bona fide victims of severe domestic violence and human trafficking from deportation while providing a safe path to lawful immigration status.

COMPLAINT - 7

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

2.23 Because these humanitarian benefits provide highly sought-after employment authorization documents (EAD) and adjustment of status to that of lawful permanent resident inside the United States without requiring a lawful entry or consular exit, they are heavily guarded by federal adjudicators.

2.24 The Violence Against Women Act, originally enacted in 1994 and reauthorized multiple times, provides a pathway for certain abused immigrants to self-petition for immigration benefits without the knowledge or consent of their abuser. VAWA self-petitions are filed using Form I-360. VAWA self-petitions are available to spouses, children and parents of abusive U.S. citizens or lawful permanent residents (LPRs). Under INA § 204(a)(1)(A)(iii), a parent of a U.S. citizen son or daughter who is twenty-one years of age or older may self-petition if the parent demonstrates that he or she has been battered or subjected to extreme cruelty by the US citizen son or daughter.

2.25 A marriage-based VAWA petition requires the petitioner to demonstrate: a qualifying, bona fide spousal relationship with a U.S. citizen or LPR;  that the petitioner resided with the abusive spouse; that the petitioner was battered or subjected to extreme cruelty by the U.S. citizen or LPR during the qualifying relationship; and that the petitioner possesses good moral character.

2.26 A T -visa (T nonimmigrant status) is for victims of severe human trafficking who are physically present in the U.S. on account of the trafficking, cooperate with law enforcement (with important exceptions), and would face unusual and severe harm if removed.

COMPLAINT - 8

**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

2.27 Upon approval of a VAWA self-petition, the petitioner receives deferred action status. The simple act of filing the I-360 allows the concurrent filing of an I-485 form for adjustment of status to that of a lawful permanent resident and, thus, the filing of I-765 form to obtain employment authorization and the I-131 form to obtain advance parole which allows the individual to travel outside the country and return lawfully. These tangible immediate benefits make VAWA petitions particularly attractive to undocumented immigrants who have limited avenues for obtaining legal status.

2.28 The combination of a relatively low evidentiary threshold, immediate tangible benefits upon approval, and the desperation of undocumented immigrants for lawful status makes the VAWA self-petition process uniquely susceptible to exploitation by high-volume immigration practices that prioritize case volume over the accuracy and integrity of individual filings.

2.29 Upon approval of a T-visa, the principal applicant receives lawful temporary immigration status and is generally eligible for employment authorization. These concrete, near-term protections and work privileges make T-visa relief particularly attractive to undocumented trafficking survivors who otherwise have few viable paths to lawful status.

**Federal Consequences of False filings**

2.30 VAWA self-petitions and T-visa applications are submitted under penalty of perjury. The applicant declarations that accompany them are sworn statements to a federal agency.  An applicant/petitioner who signs a declaration containing false statements is exposed to serious legal consequences, whether-or-not the applicant/petitioner was aware that the statements were false at the time of signing.

COMPLAINT - 9

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

2.31 Submitting an unvetted, rubber-stamped, or fabricated application to a federal immigration agency carries severe legal and administrative consequences. Under federal criminal law, specifically 18 U.S.C. Section 1546(a), it is a felony offense to knowingly present or submit an immigration petition knowing it to contain any false statement under penalty of perjury. Furthermore, a formal finding of fraud or willful misrepresentation made in an attempt to obtain an immigration benefit triggers a ground of inadmissibility requiring a formal and discretionary waiver to overcome.

2.32 Plaintiff brings this action individually and on behalf of a Nationwide Master Class and State Subclass to compel complete equitable fee forfeiture and disgorgements for the uniform violation of the duty of loyalty, and recover actual, treble, exemplary and statutory damages for the severe financial and proprietary injuries inflicted by this predatory system.

### III.    JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over the federal claims asserted in this action pursuant to 28 U.S.C. Section 1331 (federal question jurisdiction) because this action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sections 1961, 1962(c), and 1962(d).

3.2 This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) (CAFA), because: (a) the proposed class contains more than 100 members; (b) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) at least one member of the proposed class is a citizen of a state different from any defendant.

3.3 This Court has supplemental jurisdiction over the state law claims asserted in this

COMPLAINT - 10

**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

action pursuant to 28 U.S.C. Section 1367(a) because the common law and statutory consumer protection claims arise out of a common nucleus of operative facts, are part of the same case or controversy, and form an integral part of the overarching racketeering scheme to defraud.

3.4 Plaintiff Maria Guadalupe Diaz Toscano is a citizen of Mexico and a resident of the State of Washington. Defendant Alexandra Lozano Kennedy is a resident of the state of Washington, La Luz del Camino Legal PLLC f/k/a Alexandra Lozano Immigration Law PLLC is a Washington Professional limited liability company, En Solidaridad LLC and Amiga Lawyer LLC and Ally Lozano, LLC are Washington limited liability companies, and Salud Total LLC is a Wyoming limited liability company. Therefore, minimal diversity exists under CAFA.

3.5 Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b)(1) because most Defendants reside in this District, and under § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, where Defendants maintain their principal place of business and headquarters.

## IV.    PARTIES

4.1 Plaintiff Maria Guadalupe Diaz Toscano is a natural person, citizen of Mexico and resident of the state of Washington, who retained the Lozano Firm for immigration representation.

4.2 Ms. Diaz Toscano made paymnets to defendants via debit card to the Lozano Firm.

4.3 Ms. Diaz Toscano is a highy vulnerable consumer who was trapped in Defendants' high volume immigration pipeline, induced to pay over $10,000 in legal fees to the Lozano

COMPLAINT - 11

**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Firm, $3,000.00 in filing fees to the USCIS, plus an additional $1200 on a psychological evaluation that Defendant required. Despite the Lozano Firm's false legal assurances USCIS denied the applications prepared by the Lozano Firm for Ms. Diaz Toscano, and placed Ms. Diaz Toscano in removal proceedings with little hope to permanently remain in the United States.

4.4 Defendant Alexandra Lozano Kennedy was an attorney licensed by the Washington State Bar Association with Washington State Bar Association License No. 40478. Defendant Alexandra Lozano is a resident of King County, Washington. Ms. Lozano is the sole governor of Defendant La Luz del Camino Legal, PLLC, formerly known as Alexanda Lozano Immigration Law, PLLC. All actions alleged against Ms. Lozano in this Complaint were undertaken to the benefit of her marital community with Manuel Lozano Rodriguez.

4.5 Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, is a Washington professional limited liability company with its headquarters and primary place of business in Tukwila, Washington. Defendant is an immigration law firm based in Tukwila, Washington, with additional offices and satellite offices across the United States and employees in the United States, Mexico, Argentina, and Colombia.

4.6 Defendant En Solidaridad, LLC, was a Washington limited liability company with its principal place of business in King County, Washington. The entity was voluntarily dissolved. The sole governor of En Solidaridad, LLC, was Manuel Lozano Rodriguez, who is married to, but legally separated from Defendant Alexandra Lozano Kennedy.

4.7 Defendant Salud Total, LLC, is a Wyoming limited liability company with its principal place of business in Florida.

COMPLAINT - 12

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

4.8 Defendant Amiga Lawyers, LLC, was a Washington limited liability company with its principal place of business in Tukwila, Washington. The entity was voluntarily dissolved. Defendant Alexandra Lozano Kennedy was the sole governor of Amiga Lawyers, LLC.

## V. FACTS

5.1 Defendant Alexandra Lozano Kennedy ("Ms. Lozano") was a Washington State attorney and the founder of La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC (the "Lozano Firm,").

5.2 The Lozano Firm is an immigration law firm based in Tukwila, Washington, with additional offices and satellite offices across the United States and employees in the United States, Mexico, Argentina, and Colombia. The Lozano firm had hundreds of employees.

5.3 The Lozano Firm has, since its inception, primarily provided services to Spanish speaking immigrants, and predominantly to immigrants from Mexico. The Lozano firm heavily advertised through social media.

5.4 While Defendants have harmed Plaintiff, the issues which have caused harm to Plaintiff are systemic in nature and have affected thousands of people.

5.5 Ms. Lozano has trained other attorneys and built a network of attorneys nationwide through Amiga Lawyers, LLC, and Ally Lozano, LLC, to engage in, and collaborate in the same processes and practices.

**The Creation of a Corporate Architecture and the Licensing Scheme**

COMPLAINT - 13

5.6 Ms. Lozano crated a formal mentorship and licensing agreement under the corporate banner of Alexandra Lozano Immigration Law PLLC and the Amiga Lawyer LLC networking group. Ms. Lozano sold operational blueprints, prepackaged training templates and case-processing workflows of her assembly-line methodology to the attorneys that joined the Amiga group. Under this licensed structure, the law firm was deliberately departmentalized into siloed corporate units such as scheduling, legal intake (sales), offshore writing teams, a system which was expressly designed to replace traditional individualized legal advocacy with an automated data processing machine built for throughput.

5.7 The Lozano Firm made "miracle" promises and severely deceived individuals regarding certain immigration consequences.  Defendants continuously targeted highly vulnerable immigrants by airing, primarily through social media, absolute, unqualified guarantees that the firm possessed specialized methods capable of easily resolving severe federal statutory bars entirely within the United States. Promising to easily resolve cases involving multiple illegal entries and prior removal orders without requiring consular processing or departure directly misrepresents federal law, as these complex violations automatically trigger the sever 10-year permanent bar under INA §212 (a)(9)(C), the exact statutory reality that defendants consciously ignored when steering Ms. Diaz Toscano into a non-viable, high-fee humanitarian pipeline.

**The Experience of Named Plaintiff Maria Guadalupe Diaz Toscano**

5.8 In approximately June 2021, Plaintiff Maria Guadalupe Diaz Toscano, a monolingual Spanish-speaking undocumented individual who was married to a United States citizen, watched a Tik Tok video broadcast by Ms. Lozano, made across interstate wires,

COMPLAINT - 14

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

which delivered false outcome guarantees and minimized the statutory requirements for humanitarian relief.

5.9 Ms. Diaz Toscano originally entered the United States in approximately 1995, where she remained until November 1998 when she was apprehended by the legacy INS in a workplace enforcement action after which she was voluntarily returned to Mexico. She attempted returning to the United States on November 29, 1998, and was apprehended at entry and given an expedited removal to Mexico. She attempted entering the United States again, on December 1, 1998, and was again apprehended by the immigration authorities and expeditiously removed to Mexico. In May 1999, she successfully entered the United States without inspection in May 1999, near San Ysidro, California.

5.10 Despite having been told, previously by reputable immigration attorneys, that she was subject to the "permanent bar" and was ineligible for adjustment of status due to her multiple departures from the United States, two failed attempted reentries to the United States that resulted in removal orders, and finally a successful entry without inspection in May 1999, the Tik Tok video from Ms. Lozano kindled a desperate hope for Ms. Diaz Toscano. Shortly after viewing the video, Ms. Diaz Toscano called the Lozano Firm and made an appointment for an intake consultation to take place on July 22, 2021, in Tukwila, Washington.

5.11 At the consultation Ms. Diaz Toscano did not meet with Ms. Lozano or any other attorney licensed to practice in the United States. Instead, she met with a sales representative who, after hearing Ms. Diaz Toscano's immigration history and marital relationship problems, assured her that the Lozano Firm could get her a work permit and legal permanent residency

COMPLAINT - 15

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

without Ms. Diaz Toscano having to leave the United States. The salesperson then discussed payments details and options with Ms. Diaz Toscano.

5.12 On this same date, Ms. Diaz Toscano signed a contract for legal services and agreed to pay $2,035.00 down payment on a flat-fee legal services contract in the amount of $10,035.00 plus payment of $3,177.55 for USCIS filing fees The filing fee charge consisted of $1,225.00 for the Application for Adjustment of Status; $930.00 for Form I-601, Application for Waiver of Grounds of Inadmissibility; and $930.00 for Form I-212, Application for Permission to Reenter the United States after Deportation or Removal, plus a charge of 3% on the total amount, ostensibly because Ms. Diaz Toscano paid the filing fees with her debit card.

5.13 On July 26, 2021, Ms. Diaz Toscano returned to the Lozano Firm's office in Tukwila, Washington, to make the down payment on legal fees and the filing fees that she agreed to pay on July 22, 2021. On this date Ms. Diaz Toscano was fingerprinted by someone at the Lozano Firm and made a follow-up appointment to return to the Tukwila office on August 4, 2021, for a one-hour meeting to give a statement that would form the basis of her declaration that was to be submitted with her application.

5.13 On or about July 28, 2021, the Lozano Firm received Ms. Diaz Toscano's fingerprint results from the FBI, confirming the absence of criminal arrests, and the three apprehensions by immigration officials in 1998, two of which resulted in expedited removal orders being issued to Ms. Diaz Toscano.

5.14 On August 4, 2021, Ms. Diaz Toscano gave a detailed statement about her marital problems and her immigration history. She confirmed that she was physically present in the

COMPLAINT - 16

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

United States without status from her initial entry in 1995 to November 1998, when she departed pursuant to voluntary departure. She also confirmed that she had subsequently attempted to enter the U.S. twice using false documents and received an expedited order of removal twice. Finally, she confirmed that she last entered the United States without inspection in May 1999 and has not departed since. After giving her statement, she was instructed to sign various documents but was not advised what the documents were, of the contents of the documents, nor did she understand the contents of the documents which were in English.

5.15 On November 9, 2021, the Lozano Firm submitted Ms. Diaz Toscano's application packet via Fed Ex, to the USCIS Vermont Service Center, that contained the VAWA self-petition, adjustment of status application, the waiver of inadmissibility and the permission to reenter the U.S. after deportation of removal.

5.16. On January 25, 2025, the USCIS approved Ms. Diaz Toscano's Form I-360, and issued her an employment authorization card that was valid from January 24, 2025, to January 23, 2027.

5.17 The USCIS scheduled Ms. Diaz Toscano for an adjustment of status interview on July 24, 2025. An attorney from the Lozano Firm attended the interview with Ms. Diaz Toscano, where Ms. Diaz Toscano gave truthful and candid answers.

5.18 On August 5, 2025, the USCIS denied Ms. Diaz Toscano's applications for adjustment of status, waiver of inadmissibility, and permission to reenter the United States after deportation. The USCIS denial adjustment was based on the findings that: Ms. Diaz Toscano was inadmissible under INA § 212(a)(9)(C)(i)(I) (for having departed the United

COMPLAINT - 17

**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

States after accruing more than one year of unlawful presence, departing, and reentering without inspection) and INA § 212(a)(9)(C)(i)(II) (for reentering the United States without inspection after having been removed); and INA § 212(a)(6)(C)(i) (for willfully misrepresenting a material fact in attempting to obtain admission into the United States). The denial notice observed that Ms. Diaz was not eligible for a waiver of her inadmissibility pursuant to 212(a)(9)(C)(i)(I) because her first departure in 1998 was on account of immigration enforcement activity and was not related to any abuse by her husband. Thus, her waiver applications, Form I-212 and I-601 were denied.

5.19 In addition, the USCIS denial determined that Ms. Diaz Toscano's signature had been copied and placed onto her Form I-485, not placed on the application directly by Ms. Diaz Toscano. The regulations require an applicant for immigration benefits to "sign his or her benefit request" certifying under penalty of perjury that the information in the document, and all evidence submitted with it, is true and correct to establish eligibility at the time of filing. 8 CFR § 103.2(a)(2); 8 CFR § 103.2(b)(l).

5.20 On March 3, 2026, the USCIS served a Notice to Appear (NTA) on Ms. Diaz Toscano, informing her that the agency was initiating removal proceedings against her based on the information they obtained through her adjustment of status application. The NTA set the initial court hearing for Ms. Diaz Toscano for August 18, 2026.

5.21 When Ms. Diaz Toscano learned that the USCIS was trying to deport (remove) her because she was ineligible to apply for adjustment of status, she was confused because she had disclosed her immigration history to the Lozano firm, the Lozan firm convinced her that she remained eligible to adjust her status without leaving the United States.

COMPLAINT - 18

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

5.22 After receiving the NTA, Ms. Diaz Toscano sought legal advice from other local immigration attorneys who informed her that she was ineligible to adjust status because she had accrued over a year of unlawful presence and departed pursuant to the voluntary departure order, so even if her attempted returns that resulted in expedited removal orders and her final entry into the United States in May 1999 were connected to abuse by her husband, her initial departure was not and there was no waiver available for this until she departed the United States and remained outside for 10 years.

5.23 On May 6, 2026, Ms. Diaz Toscano hired a new lawyer to represent her in removal proceedings and notified the Lozano Firm that she was terminating their legal relationship.

5.24 As a result of Defendants' deceptive, profit-driven business practices that focused on sales, rather than legal eligibility criteria, Ms. Diaz Toscano suffered severe economic injuries.

## VI.    CLASS ACTION ALLEGATIONS

6.1 Plaintiff brings this action individually and on behalf of a Nationwide Master Class and State subclasses pursuant to Federal Rules of Civil procedure 23(a), 23(b)(2) and 23(b)(3).

### A.  Class Definitions

6.2 Plaintiff seeks certification of the following Master Class and subclasses:

a. THE NATIONWIDE MASTER CLASS: All individuals residing in the United who, during the period from four years prior to the filing of this complaint, through the date of class certification (the "Class Period"), retained the Lozano Firm and paid fees for the processing of any humanitarian immigration benefit

COMPLAINT - 19

**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

(including VAWA, T-visa, or U-Visa applications).

      b. The WASHINGTON STATE SUBCLASS: All members of the Nationwide Master Class who retained Defendants within the State of Washington, or whose deceptive contracts and transactions flowed from operational decisions executed at Defendants' corporate headquarters in Tukwila, Washington.

6.3 Excluded from the Class and Subclass are the Defendants; any entities in which Defendants have a controlling interest; the Defendants' legal representatives, heirs, successors, and assigns; and any judge to whom this case is assigned, including their immediate judicial staff.

**B.  Rule 23(a) Prerequisites**

6.4 Numerosity (Fed. R. Civ. P. 23(a)(1)): the members of the Nationwide Master Class and Subclass are so numerous that joinder of all members is impracticable. Per Ms. Lozano's own advertising on social media, her immigration practice involved "thousands and thousands and thousands and thousands" of cases. Further, Ms. Lozano had several offices throughout the United States. Therefore, the proposed class encompasses thousands of geographically dispersed consumers across the United States

6.5 Commonality (Fed. R. Civ. P. 23(a)(2)): There are numerous, uniform questions of law and fact that are common to the claims of plaintiff and the classes, which predominate over any questions affecting only individual members. The common questions include:

      a. whether Defendants operated an association-in-fact Civil RICO enterprise designed to extract fees through a pattern of mail and wire fraud;

      b. whether the corporate and licensing architecture was engineered to systematically replace individual attorney review with non-attorney sales processing;

COMPLAINT - 20

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

c. whether Defendants' social media marketing campaigns systematically misrepresented federal statutory eligibility standards.

6.6 Adjudication of liability and remedies will rely exclusively on common, standardized corporate proof that is completely uniform across the entire class. This common proof includes: the unified social media marketing corpus, the standardized training scripts, the electronic logs of automated signature stamps, the structured commission and quota records for intake staff, the centralized offshore drafting protocols. Because the primary remedy is system-wide fee forfeiture for uniform breach of loyalty, no individualized inquiry into individual petition merits or immigration outcomes is required.

6.7 Typicality (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are entirely typical of the claims of the members of the Master Class and Subclass. Plaintiff and all class members were subjected to the exact same industrialized assembly line, targeted by the same deceptive social media funnel, routed through the same non-attorneys salespeople, subjected to the same narrative fabrication protocols, and suffered identical economic injuries consisting of loss of legal fees and severe immigration exposure.

6.8 Adequacy of Representation (Fed. R. Civ.P.23(a)(4)): Plaintiff will fairly and adequately protect and represent the interests of the Master Class and the Subclass. Plaintiff has no interests that are antagonistic to or conflict with those of the class. Furthermore, Plaintiff has retained counsel who are highly experienced in complex class action litigation and removal defense.

**C. Rule 23(b) Pleading Criteria.**

6.9. Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)): A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The

COMPLAINT - 21

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

central legal and factual questions surrounding Defendants' corporate architecture, specifically the absolute failure to provide licensed attorney review and the systematic execution of signatures under penalty of perjury without client contact, predominate over any individual variations.

6.10.   Because the primary damages theory relies upon equitable fee forfeiture for uniform breach of the duty of loyalty, the Court is removed from examining individual case outcomes, creating an unassailable foundation for class certification. Joinder is impossible, and the separate actions would create severe risk on inconsistent and contradictory adjudications.

### D. Statute of Limitations and Fraudulent Concealment Equitable Tolling

6.11.  Any applicable statute of limitations has been conclusively tolled by operation of the doctrine of fraudulent concealment.

6.12   Defendants actively affirmatively and continuously concealed the true nature of their non-attorney assembly line practices.

6.13 Plaintiff and class members could not have discovered the underlying fraud trough the exercise of reasonable diligence because Defendants maintained control over the physical files and individual consumers do not understand the complexities of immigration law.

### VII.        LEGAL COUNTS AND CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) (18 U.S.C. §§ 1962 (a)-(d))
### Against All Defendants

7.1.   Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs of this complaint as is fully set forth herein.

COMPLAINT - 22

**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

7.2. Defendants, through their executive leadership, corporate ownership, and employment actions, knowingly, willfully and intentionally conspired, combined and agreed together with each other to violate 18 U.S.C. Section 1962(c).

7.3. Each Defendant explicitly agreed to the overall structure of the racketeering conspiracy and knew that the success of the multimillion-dollar immigration mill depended on entirely upon the coordinated commission of federal wire fraud and mail fraud:

a. Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, is an enterprise engaged in and whose activities affect interstate commerce, including but not limited to its operation of offices in multiple states, its efforts to market to clients or potential clients in multiple states, and its representation of clients in immigration-related proceedings before agencies, tribunals, and courts in multiple states.

b. Defendant En Solidaridad, LLC, is an enterprise engaged in and whose activities affect interstate commerce, including but not limited to purported, but illusory, "evaluations" of clients in immigration-related proceedings before agencies, tribunals, and courts sited in multiple states.

c. Defendant Salud Total, LLC, is an enterprise engaged in and whose activities affect interstate commerce, including but not limited to purported, but illusory, "evaluations" of clients in immigration-related proceedings before agencies, tribunals, and courts sited in multiple states.

d. Defendants Amiga Lawyers, LLC, and Ally Lozano, LLC, are enterprises whose activities affect interstate commerce,  and which engaged in activities, including but not limited to, efforts to train and/or coordinate with third parties in multiple states

COMPLAINT - 23

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

on means, methods, and practices to engage in the same types of unlawful activities as described in this Complaint.

7.4. In furtherance of the conspiracy, the individual Defendants executed clear operational tasks:

a.   Defendants filed immigration paperwork which they knew or should have known was invalid, insufficient, or improper; filed baseless immigration paperwork; participated in a scheme to falsify psychiatric and medical evaluations in immigration proceedings; trained or instructed other individuals and entities in how to engage in the same bad acts as alleged herein; and filed paperwork in immigration proceedings with fraudulent, forged, or otherwise improper applicant signatures.

b.   Defendants devised and participated in a scheme to defraud clients or potential clients through acceptance of payment for services they knew or should have known they would not provide, and through acceptance of payment for services they knew or should have known they would perform inadequately or ineffectively. Defendants schemed to file false or fraudulent immigration documents with improperly affixed signatures through the mail, and used the United States mail and/or private interstate carriers in carrying out their schemes. Defendants engaged in the scheme with the intent to defraud clients or potential clients.

c.    Defendants designed and carried out a scheme to defraud current and prospective clients out of money, acting with intent to defraud. The scheme included taking payment for services they knew or should have known they would not provide, taking payment for services they knew or should have known they would perform inadequately or

COMPLAINT - 24

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

ineffectively, filing false or fraudulent immigration documents, training or instructing third parties to do the same, and running deceptive and misleading marketing online, including on TikTok, YouTube, and the Lozano Firm's website, using interstate wire communications. Defendants engaged in the scheme with the intent to defraud clients or potential clients. It was reasonably foreseeable that interstate wire communications would be used in the scheme.

7.5 As a direct and proximate result of the Defendants' racketeering conspiracy, Plaintiff and the members of the National Master Class suffered severe financial and proprietary injuries within the meaning of 18 U.S.C. Section 1962(c).

## COUNT 2
## BREACH OF FIDUCIARY DUTY
**Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC**

7.6     Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs of this complaint as is fully set forth herein.

7.7 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, owed fiduciary duties to Plaintiff and the Class as their attorney.

7.8 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, breached their fiduciary duties to Plaintiff and the Class through acts including:

COMPLAINT - 25

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

a. Failing to disclose known costs and fees associated with representation upfront and, instead, engaging in "bait and switch" tactics;

b. Using electronic signatures on client documents even where they knew or should have known that such signatures were not permitted;

c. Engaging in acts, across representations, which they knew or should have known would cause Plaintiff and the Class to face increased scrutiny from immigration officials during and after the representation; and,

d. Failing to advise Plaintiffs regarding the potential increased scrutiny they may face from immigration authorities during and following representation by Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, including the potential of additional interviews with immigration officials and detention.

7.9 Plaintiffs suffered harms, including financial harm, as a direct and proximate result of the breaches by Defendants. Under long standing Washington State law an attorney or law firm that engages in a clear and serious violation of the duty of loyalty is subject to the equitable remedy of complete fee forfeiture and disgorgement.

7.10 Because this breach was built into the Lozano firm's foundational workflows, was executed in bad faith, and placed thousands of clients at risk of severe administrative fraud penalties, Plaintiff and the Class are entitled to an equitable order compelling the complete forfeiture, disgorgement and restitution of all fees collected by Defendants during the Class

COMPLAINT - 26

**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Period, without offset for the purported value of any services rendered, and without requiring individual proof of harm.

## COUNT 3
### VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86 et seq.
### Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC

7.11 Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs of this complaint as is fully set forth herein.

7.12 Defendants engaged in numerous unfair, deceptive and unconscionable acts and practices including:

a.    Representing that their industrialized assembly line constituted a legitimate, individualized law practice under attorney supervision, actively misrepresenting federal statutory eligibility criteria across public social media platforms to induce ineligible consumers to execute contracts utilizing the deceptive consultation protocol to actively mislead consumers into believing an attorney had vetted their file; and taking unconscionable advantage of the lack of education, and language barriers of monolingual immigrants to extract thousands of dollars for non-viable unreviewed legal filings.

b.    Use of the phrase "abogada de los milagros" ("attorney of miracles") in marketing materials in a manner which, particularly when combined with imagery of the Virgen de Guadalupe, inaccurately portrayed Defendant Alexandra Lozano as capable of literally performing miracles.

COMPLAINT - 27

**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

7.13 Defendants' actions took place in trade or commerce. Specifically, Defendants' actions were part of their entrepreneurial efforts to market their legal services in Washington and other states. Defendants' unfair and deceptive acts and practices were undertaken for entrepreneurial purposes and were not related to the case strategy nor the legal representation of any particular client.

7.14 Plaintiff and the Washington Subclass were injured in their property, including but not limited to the costs and fees paid to the Defendants' and costs incurred at the direction of Defendants. Plaintiff's and the Washington Subclass' injuries were proximately caused by Defendants' unfair and deceptive acts or practices.

7.15 For the avoidance of doubt, the unfair and deceptive acts challenged under this Court do not concern core legal advice, privileged strategic decisions or standard attorney malpractice.

7.16. Instead, this claim is strictly limited to the purely commercial, entrepreneurial and administrative aspects of Defendant's operation, specifically mass-market social media broadcasts, high pressure sales intake procedures and mechanized signature logistics.

7.17 Under RCW 19.86, Plaintiff and the Washington Subclass are entitled to recover reasonable attorney fees and class-wide treble damages.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maria Guadalupe Diaz Toscano, individually and on behalf of all others similarly situated, respectfully request that this Cort enter judgment in her favor and against the Defendants, granting the following comprehensive relief:

1. An Order certifying the Nationwide Master Class and the Washington Subclass under

COMPLAINT - 28

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Federal Rule of Civil Procedure 23, designating Plaintiff as Class Representative, and appointing undersigned counsel as Class Counsel;

2. An Order entered under Civil RICO (18.U.S.C. Section 1964(c)) awarding Plaintiff and the Nationwide Master Class **threefold (treble) their actual economic damages,** along with all costs of suit and reasonable attorney fees;

3. An Order compelling complete fee forfeiture, disgorgement and restitution of every dollar collected by Defendants from class members during the Class Period under equitable breach of fiduciary duty, without offset or reduction.

4. An order awarding class wide treble damages and statutory penalties under the Washington consumer Protection Act, along with all costs of suit and reasonable attorney fees, for Defendants' intentional deceptive trade practices;

5. Award pre-judgment and post-judgment interest to Plaintiff and Class members, as provided by law; and

6. Grant such other and further relief as this Court deems necessary.

**Jury Demand**

Plaintiff Maria Guadalupe Diaz Toscano individually and on behalf of all other similarly situated, hereby demands a trial by jury on all counts and issues so triable as a matter of right.

DATED this 15h day of June, 2026.

MENDEZ LAW GROUP, PLLC

Damian S. Mendez, WSBA #36157

COMPLAINT - 29

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

RIOS IMMIGRATION DEFENSE, P.S.

___/s/ Manuel F. Rios, III_____
Manuel F. Rios, III WSBA#27279
Attorneys for Plaintiff

COMPLAINT - 30

MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax