THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

| | |
|---|---|
| MARIA GUADALUPE DIAZ TOSCANO, individually and as class representative,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDRA LOZANO KENNEDY, *et al.*,<br><br>Defendants. | No. 2:26-cv-02088-RSM<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT IN PART**<br><br>**NOTING DATE: SEPTEMPER 14, 2026**<br><br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION AND RELIEF REQUESTED

Defendants Alexandra Lozano Kennedy; La Luz Del Camino Legal, PLLC, f/k/a Alexandra Lozano Immigration Law PLLC; Salud Total, LLC; Amiga Lawyers, LLC; and Ally Lozano, LLC ("Defendants")[1] move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint's civil RICO claim (Count I) in part, its Washington Consumer Protection Act ("CPA") claim (Count III) in part, and Count I as against Defendants Amiga Lawyers, LLC and Ally Lozano, LLC. The civil RICO and CPA claims each fail in substantial

[1] Defendant En Solidaridad is not represented by undersigned counsel and is therefore not a party to this motion.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

part, and Defendants Amiga Lawyers, LLC and Ally Lozano, LLC are dissolved entities that were no longer amenable to suit when Plaintiff filed the Complaint.[2]

First, the RICO claim fails as to the non-Firm entity Defendants and as to any theory under §§ 1962(a) or (b). The § 1962(c) claim fails as to Salud Total, Amiga Lawyers, and Ally Lozano, which the Complaint does not allege operated or managed any enterprise and against which no predicate act is pleaded with the particularity Rule 9(b) requires. The § 1962(d) conspiracy claim rests on conclusory allegations of agreement. And to the extent Count I invokes § 1962(a) or (b),[3] the Complaint pleads no facts supporting those subsections and no injury distinct from the predicate acts.

Second, the CPA claim fails in substantial part. The CPA does not reach the competence or substance of legal representation, which exempts the Complaint's allegations about unreviewed filings, the absence of attorney supervision, and whether an attorney had vetted a client's file; and the "abogada de los milagros" marketing is non-actionable puffery.

Finally, Amiga Lawyers, LLC and Ally Lozano, LLC cannot be sued at all. Amiga Lawyers, LLC and Ally Lozano, LLC are dissolved Washington limited liability companies, and the three-year window to sue them under RCW 25.15.309 closed before this action was filed.

## II. <u>STATEMENT OF RELEVANT FACTS & BACKGROUND</u>

Solely for purposes of this motion, Defendants accept the Complaint's factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants dispute those allegations and reserve all rights. The allegations material to this motion are as follows.

---

[2] Defendants made similar arguments in a motion to dismiss in part filed recently in a related case before this Court. *See* Defs.' Mot. to Dismiss First Am. Compl. in Part, *Mejia Sanchez v. Lozano Kennedy*, No. 2:26-cv-01587-RSM (W.D. Wash. Aug. 10, 2026), ECF No. 28.

[3] The caption of Count I invokes "18 U.S.C. §§ 1962(a)-(d)" but the Complaint's jurisdictional statement and operative allegations invoke only subsections (c) and (d) (*Id.* ¶¶ 3.1, 7.2, 7.5), and the Complaint alleges no facts supporting a claim under either subsection (a) or (b).



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

**A. The Parties and the Claims.**

The Complaint names Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, f/k/a Alexandra Lozano Immigration Law, PLLC (the "Firm"); and four entities—En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; and Ally Lozano, LLC—as Defendants. (Compl. ¶¶ 4.4–4.8.) It acknowledges that Amiga Lawyers is a "voluntarily dissolved" limited liability company. (*Id.* ¶ 4.8.) Plaintiff Maria Guadalupe Diaz Toscano is a former client of the Firm who sues individually and on behalf of a putative nationwide class and Washington subclass. (*Id.* ¶¶ 4.1, 6.1–6.2.) The Complaint asserts three claims: civil RICO under 18 U.S.C. § 1962(c) and (d) against all Defendants (*Id.* ¶¶ 3.1, 7.1–7.5); breach of fiduciary duty against Ms. Lozano and the Firm (*Id.* ¶¶ 7.6–7.10); and a CPA claim against Ms. Lozano and the Firm (*Id.* ¶¶ 7.11–7.17).

**B. The Named Plaintiff's Timeline.**

The Complaint alleges that, in approximately June 2021, Ms. Diaz Toscano saw one of Ms. Lozano's social-media videos, leading her to make an appointment for an intake consultation. (*Id.* ¶¶ 5.8, 5.10.) Before contacting the Firm, she had already been told "by reputable immigration attorneys" that she was subject to the "permanent bar" and was ineligible to adjust status because of her prior removals and unlawful reentries. (*Id.* ¶ 5.10.) She attended an intake consultation on July 22, 2021, where she met a salesperson—not Ms. Lozano or any attorney—and that same day signed a $10,035 flat-fee contract and paid filing fees. (*Id.* ¶¶ 5.10–5.12.) On August 4, 2021, she went to a meeting at the Firm where she gave a statement about her marital problems and immigration history. (*Id.* ¶ 5.14.) She "was instructed to sign various documents but was not advised what the documents were," which



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

were in English and which she did not understand. (*Id.*) The Firm submitted her application packet on November 9, 2021. (*Id.* ¶ 5.15.)[4]

On July 24, 2025, an attorney from the Firm attended Ms. Diaz Toscano's adjustment-of-status interview with USCIS. (*Id.* ¶ 5.17.) On August 5, 2025, USCIS denied her applications, finding her inadmissible under the permanent-bar provisions prior immigration attorneys had flagged. (*Id.* ¶ 5.18.) USCIS served a Notice to Appear on March 3, 2026 (*Id.* ¶ 5.20), and Ms. Diaz Toscano retained new counsel and terminated the Firm on May 6, 2026 (*Id.* ¶ 5.23). She filed this action on June 15, 2026.

## III. EVIDENCE RELIED UPON

Defendants rely on the filings in this case, including the Complaint, and attached Exhibits A and B, which contain certificates of dissolution filed by Amiga Lawyers, LLC and Ally Lozano, LLC. This Court may take judicial notice of these public record exhibits without converting this motion into a motion for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. ARGUMENT AND AUTHORITY

### A. Legal Standard.

To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor but is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

[4] The Complaint defines the putative class as those who retained the Firm "during the period from four years prior to the filing of this complaint" (Compl. ¶ 6.2(a))—that is, on or after June 15, 2022. By the Complaint's own allegations, the named Plaintiff retained the Firm on July 22, 2021 (Id. ¶¶ 5.10–5.12), and therefore falls outside the class she seeks to represent.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and legal conclusions cast as factual allegations, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678. In ruling on the motion, the court may consider the complaint, documents on which it necessarily relies, and matters subject to judicial notice, without converting the motion into one for summary judgment. *See Ritchie*, 342 F.3d at 908.

Claims sounding in fraud—including a civil RICO claim predicated on fraud—must also satisfy Rule 9(b), which creates a heightened pleading standard for fraud claims and requires the circumstances constituting fraud to be stated with particularity, including the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations" and the role of each defendant. Fed. R. Civ. P. 9(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004) (Rule 9(b)'s particularity requirement "applies to civil RICO claims"); *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) ("To comply with Rule 9(b), the allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong" (internal quotation marks omitted)).

**B. The Civil RICO Claim (Count I) Fails in Part.**

The RICO claim fails on the pleadings for several independent reasons. A civil RICO plaintiff must plead a substantive violation of § 1962 and a resulting injury to "business or property." 18 U.S.C. § 1964(c); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). As shown below, the § 1962(c) claim fails as to the non-Firm entity Defendants—Salud Total, Amiga Lawyers, and Ally Lozano—which the Complaint does not allege operated or managed any enterprise; and against which no predicate act is pleaded with the particularity Rule 9(b) requires. The § 1962(d) conspiracy claim fails for lack of a plausibly alleged agreement. And to the extent Count I's caption also invokes § 1962(a) and (b), those subsections are unpleaded. *See supra* n.2.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

**1. The § 1962(c) claim fails as to the non-Firm entity Defendants.**

*a. No operation or management by the entity the non-Firm entity Defendants.*

Section 1962(c) reaches only those who "participate in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). Although it can extend to lower-rung participants who help operate the enterprise under the direction of others, *id.* at 184, it does not reach a defendant who merely provides services to the enterprise: "[s]imply performing services for the enterprise does not rise to the level of direction, whether one is 'inside' or 'outside' the enterprise." *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008). Measured against that standard, the Complaint does not allege that Salud Total, Amiga Lawyers, or Ally Lozano conducted or directed the enterprise's affairs. It alleges only that Salud Total performed illusory "evaluations" of clients and that Amiga Lawyers and Ally Lozano "train[ed] and/or coordinat[ed]" third parties (Compl. ¶ 7.3(c)–(d))—discrete functions performed for the alleged enterprise, not the operation or management of the enterprise itself. The Complaint's list of "operational tasks" (*Id.* ¶ 7.4) does not fill that gap. Those "tasks" are pleaded as acts "in furtherance of the conspiracy" and attributed to "Defendants" collectively—filing paperwork, carrying out the fraud scheme, and marketing (*Id.* ¶ 7.4(a)–(c))—and nowhere does the Complaint allege facts showing that any particular entity Defendant had "some part in directing [the enterprise's] affairs," as opposed to performing services for it. *Walter*, 538 F.3d at 1249.

*b. The fraud predicates are not pleaded with particularity.*

The § 1962(c) claim rests on mail and wire fraud predicates, which must be pleaded with particularity under Rule 9(b). *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007) (en banc); *Edwards*, 356 F.3d at 1066. As to Salud Total, Amiga Lawyers, and Ally Lozano, the Complaint pleads no predicate act with particularity at all. It alleges only that "Defendants" collectively "filed immigration paperwork which they knew or should have known was



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

invalid," "devised and participated in a scheme to defraud," and "used the United States mail and/or private interstate carriers" (Compl. ¶ 7.4(a)–(c))—without identifying which of them made any specific false statement, when, to whom, or by what means. Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations," *Swartz*, 476 F.3d at 764–65 (internal alterations and quotation marks omitted), and the "knew or should have known" pleading is incompatible with the intent-to-defraud that mail and wire fraud require.

**2. The § 1962(d) conspiracy claim fails.**

A RICO conspiracy claim requires facts showing that each defendant "was aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993). The Complaint pleads no such facts. Its agreement allegations are bare legal conclusions—that Defendants "knowingly, willfully and intentionally conspired, combined and agreed . . . to violate 18 U.S.C. Section 1962(c)" and that "[e]ach Defendant explicitly agreed to the overall structure of the racketeering conspiracy" (Compl. ¶¶ 7.2–7.3)—precisely the "[t]hreadbare recital[]" of an element that *Iqbal* does not permit. *Iqbal*, 556 U.S. at 678. The Complaint alleges no facts showing when, how, or on what terms any Defendant—let alone each of them—agreed to join a racketeering scheme, and a § 1962(d) claim cannot rest on the conclusory assertion that everyone "agreed." *See Baumer*, 8 F.3d at 1346. And as to each Defendant for whom the substantive § 1962(c) claim fails, the § 1962(d) claim fails with it: a § 1962(d) conspiracy cannot be entertained where the underlying § 1962(c) claim states no action upon which relief could ever be granted. *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (citation omitted); *accord Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010) (§ 1962(d) claim could not proceed where plaintiffs failed to adequately plead a substantive RICO violation).



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

**3. Any § 1962(a) or (b) claim is unpleaded and fails for lack of a distinct injury.**

Although the caption of Count I invokes "18 U.S.C. §§ 1962(a)-(d)," the Complaint's jurisdictional statement and operative allegations invoke only subsections (c) and (d) (Compl. ¶¶ 3.1, 7.2, 7.5), and the Complaint alleges no facts supporting a claim under either subsection (a) or (b). Section 1962(a) prohibits using or investing income derived from a pattern of racketeering to acquire, establish, or operate an enterprise; § 1962(b) prohibits acquiring or maintaining, through a pattern of racketeering, an interest in or control of an enterprise. A plaintiff proceeding under either subsection must plead an injury flowing from *the use or investment* of racketeering income (for subsection (a)) or from *the acquisition or control of the enterprise* (for subsection (b)) that is distinct from the injury caused by the predicate acts themselves. *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir. 1992); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008); *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (en banc). The Complaint pleads only that Plaintiff paid fees for deficient representation (Compl. ¶¶ 4.3, 5.12)—the classic predicate-act injury—and identifies no separate injury from any investment of racketeering income or from the acquisition or control of an enterprise. Any claim under § 1962(a) or (b) therefore fails.

**C. The CPA Claim (Count III) Fails In Substantial Part.**

To state a claim under Washington's CPA, a plaintiff must plead five elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that affects the public interest, (4) injury to the plaintiff's business or property, and (5) a causal link between the act and the injury. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986). An act or practice is "deceptive" under the first element if it has the capacity to deceive a substantial portion of the public. *Id.* at 785; *see also Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wash. 2d 133, 150, 930 P.2d 288, 297 (1997)



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

(“whether . . . conduct constitutes an unfair or deceptive act can be decided by [a] court as a question of law.”). The absence of any one element defeats the claim. *Larson v. Snohomish Cnty.*, 20 Wash. App. 2d 243, 275, 499 P.3d 957, 976 (2021) (citing *Hangman Ridge*, 105 Wn.2d at 784). Count III is pleaded only against Ms. Lozano and the Firm. (Compl. ¶¶ 7.11–7.17.) Two categories of its allegations cannot support the claim: those concerning the substance of the legal representation, which the CPA does not reach, and the marketing allegations, which plead no “deceptive act” under the first element.

The CPA reaches only the “entrepreneurial aspects” of the practice of law, not the competence or substance of legal representation. *Short v. Demopolis*, 103 Wn.2d 52, 61, 691 P.2d 163 (1984). “[C]laims which purely allege negligence or legal malpractice are exempt from the CPA and [are] properly dismissed under CR 12(b)(6).” *Id.* at 66; *accord Ramos v. Arnold*, 141 Wn. App. 11, 20, 169 P.3d 482 (2007) (“Claims directed at the competence of and strategies employed by a professional amount to allegations of negligence and are exempt from the Consumer Protection Act.”). To the extent the CPA count attacks the competence or substance of the legal work itself—that Defendants prepared “non-viable[,] unreviewed legal filings” (Compl. ¶ 7.12(a))—it alleges legal malpractice and is exempt from the CPA under *Short*. The same is true of the count’s allegations that Defendants represented their practice to be “a legitimate, individualized law practice under attorney supervision” and used a “deceptive consultation protocol” to mislead consumers “into believing an attorney had vetted their file” (Compl. ¶ 7.12(a)). Whether an attorney reviewed a client’s file, and whether the work was performed under attorney supervision, go to the substance of the legal representation rather than to the entrepreneurial aspects of the practice, and are exempt for the same reason.

Allegations relating to Defendants’ marketing likewise fail to state a claim. The “abogada de los milagros” (“attorney of miracles”) phrase, particularly paired with imagery of the *Virgen de Guadalupe* (Compl. ¶ 7.12(b)), is non-actionable puffery. Under the CPA, “subjective, unverifiable claims about a product or service are ‘mere puffery’ and cannot give



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

rise to a false advertising claim," *Sauk-Suiattle Indian Tribe v. City of Seattle*, 25 Wn. App. 2d 741, 749, 525 P.3d 238 (2023); *State v. Living Essentials, LLC*, 8 Wn. App. 2d 1, 26, 436 P.3d 857 (2019) ("mere puffery" consists of "vague or highly subjective claims . . . incapable of being substantiated" (alterations omitted)). No reasonable consumer would understand a promise of "miracles," paired with religious imagery, as a literal representation of fact. Such messaging lacks the capacity to deceive a substantial portion of the public and is therefore not a "deceptive act"—so it cannot satisfy the first element of a CPA claim. *See Hangman Ridge*, 105 Wn.2d at 785. The CPA claim should accordingly be dismissed to the extent it rests on the practice-of-law allegations and on the "abogada de los milagros" marketing.

### D. The Claim Against Amiga Lawyers, LLC and Ally Lozano LLC Is Barred by the LLC Survival Statute, RCW 25.15.309.

Two of the entity Defendants—Amiga Lawyers, LLC and Ally Lozano, LLC—cannot be sued at all, because each is a dissolved Washington limited liability company and the three-year statutory window for suing them closed before this action was filed. This is a threshold, defendant-specific bar that disposes of the claim asserted against these two Defendants (Count I), independent of the merits.

For an entity that is not a corporation, its capacity to be sued is determined, "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). This Court sits in Washington, and Amiga and Ally were Washington LLCs (Compl. ¶¶ 3.4, 4.8), so Washington law governs whether they may be sued.

RCW 25.15.309 bars claims brought more than three years after an LLC files its certificate of dissolution. At common law, a dissolved entity ceased to exist and could not be sued; the right to sue a dissolved entity exists only as created by legislative intervention. *See Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co.*, 158 Wn.2d 603, 609, 146 P.3d 914 (2006). For LLCs, the Washington Limited Liability Company Act supplies that limited right and its outer boundary: "A claim against a dissolved limited liability company is barred



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

if the limited liability company has filed a certificate of dissolution under RCW 25.15.269 that has not been revoked … and an action or other proceeding thereon is not commenced within three years after the filing of the certificate of dissolution." RCW 25.15.309(1). The bar applies to every claim—known or unknown, and "whether prior to or after dissolution." RCW 25.15.309(2).

Amiga Lawyers, LLC and Ally Lozano, LLC each filed certificates of dissolution on February 6, 2023 (Exs. A, B)[5] and the Complaint itself alleges that Amiga Lawyers was "voluntarily dissolved" (Compl. ¶ 4.8).[6] The three-year period therefore closed on February 6, 2026. Plaintiffs did not file this action until June 15, 2026, more than four months later. Under RCW 25.15.309(1), the claims against Amiga and Ally are therefore barred.

Any late discovery allegations cannot save claims against these entities. Anticipating Plaintiff's reliance on allegations that they could not have discovered their injuries sooner, those allegations are irrelevant to RCW 25.15.309. The Washington Court of Appeals has held that the materially identical corporate survival statute, RCW 23B.14.340, is a *statute of repose*, not a statute of limitations. *R.N. v. Kiwanis Int'l*, 19 Wn. App. 2d 389, 404, 496 P.3d 748 (2021), *review denied*, 199 Wn.2d 1002 (2022). A statute of repose fixes a period within which the cause of action must accrue, rather than a period running from accrual to the commencement of suit; because RCW 23B.14.340 is such a statute of repose, "the discovery

---

[5] On a Rule 12(b)(6) motion, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The attached certificates of dissolution for Amiga Lawyers, LLC and Ally Lozano, LLC (Exs. A, B) are official records of the Washington Secretary of State, and the fact and date of each entity's dissolution "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Complaint itself alleges that both entities are "voluntarily dissolved" (Compl. ¶¶ 4.6, 4.8); the certificates establish only the effective dates. The Court would take notice of these records not for any disputed fact, but only for their existence and the undisputed dates of dissolution—a proper use of judicial notice. *See Khoja*, 899 F.3d at 999.

[6] The Complaint does not list Ally Lozano, LLC at all in the "Parties" section where it acknowledges that Amiga Lawyers, LLC is voluntarily dissolved.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

rule does not apply and cannot toll the corporate survival period." *Kiwanis Int'l*, 19 Wn. App. 2d at 404. RCW 25.15.309 is the LLC analog of RCW 23B.14.340—it bars any claim not commenced within three years of a fixed triggering date and serves the same purpose—and is likewise a statute of repose that runs from the date the certificate of dissolution is filed, regardless of when a plaintiff discovers the claim. Courts in this District have dismissed claims against dissolved entities on this basis at the pleading stage. *See Clayton v. Air & Liquid Sys. Corp.*, No. C18-0748JLR, 2018 WL 3496634, at *3–*4 (W.D. Wash. July 20, 2018) (granting judgment on the pleadings where suit was filed more than three years after corporate dissolution based on corporate survival statute).

Because the face of the Complaint and the Secretary of State's public dissolution records establish that Amiga and Ally were dissolved more than three years before suit, the claim against them (Count I) should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the civil RICO claim (Count I) as to Defendants Salud Total, LLC, Amiga Lawyers, LLC, and Ally Lozano, LLC; dismiss any claim under § 1962(a) or (b); dismiss the Consumer Protection Act claim (Count III) to the extent set forth above; and dismiss Count I as against Defendants Amiga Lawyers, LLC and Ally Lozano, LLC on the separate ground that they are no longer amenable to suit. Because the RCW 25.15.309 bar cannot be cured by amendment, dismissal of Count I against Amiga Lawyers, LLC and Ally Lozano, LLC should be with prejudice.

/ / /

/ / /

/ / /

/ / /



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

*I certify that this memorandum contains 3,951 words, in compliance with the Local Civil Rules.*

Dated this 17th day of August 2026.

ANGELI & CALFO LLC

By: */s/ Angelo J. Calfo*
Angelo J. Calfo, WSBA #27079
Harold Malkin, WSBA #30986
Tyler S. Weaver, WSBA #29413
Peter D. Hawkes, WSBA # 56794
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810
angelo@angelicalfo.com
harold@angelicalfo.com
tylerw@angelicalfo.com
peter@angelicalfo.com

*Attorneys for Defendants Alexandra Lozano Kennedy, La Luz Del Camino Legal, PLLC, f/k/a Alexandra Lozano Immigration Law PLLC, Salud Total, LLC, Amiga Lawyers LLC, and Ally Lozano LLC*

# EXHIBIT A

WASHINGTON
Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 02/06/2023
Effective Date: 02/06/2023
UBI #: 603 508 098

# Certificate of Dissolution

## BUSINESS INFORMATION

Business Name:
**AMIGA LAWYERS LLC**

UBI Number:
**603 508 098**

Business Type:
**WA LIMITED LIABILITY COMPANY**

Business Status:
**VOLUNTARILY DISSOLVED**

Principal Office Street Address:
**6720 FORT DENT WAY STE 230, TUKWILA, WA, 98188-2589, UNITED STATES**

Principal Office Mailing Address:
**6720 FORT DENT WAY STE 230, TUKWILA, WA, 98188-2589, UNITED STATES**

Expiration Date:
**05/31/2024**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/Registration Date:
**05/19/2015**

Period of Duration:
**PERPETUAL**

Inactive Date:
**02/06/2023**

Nature of Business:
**OTHER SERVICES**

## EFFECTIVE DATE

Effective Date:
**02/06/2023**

## DISSOLUTION ATTESTATION PROVIDED

This LLC is dissolved under RCW 25.15.265.

## RETURN ADDRESS FOR THIS FILING

Attention:
Email:

**JOHNPAUL@KKOSLAWYERS.COM**
Address:

## UPLOAD ADDITIONAL DOCUMENTS

Do you have additional documents to upload? **- No**

## AUTHORIZED PERSON

☐ I am an authorized person.

Person Type:
**INDIVIDUAL**

First Name:
**ALEXANDRA**

Last Name:
**LOZANO**

Title:
**MANAGER**

☑ This document is hereby executed under penalty of law and is to the best of my knowledge, true and correct.

# EXHIBIT B

WASHINGTON
Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 02/06/2023
Effective Date: 02/06/2023
UBI #: 604 264 121

# Certificate of Dissolution

## BUSINESS INFORMATION

Business Name:
**ALLY LOZANO, LLC**

UBI Number:
**604 264 121**

Business Type:
**WA LIMITED LIABILITY COMPANY**

Business Status:
**VOLUNTARILY DISSOLVED**

Principal Office Street Address:
**6720 FORT DENT WAY STE 230, TUKWILA, WA, 98188-2589, UNITED STATES**

Principal Office Mailing Address:
**6720 FORT DENT WAY STE 230, TUKWILA, WA, 98188-2589, UNITED STATES**

Expiration Date:
**03/31/2024**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/Registration Date:
**03/27/2018**

Period of Duration:
**PERPETUAL**

Inactive Date:
**02/06/2023**

Nature of Business:
**ANY LAWFUL PURPOSE**

## EFFECTIVE DATE

Effective Date:
**02/06/2023**

## DISSOLUTION ATTESTATION PROVIDED

This LLC is dissolved under RCW 25.15.265.

## RETURN ADDRESS FOR THIS FILING

Attention:
Email:

**JOHNPAUL@KKOSLAWYERS.COM**
Address:

## UPLOAD ADDITIONAL DOCUMENTS

Do you have additional documents to upload? **- No**

## AUTHORIZED PERSON

☐ I am an authorized person.

Person Type:
**INDIVIDUAL**

First Name:
**ALEXANDRA**

Last Name:
**LOZANO**

Title:
**MANAGER**

☑ This document is hereby executed under penalty of law and is to the best of my knowledge, true and correct.



**Work Order #: 2023020600102733 - 1**
**Received Date: 02/06/2023**
**Amount Received: $40.00**