UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA GUADALUPE DIAZ TOSCANO, individually and as class representative,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDRA LOZANO KENNEDY, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a Washington limited liability company.,<br><br>Defendants. | Case No. 2:26-cv-02088-RSM<br><br>FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND |

## I. SUMMARY STATEMENT

1.1 Plaintiff Maria Guadalupe Diaz Toscano ("Plaintiff" or "Ms. Diaz Toscano"), individually and on behalf of all others similarly situated, brings this Class Action Complaint



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

against Defendants Alexandra Lozano Kennedy ("Ms. Lozano"); La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC (the "Lozano Firm" or "Firm"); En Solidaridad, LLC; and Salud Total, LLC.

1.2 Plaintiff challenges a uniform, standardized, high-volume immigration-services system through which Defendants and other enterprise participants marketed humanitarian immigration relief to vulnerable consumers, routed prospective clients through standardized intake and sales procedures, collected substantial flat fees and add-on charges, processed client information through centralized technology and offshore personnel, and submitted immigration filings and supporting materials to federal authorities.

1.3 The gravamen of this class action is not the professional negligence, technical merits, or ultimate outcome of each class member's immigration matter. The class claims concern the design, sale, financing, administration, and operation of a standardized business architecture; the use of that architecture to obtain and process client funds through alleged mail and wire fraud; the knowing coordination of enterprise participants; a uniform breach of the duty of loyalty; and entrepreneurial practices actionable under Washington's Consumer Protection Act.

1.4 Plaintiff seeks equitable fee forfeiture and disgorgement for the alleged uniform breach of loyalty, treble damages and other relief under civil RICO, and relief under the Washington Consumer Protection Act for entrepreneurial conduct. The common issues are capable of proof through centralized corporate records, policies, technology, scripts, pricing structures, payment records, referral records, and standardized workflows rather than individualized adjudication of whether a particular immigration petition should have been granted.



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

## II. INTRODUCTION AND COMMON BUSINESS ARCHITECTURE

2.1 The Lozano Firm operated from corporate headquarters in Tukwila, Washington and maintained numerous offices across the United States. Its business focused heavily on Spanish-speaking immigrants seeking lawful status through humanitarian immigration benefits including VAWA self-petitions and T-Visas.

2.2 The Firm's September 3, 2026 discovery responses identify centralized technology used during the relevant period, including Salesforce with Litify (and previously MyCase) for case management; Salesforce for customer-relationship management; Microsoft Azure SQL; Google Drive, Salesforce Files, Azure Blob Storage, SharePoint, OneDrive, and Backupify; Google Docs, Azure questionnaires, and in-house Google Apps Scripts for document automation; an in-house sign-up tool for electronic execution of client agreements; Zoom, Five9, Case Status, 360 SMS, and Google Workspace for communications; LawPay (and previously Worldpay) for payments; and Sage Intacct, Vena, and Ramp for accounting.

2.3 The Firm reports that during the relevant period it represented approximately 33,242 VAWA clients and approximately 8,718 T-Visa clients, in addition to thousands of clients seeking other immigration benefits. These volumes required and were processed through standardized business systems, policies, workflows, and technology.

2.4 The Firm has agreed in discovery to produce written policies and procedures, to the extent they exist, concerning client intake, legal consultations, immigration-case evaluation, attorney supervision, document preparation, client communications, quality assurance, file review, attorney involvement in eligibility determinations, review of immigration applications and declarations, and electronic or digital signatures.



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

2.5 Ms. Lozano founded and directed the Firm. From the Firm's founding in 2014 through August 2023, she was its sole owner and manager. In August 2023, Five Star Legacy Trust became the Firm's sole member; Ms. Lozano is the Trust's sole trustee. Defendants' August 7, 2026 corporate disclosure statement for the Firm confirms that Five Star Legacy Trust is the Firm's only member and that Ms. Lozano is the Trust's sole trustee.

2.6 In her September 3, 2026 discovery responses, Ms. Lozano acknowledges involvement in or authority over client-intake scripts, fee structures and pricing, quality-control and standard-operating-procedure projects, meetings setting overall direction, the plan to use foreign employees or contractors, policies governing signatures, and the Firm’s marketing and social-media presence. These were centralized enterprise-level functions rather than isolated decisions in individual client matters.

2.7 Ms. Lozano also formed, owned, managed, or coordinated with related business entities that performed recurring functions within or adjacent to the Firm's high-volume system. Former entities Amiga Lawyers, LLC and Ally Lozano, LLC were used to provide training, mentorship, systems, workflows, and networking to immigration attorneys and law firms. Both were dissolved in February 2023. Their August 7, 2026 corporate disclosures state that formation and/or other relevant documents are no longer available. Ms. Lozano's September 3 discovery response nevertheless states, upon information and belief, that she owned both entities. Plaintiff does not seek affirmative relief against those dissolved entities in this pleading, but their historical conduct and relationships are relevant to the association-in-fact enterprise alleged below.

2.8 Salud Total, LLC is a Wyoming limited liability company formed in 2023. Its August 7, 2026 corporate disclosure certifies that its only member is Five Star Legacy Trust,



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

that Ms. Lozano is the Trust's sole trustee, and that Salud Total's principal place of business is Washington. Salud Total's September 3 discovery responses likewise state that it has been owned by Five Star Legacy Trust since formation and that Ms. Lozano provided its initial capitalization.

2.9 After Defendants moved to dismiss Amiga and Ally on dissolution grounds, defense counsel asked Plaintiff on August 20, 2026 to stay discovery directed to those entities. Plaintiff declined on August 25 because no stay had been entered. On September 3, Amiga and Ally served discovery responses repeatedly asserting that they have no documents of any kind in their possession, custody, or control, including in response to requests concerning formation, ownership, operations, training, contracts, winding up, dissolution, transfers, intellectual property, electronic data, and goodwill. Plaintiff alleges these facts not as a separate claim against the dissolved entities, but because the disappearance or disposition of their records and functions bears on the history and structure of the alleged enterprise and remains the subject of ongoing discovery.

2.10 Salud Total admits that during the relevant period it provided evaluations, assessments, domestic-violence advocate reports, human-trafficking advocate reports, and expert letters. Its evaluation personnel worked virtually in Mexico City, Bogota, and Buenos Aires, while administrative personnel also worked in the United States. The Firm referred thousands of clients to Salud Total.

2.11 Salud Total describes a standardized Firm-referral workflow. The Firm transmitted a prospective client's name and contact information; Salud Total contacted the client; after payment, the client completed an online questionnaire; in most cases an automated tool generated a draft assessment from questionnaire responses; a telephone or



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

videoconference interview was then used to review the assessment; an interviewer approved and signed it; and Salud Total transmitted the completed assessment to the Firm. If the Firm identified factual or typographical issues, it returned the assessment to Salud Total for correction or client confirmation. The completed assessment was then used by the Firm in connection with a pending immigration matter.

2.12 Salud Total reports approximately 2,336 Firm referrals in 2023, 6,919 in 2024, 4,476 in 2025, and 491 through August 2026, with thousands of completed VAWA and T-Visa assessments and millions of dollars collected. These recurring, standardized functions were integrated with the Firm's high-volume client-processing system.

2.13 En Solidaridad, LLC likewise performed evaluation-related functions for Firm clients during an earlier part of the relevant period. Salud Total states that some En Solidaridad personnel later became Salud Total personnel and that a limited number of pending matters remained when En Solidaridad wound down operations.

2.14 The conduct challenged here was not an aggregation of unrelated legal errors. Plaintiff alleges a common business architecture designed to maximize throughput and revenue through standardized marketing, sales intake, fee collection, referrals, document processing, signature procedures, and filing workflows.

## III. JURISDICTION AND VENUE

3.1 This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962(c), and 1962(d).

3.2 This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the proposed class contains more than 100 members, the aggregate



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

amount in controversy exceeds $5,000,000 exclusive of interest and costs, Plaintiff is a citizen of Mexico, and Defendants include citizens of States of the United States. Defendants' August 7 corporate disclosures identify Alexandra Lozano as a citizen of Florida.

3.3 This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the Washington common-law and statutory claims because they arise from the same common nucleus of operative facts as the federal RICO claims.

3.4 Venue is proper in the Western District of Washington under 28 U.S.C. § 1391 because the Firm is a Washington professional limited liability company headquartered in Tukwila, Washington; Salud Total has disclosed that its principal place of business is Washington; and a substantial part of the events and centralized business decisions giving rise to the claims occurred in this District.

**IV. PARTIES**

4.1 Plaintiff Maria Guadalupe Diaz Toscano is a citizen of Mexico and resident of Washington who retained the Lozano Firm for immigration representation and paid the Firm legal fees and related charges.

4.2 Defendant Alexandra Lozano Kennedy is an individual whom Defendants' August 7, 2026 corporate disclosures identify as a citizen of Florida. During the relevant period she founded, owned, managed, and directed the Firm and performed the enterprise-level functions alleged herein. She is the sole trustee of Five Star Legacy Trust, the disclosed sole member of both the Firm and Salud Total.

4.3 Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, is a Washington professional limited liability company with headquarters and principal place of business in Tukwila, Washington. Its August 7, 2026



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

corporate disclosure identifies Five Star Legacy Trust as its only member and Ms. Lozano as the Trust's sole trustee.

4.4 Defendant En Solidaridad, LLC was a Washington limited liability company that performed evaluation-related functions for Firm clients. Its principal place of business was in King County, Washington.

4.5 Defendant Salud Total, LLC is a Wyoming limited liability company with a principal place of business in Washington. It performed standardized evaluations, assessments, and reports for thousands of Firm-referred clients. Its August 7, 2026 corporate disclosure identifies Five Star Legacy Trust as its only member and Ms. Lozano as the Trust's sole trustee.

**V. FACTS CONCERNING PLAINTIFF DIAZ TOSCANO**

5.1 In approximately June 2021, Ms. Diaz Toscano, a monolingual Spanish-speaking immigrant, viewed a TikTok video broadcast by Ms. Lozano over interstate wires. Plaintiff understood the broadcast to convey that the Firm had a pathway to obtain immigration status for people with difficult immigration histories without requiring them to leave the United States.

5.2 Ms. Diaz Toscano had previously been told by immigration attorneys that her immigration history—including prior departures, expedited removal orders, and a later entry without inspection—created a serious permanent-bar problem. The Lozano broadcast caused her to contact the Firm because it represented that the Firm possessed a method capable of overcoming such barriers from within the United States.

5.3 On July 22, 2021, Ms. Diaz Toscano attended an intake consultation at the Firm’s Tukwila office. She did not meet with Ms. Lozano or another attorney. A non-lawyer sales



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

representative heard her immigration history and marital problems and assured her that the Firm could obtain a work permit and lawful permanent residence without requiring her to leave the United States.

5.4 That same day, Plaintiff entered a flat-fee legal-services agreement for $10,035, with a $2,035 down payment, plus approximately $3,177.55 in USCIS filing charges. She later paid the Firm and also paid approximately $1,200 for an evaluation the Firm required in connection with the matter.

5.5 On July 26, 2021, Plaintiff returned to the Tukwila office, made the agreed payments, was fingerprinted, and scheduled a further appointment. The Firm later obtained FBI information confirming her prior immigration apprehensions and expedited removal orders.

5.6 On August 4, 2021, Plaintiff gave the Firm a detailed statement concerning her marital relationship and immigration history. She disclosed her prior entries, departures, and removal history. She was then instructed to sign documents without being given or understanding the full English-language documents to which her signature would later be applied.

5.7 On November 9, 2021, the Firm transmitted by FedEx to the USCIS Vermont Service Center an immigration packet that included a VAWA self-petition, adjustment-of-status application, waiver application, and application for permission to reenter after removal.

5.8 USCIS approved Plaintiff's Form I-360 on January 25, 2025 and issued employment authorization. USCIS later scheduled an adjustment-of-status interview for July 24, 2025, which Plaintiff attended with a Firm attorney.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

5.9 On August 5, 2025, USCIS denied Plaintiff's applications for adjustment of status and related waivers based on, *inter alia,* permanent-bar grounds arising from the same immigration history she had disclosed to the Firm. USCIS also determined that Plaintiff's signature had been copied and placed onto her Form I-485 rather than signed directly on the completed application.

5.10 On March 3, 2026, USCIS served Plaintiff with a Notice to Appear initiating removal proceedings. After receiving the NTA, Plaintiff sought independent legal advice and learned that the permanent-bar problem the Firm had promised to overcome remained a dispositive obstacle to adjustment on the theory the Firm pursued.

5.11 On May 6, 2026, Plaintiff retained new counsel for the removal proceedings and terminated the Firm's representation.

5.12 Plaintiff paid substantial money because of the challenged marketing and standardized intake and sales process. She alleges injury to money and property including legal fees, filing charges, evaluation charges, and additional expenses incurred as a result of the challenged enterprise practices.

## VI. CLASS ACTION ALLEGATIONS

6.1 Plaintiff brings this action under Rules 23(a), 23(b)(2), and 23(b)(3) on behalf of a Nationwide Class and Washington Subclass.

6.2 Subject to refinement after discovery, Plaintiff proposes the following Nationwide Class: all persons in the United States who retained the Lozano Firm and paid fees for processing a humanitarian immigration benefit, including VAWA, T-Visa, or U-Visa relief, during the period in which Defendants operated the challenged standardized business architecture through the date of class certification. Plaintiff will seek, after discovery



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

concerning when the challenged standardized system was implemented and operated, to identify an objective beginning date for the class period. The date a class member retained the Firm or first paid fees does not, by itself, determine when that member's claim accrued or whether the claim is timely.

6.3 Plaintiff proposes a Washington Subclass consisting of members of the Nationwide Class who retained the Firm in Washington or whose challenged transactions arose from the Firm's centralized Washington-based entrepreneurial and enterprise policies.

6.4 Excluded are Defendants; entities in which a Defendant has a controlling interest; Defendants' legal representatives, heirs, successors, and assigns; and the assigned judicial officers and their immediate staff.

6.5 Numerosity is satisfied. The Firm reports tens of thousands of VAWA and T-Visa clients during the relevant period and operated offices in numerous states. Joinder is impracticable.

6.6 Common questions include: (a) whether Ms. Lozano and the Firm conducted the affairs of an association-in-fact enterprise through a pattern of mail and wire fraud; (b) whether enterprise participants knowingly coordinated the standardized marketing, intake, payment, referral, document-processing, evaluation, signature, and filing architecture; (c) whether the Firm's centralized policies and systems were designed and operated to prioritize sales and throughput over the undivided duty of loyalty owed to clients; (d) whether common entrepreneurial practices concerning client acquisition, pricing, fee collection, referral charges, and administrative signature procedures were unfair or deceptive; (e) whether classwide equitable fee forfeiture, disgorgement, restitution, injunctive relief, or other relief is available; and (f) when the challenged standardized business architecture was implemented



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

and whether Defendants' common control of client files, completed filings, signature records, and centralized internal systems delayed reasonable discovery of the challenged practices and resulting injury.

6.7 Common proof includes centralized CRM and case-management data, marketing materials, scripts and training, pricing and compensation policies, payment and accounting records, referral records, document-automation and signature systems, written policies, electronic logs, and standardized evaluation and drafting workflows. These sources do not depend on re-litigating the legal merits of each individual petition and will also permit Plaintiff to identify an objective class-period start date and litigate common issues concerning concealment, discovery, accrual, and tolling.

6.8 Plaintiff's claims are typical because she entered the same centralized marketing and intake system, paid the same categories of fees, was processed through the same business architecture, and suffered economic injury of the same type alleged for class members.

6.9 Plaintiff will fairly and adequately protect the class and has retained counsel experienced in complex litigation and immigration matters.

6.10 Common questions predominate because the liability theories challenged on a class basis concern enterprise design, standardized business practices, centralized systems, and uniform fiduciary obligations rather than whether an individual class member's immigration petition was professionally negligent or ultimately meritorious. Class adjudication is superior to thousands of repetitive proceedings addressing the same centralized proof.



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

6.11 Plaintiff also seeks appropriate injunctive or declaratory relief for conduct and systems applicable generally to the class to the extent such relief remains available and appropriate.

**VII. FRAUDULENT CONCEALMENT, DISCOVERY, AND TOLLING**

7.1 Plaintiff pleads delayed accrual, fraudulent concealment, and equitable tolling to the extent any claim would otherwise be considered untimely. Accrual, equitable tolling and timeliness depend on the governing law and when the plaintiff knew or reasonably should have known of the relevant injury.

7.2 Defendants and enterprise participants controlled the client files, internal policies, scripts, CRM records, document-automation systems, signature records, referral records, and internal communications necessary for a consumer to understand how the challenged system actually operated.

7.3 Plaintiff disclosed her immigration history to the Firm but was not provided a meaningful opportunity in her own language to review the completed filings submitted in her name. She was not told that her signature would be copied onto a completed Form I-485 that she had not signed directly after reviewing its contents.

7.4 Plaintiff did not learn that USCIS viewed the permanent-bar problem and copied signature as defects in the filed application until the August 5, 2025 denial. She did not learn the full consequences of the Firm's filing and the resulting removal exposure until USCIS served the March 3, 2026 NTA and she thereafter obtained independent legal advice.

7.5 Class members could not reasonably discover enterprise-level practices hidden in Defendants' centralized records merely by receiving routine client communications. Plaintiff alleges that the limitations periods applicable to class claims were tolled during the period in



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

which Defendants' concealment prevented reasonable discovery of the challenged practices and resulting injury. Plaintiff further alleges that the common nature of Defendants' centralized systems, document-control practices, signature procedures, and client communications presents issues of concealment and reasonable discovery capable of common proof, subject to refinement after discovery.

7.6 Plaintiff's tolling allegations concern the accrual and timeliness of Plaintiff's and class members' substantive claims, including civil RICO. Plaintiff does not allege that federal RICO accrual principles, standing alone, determine whether Washington's separate LLC survival statute, RCW 25.15.309, is subject to tolling. Plaintiff does not seek affirmative relief against Amiga Lawyers, LLC or Ally Lozano, LLC in this First Amended Complaint.

## VIII. CLAIMS FOR RELIEF

### COUNT I - CIVIL RICO, 18 U.S.C. § 1962(c)

### Against Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC

8.1 Plaintiff incorporates the preceding allegations.

8.2 The 'Lozano Enterprise' is an association-in-fact enterprise within 18 U.S.C. § 1961(4). During the relevant period its participants included Ms. Lozano, the Firm, evaluation entities including En Solidaridad and Salud Total, former training/network entities including Amiga Lawyers and Ally Lozano, domestic and offshore personnel implementing centralized workflows, and other persons acting together through the relationships alleged herein. Defendants' own Rule 7.1 disclosures identify Five Star Legacy Trust as the sole member of both the Firm and Salud Total and Ms. Lozano as the Trust's sole trustee, further confirming common ownership and relationship among core enterprise participants.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

8.3 The Enterprise had a common purpose: to generate and maximize revenue by marketing, selling, processing, and filing high-volume humanitarian immigration matters through a standardized architecture. The participants had ongoing relationships and recurring functions, and the Enterprise possessed sufficient longevity to pursue that purpose over multiple years.

8.4 The Enterprise is distinct from Ms. Lozano and the Firm as RICO persons. Ms. Lozano and the Firm were associated with the Enterprise and participated, directly or indirectly, in the conduct of its affairs.

8.5 Ms. Lozano participated in operation and management by designing and directing enterprise-level policies and systems concerning marketing, client-intake scripts, pricing and fees, offshore staffing, signatures, quality-control projects, and overall direction. The Firm participated in operation and management through the centralized infrastructure for intake, client retention, billing and payment, case management, document automation, signatures, communications, referrals, and transmission of immigration filings.

8.6 Ms. Lozano and the Firm conducted or participated in the Enterprise's affairs through a pattern of racketeering activity that included mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343.

8.7 Representative wire-fraud acts involving Plaintiff include the approximately June 2021 interstate TikTok broadcast attributed to Ms. Lozano that conveyed materially misleading assurances concerning the Firm's ability to obtain humanitarian immigration benefits for consumers with severe immigration barriers; the July 2021 interstate telephone and electronic communications used to route Plaintiff into the Firm's intake and payment system; and the electronic processing of fees and client information through the Firm's



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

centralized systems. These communications were used to induce Plaintiff to retain and pay the Firm and to advance the alleged scheme.

8.8 A representative mail-fraud act occurred on or about November 9, 2021, when the Firm transmitted Plaintiff's immigration packet by FedEx from the Firm to the USCIS Vermont Service Center. The packet was submitted in furtherance of the fee-generating scheme and included a Form I-485 on which USCIS later determined Plaintiff's signature had been copied and placed rather than signed directly on the completed application.

8.9 The alleged mail and wire acts were related because they shared a common purpose, participants, victims, methods, and economic objective. They were not isolated events. The Firm processed tens of thousands of humanitarian matters through centralized systems over multiple years, creating both closed- and open-ended continuity sufficient to constitute a pattern.

8.10 As a direct and proximate result of the alleged pattern and the conduct of the Enterprise, Plaintiff and class members suffered injury to business or property, including payment and loss of legal fees and related charges obtained through the challenged scheme. Plaintiff seeks the remedies authorized by 18 U.S.C. § 1964(c).

**COUNT II - CONSPIRACY TO VIOLATE CIVIL RICO, 18 U.S.C. § 1962(d)**

**Against Alexandra Lozano Kennedy, La Luz del Camino Legal, PLLC, En Solidaridad, LLC, and Salud Total, LLC**

8.11 Plaintiff incorporates the preceding allegations.

8.12 The alleged participants were aware of the essential nature and scope of the Enterprise and knowingly agreed, expressly or by coordinated conduct, to facilitate the Enterprise's operation and the mail- and wire-based fee-generating scheme.



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

8.13 Ms. Lozano designed, authorized, and directed centralized enterprise policies. The Firm implemented marketing, intake, payment, client-processing, document, signature, referral, and filing systems. En Solidaridad and Salud Total performed recurring evaluation functions for Firm clients. Salud Total, in particular, admits receiving thousands of Firm referrals through a standardized process, using Firm-provided client information, online questionnaires and automated draft generation, interviewing clients, and transmitting completed assessments back to the Firm for use in pending immigration matters.

8.14 These repeated and complementary functions support an inference that each alleged conspirator knew it was participating in a broader coordinated system rather than providing an unrelated one-off service. The success of each function depended on the continuing operation of the others: marketing and intake generated retained clients; the Firm collected and processed fees and information; evaluation entities produced standardized supporting products for referred clients; and the Firm used the resulting materials in immigration filings transmitted through interstate mail and wires.

8.15 As a direct and proximate result of the RICO conspiracy, Plaintiff and class members suffered injury to business or property within the meaning of 18 U.S.C. § 1964(c).

**COUNT III - BREACH OF FIDUCIARY DUTY / DUTY OF LOYALTY**

**Against Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC**

8.16 Plaintiff incorporates the preceding allegations.

8.17 An attorney-client relationship existed between the Firm and Plaintiff and members of the proposed class. Ms. Lozano and the Firm owed fiduciary duties, including an undivided duty of loyalty, in connection with the representation.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

8.18 The gravamen of this count is not legal malpractice and does not require adjudication of the technical merits or ultimate outcome of any individual immigration filing. The alleged breach is the intentional design, implementation, and monetization of a standardized business system that subordinated clients' interests to Defendants' financial self-interest by using centralized sales, pricing, staffing, referral, document-processing, and signature practices alleged to be structurally inconsistent with undivided loyalty.

8.19 Plaintiff alleges that Defendants breached the duty of loyalty by, among other things, designing and operating compensation and throughput structures that prioritized conversion and fees; failing to disclose material add-on costs and related referral practices at the point of sale; using standardized signature and document-processing systems without ensuring meaningful client review of completed filings; and continuing to charge and retain fees through a system designed around those practices.

8.20 These alleged loyalty breaches were embedded in common enterprise policies and workflows and therefore are susceptible to common proof. Plaintiff does not ask the class factfinder to determine whether each class member would have prevailed in an immigration matter but for professional negligence.

8.21 Plaintiff and the class seek equitable fee forfeiture, disgorgement, and restitution, together with other relief available for a clear and serious breach of the duty of loyalty.

**COUNT IV - WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 et seq.**

**Against Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC**

8.22 Plaintiff incorporates the preceding allegations.



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

8.23 This CPA count is limited to entrepreneurial, commercial, and administrative conduct and does not seek liability for the professional competence of legal advice, litigation strategy, or the technical merits of an individual immigration filing.

8.24 The challenged entrepreneurial practices include: (a) mass-market advertising and client-acquisition messages representing that the Firm possessed methods capable of obtaining specified immigration outcomes for consumers with serious barriers; (b) standardized intake and sales scripts used before attorney retention; (c) centralized pricing, flat-fee structures, filing-fee charges, add-on evaluation charges, payment processing, refund practices, and compensation or conversion incentives; (d) standardized referral practices to related or coordinated entities; and (e) administrative signature procedures and representations concerning how documents and signatures would be handled in delivering the purchased service.

8.25 Ms. Lozano admits enterprise-level involvement in intake scripts, pricing, marketing, and signature policies. Those subjects concern how the Firm obtained clients, priced and collected for services, and administered the transaction rather than the professional judgment of a lawyer in an individual case.

8.26 Plaintiff alleges that the challenged practices were unfair or deceptive and had the capacity to deceive a substantial portion of the public. Plaintiff's theory does not depend solely on the phrase "abogada de los milagros." It includes the concrete pre-retention representation, following the interstate advertising that drew Plaintiff to the Firm, that the Firm could obtain a work permit and permanent residence for her without requiring departure despite the immigration history she disclosed.



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

8.27 The challenged practices occurred in trade or commerce and affected the public interest because they were standardized, centrally designed, disseminated through mass marketing, and used across a high-volume practice serving tens of thousands of consumers.

8.28 Plaintiff and the Washington Subclass suffered injury to money and property, including fees and charges paid to or at the direction of the Firm. The challenged entrepreneurial practices were a proximate cause of those injuries.

8.29 Plaintiff and the Washington Subclass seek actual damages, treble damages to the extent authorized by RCW 19.86, reasonable attorney fees and costs, and appropriate equitable relief.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maria Guadalupe Diaz Toscano, individually and on behalf of all others similarly situated, requests judgment and relief as follows:

A. Certifying the Nationwide Class and Washington Subclass under Rule 23, appointing Plaintiff as class representative, and appointing undersigned counsel as class counsel;

B. Awarding the damages and remedies authorized by 18 U.S.C. § 1964(c), including treble damages, costs, and reasonable attorney fees;

C. Ordering equitable fee forfeiture, disgorgement, and restitution for the alleged uniform breach of the duty of loyalty to the extent proven and authorized by law;

D. Awarding actual and treble damages, costs, and reasonable attorney fees under the Washington Consumer Protection Act to the extent proven and authorized by law;

E. Awarding appropriate declaratory or injunctive relief to the extent available;

F. Awarding pre-judgment and post-judgment interest as permitted by law; and

G. Granting such other and further relief as the Court deems just and proper.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

**JURY DEMAND**

Plaintiff Maria Guadalupe Diaz Toscano, individually and on behalf of all others similarly situated, demands a jury trial on all claims and issues so triable as a matter of right.

DATED this 14th day of September, 2026.

MENDEZ LAW GROUP, PLLC

______________________________
Damian S. Mendez, WSBA #36157

RIOS IMMIGRATION DEFENSE, P.S.
___*/s/ Manuel Rios*_______________
Manuel Rios, WSBA#27279
Attorneys for Plaintiff



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax