UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA GUADALUPE DIAZ TOSCANO, individually and as class representative,<br><br>Plaintiff,<br>vs.<br><br>ALEXANDRA LOZANO KENNEDY, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a Washington limited liability company.,<br><br>Defendants. | Case No. 2:26-cv-02088-RSM<br><br>PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO SET DEADLINE FOR SUPPLEMENTAL PRODUCTION<br><br>NOTING DATE: OCTOBER 23, 2026<br><br>ORAL ARGUMENT REQUESTED |

## I. RELIEF REQUESTED

Plaintiff moves under Fed. R. Civ. P. 26, 33, 34, and 37 to compel complete discovery responses and production on three remaining disputes: (1) a complete verified answer by Ally



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Lozano, LLC ("Ally") to Interrogatory No. 11, and Rule 34(b)(2)(C)-compliant supplemental responses by Amiga Lawyers, LLC ("Amiga") and Ally to RFP Nos. 29–30, with any document production limited to materials within the responding Defendant's possession, custody, or control; (2) narrowed financial discovery concerning transfers and other movement of value between La Luz Del Camino Legal, PLLC ("La Luz") and a closed list of identified alleged enterprise participants; and (3) a date certain for the substantial supplemental production Defendants have agreed to make, through a two-track schedule that accounts for the ESI Order (Dkt. 29). Plaintiff does not ask the Court to find any objection waived, to require any Defendant to produce documents outside its possession, custody, or control, or to compel responses to the Second Sets of discovery served on Amiga and Ally on September 18, 2026.

**II. MEET-AND-CONFER CERTIFICATION AND PRODUCTION HISTORY**

Plaintiff requested a discovery conference by letter dated September 8, 2026, identifying the discovery deficiencies to be addressed. Mendez Decl. ¶ 2 & Ex. A-1. Pursuant to LCR 37(a)(1), Plaintiff's counsel Damian S. Mendez and defense counsel Peter Hawkes and Kyle Dugan conferred face to face by Zoom videoconference on September 14, 2026 in a good-faith effort to resolve the disputes without Court action. Mendez Decl. ¶ 2; Ex. A-3 at 29–30. The parties' correspondence refers to that session as the "CR 26(i) conference"; it was the conference required by LCR 37(a)(1). Mendez Decl. ¶ 2. Immediately afterward, Plaintiff sent a written follow-up memorializing the agreements, narrowed issues, and remaining disputes, and expressly asked Defendants to identify any misstatement. Mendez Decl. ¶¶ 2–4 & Ex. A-2 at 1–4. That September 14 memorialization records that Defendants confirmed additional



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

responsive documents would be produced; that Plaintiff would consider a reasonable extension if Defendants provided a specific completion date; and that defense counsel would confer regarding a realistic date. Ex. A-2 at 2. The parties continued conferring in writing thereafter. Mendez Decl. ¶¶ 4–10 & Ex. A-3.

The subsequent record demonstrates repeated efforts by Plaintiff to obtain both a completion date and actual production. Defendants timely served written objections and responses on September 3, but did not produce a single document with those responses, even though numerous responses expressly stated that responsive documents would be produced. Mendez Decl. ¶ 7. Plaintiff later proposed completion within 21 days of the September 14 conference and repeatedly requested immediate rolling production. Defendants did not provide a definite completion date for the production as a whole. On September 20, Defendants stated that they were still attempting to identify a timeframe and would advise when they knew when tranches could be produced. Ex. A-3 at 21–22. On September 25, Defendants committed to produce Ms. Diaz Toscano's client file by October 5 and to produce four specified reports, but stated they did not know whether the broader production would be complete by then. Ex. A-3 at 16–17. On September 30, Defendants again stated that they could not commit to a completion date for the remainder and would provide one when available. Ex. A-3 at 2–3. Mendez Decl. ¶¶ 5–10. The parties also remain at impasse concerning the Amiga/Ally discovery and the targeted financial discovery. This certification is made under LCR 37(a)(1).

Plaintiff also sought the Court's assistance rather than filing unnecessary motions. On September 29, the Court directed that the Amiga/Ally and financial-discovery disputes be presented by written motions to compel if unresolved and directed the parties to continue



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

working together on production timing. The parties did so, but the timing dispute remained unresolved. On October 1, Plaintiff advised the Court that the September 3 production deadline had been outstanding for 28 days, that Defendants had not produced a single document, and that Defendants still had not agreed to immediate rolling production or supplied a completion date for the remaining agreed production. The Court then directed Plaintiff to proceed by motion. Mendez Decl. ¶¶ 11–13 & Ex. D.

**III. GOVERNING DISCOVERY PRINCIPLES**

Rule 26(b)(1) permits discovery of nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. In *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005), the Ninth Circuit recognized that district courts have broad discretion in determining relevance for discovery purposes. In *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975), reviewing a protective order that barred a deposition, the Ninth Circuit held that the defendants bore a heavy burden to justify denying the discovery and had not met it. Plaintiff relies on those cases for those limited propositions, while Rule 26(b)(1)'s current relevance and proportionality language governs the scope of discovery here. Rules 33(b)(2) and 34(b)(2)(A) ordinarily require responses within 30 days. Rule 34(b)(2)(B) requires a response to state that inspection will be permitted as requested or to state with specificity the grounds for objection, and Rule 34(b)(2)(C) requires an objection to state whether responsive materials are being withheld on that basis. Rule 37(a)(3)(B) authorizes a motion to compel answers and production, and Rule 37(a)(4) treats an evasive or incomplete answer or response as a failure to answer or respond.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Defendants timely served written objections and responses on September 3. Plaintiff does not contend those objections were waived. The present issues are instead whether Defendants provided complete answers to the disputed interrogatories, whether the objections justify withholding the targeted discovery, and whether Defendants may postpone indefinitely production they expressly stated would be made.

Those deadlines are not aspirational. Rule 34(b)(2)(B) requires that when a responding party states that copies will be produced, production must be completed by the time specified in the request or by another reasonable time specifically identified in the response. The 2015 Advisory Committee Note further explains that when production must occur in stages, the response should specify the beginning and end dates of the production. Defendants' September 3 responses repeatedly stated that documents "will" be produced but did not identify a beginning date or an end date. The Rules do not authorize a responding party to replace the Rule 34 deadline with an open-ended production schedule of its own choosing.

**IV. ALLY MUST ANSWER INTERROGATORY NO. 11, AND AMIGA/ALLY MUST PRODUCE RESPONSIVE DOCUMENTS WITHIN RULE 34 CONTROL**

Defendants contend that Plaintiff is demanding a new search obligation concerning records of dissolved entities. Plaintiff narrows the relief requested here. Plaintiff does not ask the Court to create a freestanding duty under the definitions or instructions to reconstruct records that no longer exist. The strongest unresolved information request is Ally Interrogatory No. 11, which expressly asks what happened when Ally ceased operations and dissolved. As to Amiga and Ally RFP Nos. 29–30, Plaintiff seeks production only of responsive documents within the



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

responding Defendant's possession, custody, or control, together with Rule 34-compliant responses stating whether responsive materials are being withheld on the basis of an objection.

**A. Ally Interrogatory No. 11 expressly seeks dissolution, disposition, transfer, and recipient information.**

Ally Interrogatory No. 11 asks for the circumstances surrounding Ally's cessation and dissolution, including disposition of bank accounts, receivables, contracts, participant relationships, client or customer lists, intellectual property, electronic data, goodwill, distributions, transfers, recipients, and whether operations or assets were transferred to identified Lozano-related persons or entities. Mendez Decl. ¶ 15 & Ex. B-2 (Ally Resp. at 9–10). Ally answered only with objections; it did not provide the requested factual information. That is a Rule 33 information request, not a demand that Ally presently possess the underlying documents. An entity answers through an officer or agent, who "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B). In her own discovery response to Interrogatory No. 10, Ms. Lozano Kennedy states that Amiga and Ally dissolved in February 2023 and that, although formation or other relevant documents are no longer available to confirm the precise ownership interest, "[u]pon information and belief, Ms. Lozano was the owner of both entities." Mendez Decl. ¶ 15 & Ex. B-3 (Kennedy Resp. to Interrog. No. 10 at 10–11). That response reinforces that Ally cannot satisfy Interrogatory No. 11 merely by asserting that it is dissolved. At minimum, Ally must make a reasonable inquiry through persons reasonably available to it and provide the responsive information available to the party concerning its own cessation, winding up, dissolution, transfers, and disposition of assets and records. The interrogatory concerns a single subject - Ally's cessation, winding up, and



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

dissolution - and its subparts identify components of that same transaction. Defendants' multiple-subparts objection does not supply the missing substantive answer.

Whether Ally's operations, training programs, intellectual property, participant relationships, and data moved to La Luz or other Lozano-related entities when Ally ceased operations bears on the relationships among, and the continuity of, the association-in-fact enterprise alleged against the remaining Defendants. FAC ¶¶ 2.7, 2.9, 8.2–8.5. Kennedy's own discovery response further confirms the relationship alleged in the FAC: upon information and belief, she states that she owned both Amiga and Ally. Mendez Decl. ¶ 15 & Ex. B-3 (Kennedy Resp. to Interrog. No. 10 at 10–11). That ownership relationship further supports discovery concerning whether Ally's former operations, assets, intellectual property, data, or functions were transferred to or continued through other alleged enterprise participants.

**B. Amiga and Ally RFP Nos. 29–30 seek specific transfer and dissolution records, subject to Rule 34 control.**

Amiga RFP Nos. 29–30 and Ally RFP Nos. 29–30 seek documents concerning identified intellectual-property transfers, related-party payments, dissolution, winding up, recipients, and current owners or custodians of transferred assets. Mendez Decl. ¶ 16 & Exs. B-1 (Amiga Resp. at 16–18), B-2 (Ally Resp. at 25–26). Defendants responded that the dissolved entities have no documents in their possession, custody, or control while also maintaining their objections. Mendez Decl. ¶ 17.

Plaintiff does not ask the Court to convert those RFPs into interrogatories. Rather, to the extent responsive documents are within Amiga's or Ally's Rule 34 possession, custody, or control, they should be produced; and the supplemental Rule 34 responses should comply with Rule



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

34(b)(2)(C) by making clear whether responsive materials are being withheld on the basis of the stated objections. The Court need not decide whether an instruction standing alone creates a separate narrative-response duty for Amiga.

**C. Ninth Circuit "control" law limits document production but does not eliminate Ally's Rule 33 duty to answer Interrogatory No. 11.**

The Ninth Circuit defines "control" for Rule 34 purposes as the legal right to obtain documents upon demand, and the party seeking production bears the burden of establishing that control. *United States v. International Union of Petroleum & Industrial Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). *International Union* further explains that control must rest on actual legal authority, not merely a theoretical or "inherent" relationship between affiliated entities. *Id.* at 1453–54. Consistent with that rule, *In re Citric Acid Litigation* rejected a practical-ability theory where the subpoenaed entity lacked a legal mechanism to compel its foreign affiliate to produce the documents. 191 F.3d 1090, 1107–08 (9th Cir. 1999). Plaintiff therefore does not ask the Court to compel Amiga or Ally to produce records held solely by an independent third party when the responding Defendant lacks the legal right to obtain them. Plaintiff seeks only Ally's Rule 33 answer to Interrogatory No. 11 and production of responsive documents that remain within a Defendant's possession, custody, or control.

That Rule 34 limitation does not resolve Ally Interrogatory No. 11. If Ally, after the reasonable inquiry required by Rule 33, can state what happened to its former electronic data, accounts, intellectual property, or other assets, the interrogatory requires that information even if documents now held by a third party are outside Ally's Rule 34 control. Once the answer



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

identifies records held solely outside Defendants' control, Plaintiff can pursue those records from the identified custodian under Rule 45.

**V. THE TARGETED FINANCIAL DISCOVERY IS RELEVANT TO PLAINTIFF'S RICO THEORY**

The financial dispute is presented through specific requests, and Plaintiff narrows the relief sought to avoid generalized asset discovery. For purposes of this motion, Plaintiff seeks La Luz Interrogatory No. 8 and RFP Nos. 16–17 only to the extent they concern transfers or other movement of value during the class period between La Luz and the following identified persons or alleged enterprise participants: Alexandra Lozano Kennedy, Manuel Lozano Rodriguez, Salud Total, LLC, En Solidaridad, LLC, Amiga Lawyers, LLC, Ally Lozano, LLC, and Five Star Legacy Trust. Mendez Decl. ¶ 18 & Ex. C at 1–3. Plaintiff does not seek this information to determine whether Defendants have assets available to satisfy a judgment. Plaintiff seeks the transactions as evidence concerning the participants' relationships, roles, coordination, common purpose, and movement of revenue through the alleged enterprise. *Eclectic Properties* states that a § 1962(c) RICO claim requires participation in the conduct of an enterprise affecting interstate commerce through a pattern of racketeering activity or collection of unlawful debt, with proximate causation of harm. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). It further states that an enterprise must have a common purpose, a structure or organization, and longevity sufficient to accomplish the purpose. Id. Evidence showing who paid whom, the purpose and timing of inter-entity transfers, distributions to participants, and where revenue moved is therefore



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

reasonably directed to the alleged relationships, structure, roles, and economic flows of the pleaded enterprise rather than to Defendants' wealth in the abstract.

*Paws Up Ranch, LLC v. Green* supplies the closer discovery application. There, in an action asserting federal racketeering and fraud claims, the District of Nevada considered subpoenas to banks for financial records. 2013 U.S. Dist. LEXIS 167174, at *2–3,* 7–13 (D. Nev. Nov. 22, 2013). The court found no federal common-law privilege in the banking records; found the records relevant where they bore on payments to employees and associates, the alleged concerted fraudulent effort, and a defendant's claimed lack of involvement; and concluded that privacy concerns could be mitigated through a stipulated protective order. *Id.* at *8–13. The court ultimately held that the banking records were "relevant and discoverable."* Id. *at* 13.

The same reasoning supports the narrowed requests here. Transactions among the closed list of alleged enterprise participants may show their relationships, roles, common purpose, and the flow of funds through the alleged enterprise. The narrowing eliminates RFP No. 17's broader references to "any individual," employees, and family members except to the extent a person is one of the specifically identified recipients listed above. Any legitimate confidentiality concern is now addressed through the Protective Order at Dkt. 28.

Defendants' own description of the enterprise confirms the connection. Defendants describe the alleged enterprise as one "to commit mail- and wire-fraud via centralized client functions" and contend that the FAC "does not discuss any financial transfers between the defendant entities." Ex. A-3 at 2–3. But if client functions were centralized across La Luz and the related entities, then who funded, staffed, licensed, and profited from those functions is evidence of



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

the participants' relationships, roles, common purpose, and structure. Eclectic Props., 751 F.3d at 997; FAC ¶¶ 1.2–1.4, 2.5–2.14, 8.2–8.5. A transfer need not itself be a predicate act to be relevant to whether the enterprise existed and how it operated.

## VI. A DATE CERTAIN FOR THE AGREED SUPPLEMENTAL PRODUCTION IS APPROPRIATE

Defendants have agreed that substantial additional production will be made, yet no documents accompanied their September 3 responses and, as of October 1, Defendants still had not produced a single document. Mendez Decl. ¶¶ 7, 12. Defendants later stated on September 20 that they were still identifying a timeframe for tranches; on September 25 that Ms. Diaz Toscano's client file would be produced by October 5 but that the broader production might not be complete then; and on September 30 that they still could not commit to a completion date for the remaining production. Ex. A-3 at 2–3, 16–17, 21–22. Plaintiff asks that, to the extent responsive, nonprivileged documents have already been collected, reviewed, and are ready for production, those documents be produced without further delay.

That position is no longer reasonably characterized as a request for a short extension. Plaintiff served the discovery on August 4, 2026. Defendants timely served written responses and objections on September 3, but they produced no documents. By October 1, the Rule 34 production deadline had been outstanding for 28 days. Plaintiff nevertheless spent weeks attempting to accommodate Defendants, asked Defendants to identify the time they actually needed, proposed a concrete 21-day period, and separately asked them to begin rolling production immediately. Defendants still declined to provide an endpoint for the agreed production and declined to commit to producing even responsive, nonprivileged material



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

already collected and reviewed. The Federal Rules' deadlines must have practical meaning. A party cannot timely serve paper objections and responses promising future production, produce nothing, and then unilaterally replace the Rule 34 production deadline with an indefinite date to be announced whenever that party decides it can provide one.

There is now even less justification for continued delay. On October 1, 2026, Judge Martinez entered the parties' Stipulated Protective Order as Dkt. 28 and the Stipulated Agreement Regarding Discovery of Electronically Stored Information and Order as Dkt. 29. The Protective Order expressly covers financial statements, accounting records, bank statements, non-public contracts, client information, and other categories Defendants previously invoked confidentiality to withhold pending entry of a protective order. Dkt. 28 at 2. The ESI Order expressly provides that it "does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34." Dkt. 29 at 2. Although Dkt. 29 separately requires specified ESI disclosures within 30 days of entry, that new disclosure deadline does not reset or postpone the already-expired deadline for the August 4 Rule 34 requests. Dkts. 28 and 29 are already on the Court's docket and are therefore not duplicated as exhibits. With the confidentiality and ESI framework now in place, there is no remaining protective-order or ESI-protocol reason to withhold responsive, nonprivileged documents that are ready for production.

In *Muller v. Syndicated Office Systems, LLC*, Judge Martinez granted a motion to compel and ordered full and complete interrogatory answers and responses to requests for production, including responsive documents, within fourteen days. 2018 U.S. Dist. LEXIS 96905, at *14–15 (W.D. Wash. June 8, 2018). *Muller* also addressed untimely objections and privilege issues not presented here. Plaintiff cites *Muller* only for the narrower procedural point that, after



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

determining complete responses were required, this Court imposed a fixed fourteen-day compliance deadline.

Plaintiff therefore requests a practical two-track order. First, Defendants should begin rolling production immediately and, to the extent responsive, nonprivileged documents have already been collected, reviewed, and are ready for production, produce them without further delay. Second, within fourteen days of the Court's order, Defendants should complete the agreed non-ESI or readily producible categories identified at the September 14 conference and in Defendants' September 25 email: Ms. Diaz Toscano's client file (to the extent not already produced); policies and procedures; training materials; intake and signature materials; marketing materials; organizational and ownership records; and the four reports Defendants agreed to produce concerning Salud Total refunds, Salud Total referrals from La Luz, La Luz clients and benefit type, and Salud Total interviewers. Ex. A-2 at 2; Ex. A-3 at 16. For ESI requiring the custodian, source, and search-term process contemplated by Dkt. 29, Defendants should be required within fourteen days to provide a date-certain production schedule consistent with that Order, with rolling production as searches and review are completed. *Muller* confirms that a fixed compliance deadline is an appropriate means of enforcing complete discovery responses once production is due.

Defendants committed to produce Ms. Diaz Toscano's client file by October 5, 2026; Plaintiff will advise the Court in reply of what has been produced. Plaintiff does not request expenses at this time but reserves the right to seek them under Rule 37(a)(5)(A), including if requested discovery is provided only after this motion was filed.

**VII. CONCLUSION**



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Plaintiff requests an order: (1) requiring Ally to serve, within fourteen days, a complete verified answer to Interrogatory No. 11, and requiring Amiga and Ally, within fourteen days, to supplement their responses to RFP Nos. 29–30 consistent with Rule 34(b)(2)(C), with document production limited to materials within Rule 34 possession, custody, or control; (2) requiring La Luz, within twenty-one days, to provide the narrowed financial discovery described in Section V concerning transfers and movement of value during the class period between La Luz and the specifically identified persons and alleged enterprise participants, subject to the Protective Order at Dkt. 28; and (3) requiring immediate rolling production, completion of the identified non-ESI categories within fourteen days, and a date-certain schedule within fourteen days for ESI production consistent with Dkt. 29. Plaintiff does not seek relief in this motion concerning the September 18, 2026 Second Sets of Discovery to Amiga and Ally. A proposed order is submitted with this motion.

DATED this 2nd day of October, 2026.

MENDEZ LAW GROUP, PLLC

___/s/ Damian S. Mendez_______________
Damian S. Mendez, WSBA #36157

RIOS IMMIGRATION DEFENSE, P.S.

___/s/ Manuel Rios_______________
Manuel Rios, WSBA#27279
Attorneys for Plaintiff

I certify that this memorandum contains 3,730 words, in compliance with the Local Civil Rules.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax