UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Case No. 2:26-cv-02088-RSM

MARIA GUADALUPE DIAZ TOSCANO, individually and as class representative,

Plaintiff,

vs.

ALEXANDRA LOZANO KENNEDY, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a Washington limited liability company.,

Defendants.

DECLARATION OF DAMIAN S. MENDEZ IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

NOTING DATE: OCTOBER 23, 2026

I, Damian S. Mendez, declare as follows:



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

1. I am an attorney of record for Plaintiff Maria Guadalupe Diaz Toscano. I make this declaration from personal knowledge and from my participation in the discovery conferences and correspondence described below.

2. By letter dated September 8, 2026, I requested a discovery conference and identified the discovery deficiencies Plaintiff sought to resolve or narrow without motion practice. A true and correct copy of that letter is attached as Exhibit A-1. On September 14, 2026, beginning at 10:00 a.m., I, defense counsel Peter Hawkes, and defense counsel Kyle Dugan conferred face to face by Zoom videoconference in a good-faith effort to resolve the disputes now presented, consistent with LCR 37(a)(1). The Zoom invitation for that conference appears at Exhibit A-3 at 29–30. My letters and the parties' subsequent correspondence refer to that session as the "CR 26(i) conference"; it was the meet-and-confer conference required by LCR 37(a)(1). The conference addressed Amiga/Ally records, financial discovery, and the timing of Defendants' document production.

3. During the conference, Defendants confirmed that additional responsive documents would be produced, including client files, policies and procedures, training materials, intake and signature materials, marketing materials, organizational/ownership records, reports supporting numerical interrogatory responses, and other responsive documents. I stated that Plaintiff would consider a reasonable extension if Defendants provided a specific completion date. Defense counsel indicated that they would confer with the appropriate persons regarding a realistic completion date.

4. Immediately after the September 14 conference, I sent written correspondence memorializing my understanding of what the parties had agreed to or narrowed and the issues



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

that remained. I expressly asked Defendants to advise me promptly if my understanding differed from theirs. A true and correct copy of that September 14, 2026 Conference Follow-Up (titled "CR 26(i) Conference Follow-Up") is attached as Exhibit A-2. Exhibit A-3 contains true and correct copies of the subsequent correspondence in reverse chronological order, beginning with Plaintiff's September 30, 2026 final correspondence and continuing back through the August 4, 2026 email serving Plaintiff's First Discovery Requests on Defendants.

5. Defendants did not provide the requested completion date. Plaintiff repeatedly requested one and ultimately proposed that all agreed production be completed within 21 days of the September 14 conference, with rolling production beginning immediately. The subsequent communications reflecting those requests and Defendants' responses are collected in Exhibit A-3.

6. Defendants did not agree to Plaintiff's 21-day proposal and did not provide a definite alternative completion date for the production as a whole.

7. Defendants timely served written responses and objections on September 3, 2026. They did not produce a single document in response to Plaintiff's requests for production with those responses. Numerous responses nevertheless expressly stated that documents would be produced, but did not specify beginning and end dates for that production. For clarity, the September 8 letter's reference to "the production received to date" referred to the discovery response materials that had been served; Defendants had not produced responsive documents to Plaintiff's RFPs. On September 20, Defendants stated they were still attempting to identify a timeframe and would advise when they knew when tranches could be produced. See Ex. A-3 at 21–22. On September 25, Defendants stated they would produce Ms. Diaz Toscano's



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

client file by October 5 and would produce documents containing information concerning (1) Salud Total refunds, (2) Salud Total referrals from the firm, (3) firm clients and benefit type, and (4) Salud Total interviewers, but did not provide a definite completion date for the broader production. See Ex. A-3 at 16–17.

8. On September 29, after the Court directed the parties to continue working together regarding the timing of Defendants' agreed supplemental production, I again asked Defendants to begin producing responsive documents immediately on a rolling basis and to provide a date certain for completion. I specifically explained that the question of when the entire production would be completed was separate from whether documents already collected and reviewed should be produced immediately. See Ex. A-3 at 5–6.

9. On September 30, defense counsel stated that Defendants anticipated producing Ms. Diaz Toscano's client file by October 5 but could not commit to the same date for the remainder of the responsive documents and would provide a realistic completion date when able to do so. Defense counsel did not state that Defendants would begin rolling production immediately. In the same email, defense counsel confirmed that Defendants' positions on the Amiga/Ally discovery and the financial discovery had not changed, and described the alleged enterprise as one "to commit mail- and wire-fraud via centralized client functions." See Ex. A-3 at 2–3.

10. Later on September 30, I again requested immediate rolling production of documents already collected, reviewed, and ready for production and requested a specific completion date. I advised defense counsel that, absent agreement, I would advise the Court of the unresolved timing issue. See Ex. A-3 at 1–2.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

11. On September 29, the Court directed that, if the parties could not resolve the Amiga/Ally and financial-discovery disputes, Plaintiff was to proceed by written motions to compel. The parties continued conferring but remained at an impasse on those issues.

12. On October 1, 2026, I advised the Court that the parties had been unable to resolve the production-timing dispute despite continued efforts, that the September 3 production deadline had been outstanding for 28 days, that Defendants had not produced a single document in response to the requests, and that Defendants still had not agreed to begin immediate rolling production or provided a date for completing the remainder of the agreed production. The Court responded that Judge Martinez declined a discovery conference and wanted Plaintiff to file a motion. The Court's September 29 and October 1 communications are attached as Exhibit D.

13. Also on October 1, 2026, Judge Martinez entered the parties' Stipulated Protective Order as Dkt. 28 and the Stipulated Agreement Regarding Discovery of Electronically Stored Information and Order as Dkt. 29. I do not attach those orders as exhibits because they are already on the Court's docket. The Protective Order provides a mechanism for confidential financial, client, and other protected information. The ESI Order expressly states that it "does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34."

14. To keep the exhibit record focused, Exhibit B contains only the response pages necessary to present the Amiga/Ally disputes now before the Court. Exhibit B-1 contains Amiga's responses to RFP Nos. 29–30. Exhibit B-2 contains Ally's response to Interrogatory No. 11 and RFP Nos. 29–30. Plaintiff does not ask the Court to treat definitions or instructions from the First Sets as creating a freestanding narrative-response duty beyond Rules 33 and 34.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

15. Ally Interrogatory No. 11, reproduced verbatim in Ally's response, asks for the circumstances of Ally's cessation and dissolution, including disposition of bank accounts, receivables, contracts, relationships, intellectual property, electronic data, software, goodwill, distributions, transfers, recipients, and whether operations or assets were transferred to Kennedy, the Firm, Amiga, or another entity. The interrogatory and Ally's objection/answer appear at Exhibit B-2, Ally Response pages 9–10. Separately, in her September 3, 2026 response to Interrogatory No. 10, Ms. Lozano Kennedy states that Amiga Lawyers, LLC and Ally Lozano, LLC were dissolved in February 2023; that formation and/or other relevant documents are no longer available to confirm what, if any, direct or indirect ownership interest she had; and that, upon information and belief, she was the owner of both entities. The relevant pages of Ms. Lozano Kennedy's response are attached as Exhibit B-3.

16. Amiga RFP Nos. 29–30 and the corresponding responses appear at Exhibit B-1, Amiga Response pages 16–18. Ally RFP Nos. 29–30 and the corresponding responses appear at Exhibit B-2, Ally Response pages 25–26. Those requests reproduce the operative wording concerning intellectual-property transfers, related-party payments, cessation and dissolution, recipients, and the present or current owner, possessor, custodian, or user of former assets or operations.

17. The cited Amiga response pages state that Amiga has no documents of any kind in its possession, custody, or control while maintaining its objections. See Ex. B-1 (Amiga Resp. at 16–18). Ally likewise states that it has no documents in its possession, custody, or control in response to the cited RFPs. Separately, Ally Interrogatory No. 11 contains only objections and no substantive factual answer. See Ex. B-2 (Ally Resp. at 9–10, 25–26).



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

18. Exhibit C contains the La Luz response pages necessary to present the financial-discovery dispute. La Luz Interrogatory No. 8 and its objection appear at Exhibit C page 1. La Luz RFP Nos. 16–17 and their objections appear at Exhibit C pages 2–3. For purposes of the motion, Plaintiff narrows the requested relief to transfers or movement of value during the class period between La Luz and Alexandra Lozano Kennedy, Manuel Lozano Rodriguez, Salud Total, LLC, En Solidaridad, LLC, Amiga Lawyers, LLC, Ally Lozano, LLC, and Five Star Legacy Trust. Plaintiff does not seek generalized net-worth or post-judgment asset discovery.

19. Plaintiff seeks a complete verified answer to Ally Interrogatory No. 11; Rule 34-compliant supplemental responses and production as to Amiga and Ally RFP Nos. 29–30 limited to documents within possession, custody, or control; the narrowed financial discovery described in paragraph 18; and a concrete schedule for Defendants' agreed production. Plaintiff is not asking the Court to find Defendants' timely September 3 objections waived.

20. On September 18, 2026, Plaintiff served a Second Set of Interrogatories and Requests for Production on Amiga Lawyers, LLC and a Second Set on Ally Lozano, LLC. Among other things, the Second Sets directly ask each entity to identify the persons involved in determining that it has no responsive documents; state whether responsive documents previously existed but are no longer within its possession, custody, or control; describe what happened to such documents; identify recipients of transferred records; and identify persons, vendors, former custodians, archives, backups, electronic systems, or other sources that may presently possess copies. Because the thirtieth day after September 18 falls on Sunday, October 18, the responses are due Monday, October 19, 2026. Plaintiff does not seek to compel responses to



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

the Second Sets in the present motion, and the Second Sets are not attached as exhibits to this motion.

21. On August 20, 2026, defense counsel asked that the discovery directed to Amiga and Ally be stayed pending a decision on Defendants' motion to dismiss the claims against those entities. I declined the same day. See Ex. A-3 at 31–32. To my knowledge, Defendants have not moved for a stay of discovery or for a protective order concerning the Amiga/Ally discovery, and no such order has been entered.

22. None of the discovery requests, discovery responses, or meet-and-confer correspondence attached as Exhibits A through C was designated "CONFIDENTIAL." The Stipulated Protective Order was not entered until October 1, 2026. I have nevertheless reviewed the exhibit packet for information requiring redaction before public filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2nd day of October, 2026, at Seattle, Washington.

/s/ Damian S. Mendez
Damian S. Mendez
One of the Attorneys for Plaintiff



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

# EXHIBIT A

LCR 37(a)(1) Meet-and-Confer Record

A-1 — September 8, 2026 letter requesting the meet-and-confer conference (referred to in the correspondence as the "CR 26(i)" conference).
A-2 — September 14, 2026 Plaintiff's Conference Follow-Up memorializing the September 14 Zoom conference (titled "CR 26(i) Conference Follow-Up").
A-3 — Correspondence presented in reverse chronological order, beginning with Plaintiff's September 30, 2026 final correspondence and continuing back through the August 4, 2026 service of Plaintiff's First Discovery Requests.

# EXHIBIT A-1

September 8, 2026 Meet-and-Confer Conference Request Letter

MENDEZ LAW GROUP, PLLC

September 8, 2026

Peter Hawkes
Angeli & Calfo LLC
701 Pike Street, Suite 1625
Seattle, WA 98101

**Re:** Toscano v. Alexandra Lozano Kennedy, et al., No. 2:26-cv-02088-RSM
**LCR 26(i) Conference — Discovery Deficiencies and Party Deposition Protocol**

Peter:

I write regarding Defendants' September 3, 2026 responses and objections to Plaintiff's first interrogatories and requests for production and the production received to date. This letter identifies the issues Plaintiff requests be addressed at an LCR 26(i) conference in an effort to resolve or narrow them without motion practice. Plaintiff is willing to discuss reasonable narrowing and a stipulated protective order for genuinely confidential material. Confidentiality, however, should not categorically prevent discovery relevant to the alleged RICO enterprise and pattern, CPA and fiduciary-duty claims, common practices, damages, accrual/tolling, and Rule 23 issues.

The response sets reviewed are those of Alexandra Lozano Kennedy, La Luz Del Camino Legal, PLLC f/k/a Alexandra Lozano Immigration Law PLLC (the "Firm"), Salud Total, LLC, Amiga Lawyers, LLC, and Ally Lozano, LLC. An En Solidaridad, LLC response set was not included with the response materials provided for this review. If En Solidaridad served responses, please resend them before the conference so they can be addressed at the same time.

## I. GLOBAL ISSUES

**1. Dissolution/pending-dismissal objections.** Amiga and Ally repeatedly rely on dissolution, RCW 25.15.309, and their contention that Plaintiff alleges no harm from their activities. Plaintiff requests substantive discovery concerning ownership, operations, training systems, intellectual property, relationships among Defendants, transfers, winding up, and the alleged enterprise notwithstanding the disputed merits defense.

**2. "No documents" position of Amiga and Ally.** Please identify the custodians and repositories searched; what happened to corporate, electronic, financial, training, participant/customer, intellectual-property and winding-up records; who took custody at dissolution; and whether

responsive records are held by Ms. Lozano, the Firm, Five Star Legacy Trust, accountants, cloud providers, former managers, or another related person/entity.

**3. Protective order.** Several responses state that financial, company, personally identifying, health, or other information will not be produced absent entry of a stipulated protective order. Plaintiff is willing to promptly discuss a reasonable protective order if Defendants can establish a legitimate need for one. At the LCR 26(i) conference, however, Defendants must identify the specific discovery request(s) and category of information for which protection is sought and state the specific factual reason(s) why a protective order is necessary for each category, including the particular confidentiality, privacy, proprietary, trade-secret, PII, PHI, or other concern asserted. A generalized statement that information is "confidential" or "company financial information" is not sufficient to permit Plaintiff to evaluate the requested protection or its appropriate scope. Defendants should also identify the particular protection requested (for example, confidentiality designation, attorneys'-eyes-only treatment, redaction, or another limitation), explain why ordinary discovery protections are insufficient, identify each request they will supplement once the agreed protection is in place, and provide a date certain for that supplementation.

**4. Rule 33(d).** Where Rule 33(d) is invoked, please identify the specific business records from which the answer can be derived with enough specificity for Plaintiff to locate the responsive information.

**5. "Will produce" responses.** Please identify by RFP number what has already been produced, what remains outstanding, and the completion date for every promised production.

**6. ESI/native format/metadata.** Please address custodians, repositories, date ranges, search methodology, and production format for Salesforce/Litify, MyCase, Google Drive/Workspace, Azure, SharePoint/OneDrive, Five9, Case Status, 360 SMS, the in-house Sign-Up Tool, accounting/payment systems and other identified systems. Database/spreadsheet information should be produced in reasonably usable native or export form where available.

**7. Privilege.** If responsive material is actually withheld as privileged or work product, please provide an appropriate privilege log and identify the affected requests.

**II. ALEXANDRA LOZANO KENNEDY**

**Interrogatory 2 / RFP 1 — ownership and related entities.** The response identifies the Firm and Salud Total/Five Star Legacy Trust but does not fully provide every responsive entity, percentage/dates of interest, nature of business, transfers of value, or present status. Please supplement as to ownership, management, beneficial, licensing, royalty and financial interests relevant to the alleged enterprise.

**Interrogatories 3–7, 11, 13, 15–17 and corresponding RFPs — finances/transfers.** These are met largely with "premature asset discovery" objections. Plaintiff requests discovery sufficient to

establish ownership/control, enterprise relationships, flow of client-derived revenue, proceeds, damages, and transfers among alleged enterprise participants. Plaintiff will discuss reasonable narrowing and confidentiality protections.

**Interrogatory 8 — Ms. Lozano's role.** The answer states that Ms. Lozano reviewed certain intake scripts; generally had input/approval authority over fees and pricing; conceived use of foreign employees/contractors and participated in the general plan and contractual arrangements; participated at a high level in signature policies; and developed marketing/social-media strategy. Please identify relevant persons/positions and produce the policies and communications promised under Rule 33(d).

**Interrogatory 10 — Amiga/Ally/En Solidaridad/Salud Total.** The answer states that Amiga and Ally dissolved in February 2023 and that Ms. Lozano was, upon information and belief, owner of both; En Solidaridad dissolved in November 2023; and Five Star Legacy Trust is Salud Total's sole member. Please supplement the requested contractual, licensing, financial, training, workflow, intellectual-property, referral and personnel exchanges, and identify the source of statements made on information and belief.

**RFPs — policies/intake/signatures/marketing/offshore personnel.** Please identify responsive material produced, outstanding, or withheld for each request.

**III. THE FIRM**

**Interrogatories 2–3 — organization/control.** Please identify the Rule 33(d) records relied upon and fully identify persons exercising operational control, with dates and responsibilities.

**Interrogatory 4 — technology systems.** The Firm identifies Salesforce/Litify, MyCase, Azure SQL, Google Drive, Salesforce Files, Azure Blob Storage, SharePoint/OneDrive, Backupify, an in-house Sign-Up Tool, Zoom, Five9, Case Status, 360 SMS, Google Workspace, LawPay/Worldpay, Sage Intacct, Vena, Ramp and in-house applications. Please address preservation, custodians, searchable/native exports, audit/history data and signature data.

**Interrogatory 5 / RFP 11 — classwide client data.** The Firm reports approximately 33,242 VAWA clients and 8,718 T-Visa clients, among other categories. Plaintiff requests a reasonably usable report/export sufficient to identify the relevant client population, dates, matter type, fees and agreed class fields needed for numerosity, class definition, commonality, damages methodology and class-member identification, subject to appropriate protections.

**RFPs 4–8 — policies/compensation/attorney involvement/signatures/offshore work.** Please produce responsive training materials, instructions, communications, implementation materials, signature-system records and evidence of actual practices, not merely formal written policies, where responsive and proportional.

**RFPs 12–18 — accounting/payments/transfers.** Plaintiff requests a negotiated production sufficient to trace client fees/revenue, payments among related entities, owner distributions, capitalization and transfers relevant to the alleged enterprise, RICO proceeds and damages.

**Marketing/intake/complaints/refunds/communications.** Please confirm production of responsive English- and Spanish-language marketing/social-media materials, intake/sales scripts, FAQs, quality-assurance materials, complaints/refund records and inter-Defendant communications, with a completion date.

**IV. SALUD TOTAL, LLC**

**Interrogatory 2 — ownership/governance.** Please supplement the duties, authority, dates, compensation, distributions and payments associated with the ownership/governance structure identified.

**Interrogatory 4 — evaluation personnel.** Salud Total offers to meet and confer to narrow this request. Plaintiff needs information sufficient to identify interviewers, drafters, editors, reviewers, signatories, supervisors, work locations, licensing status and compensation structure, including personnel working from Mexico, Colombia and Argentina.

**Interrogatory 5 — automated evaluation workflow.** The answer states that clients completed an online questionnaire; in most cases an automated tool generated a draft assessment; and the draft was reviewed with the client by video/telephone before approval/signature. Please identify the automated tool, questionnaires, templates, prompts/rules, responsible persons, version history, training, validation and quality-control materials.

**Interrogatory 6 — referral/assessment/revenue data.** Salud Total provides annual aggregate figures showing thousands of Firm referrals/assessments and millions of dollars billed/collected. Please produce the underlying reasonably usable data sufficient to verify the aggregates and identify referral date, matter type, amount charged, amount paid and timing, subject to confidentiality protections.

**Interrogatories 7–10 and 15–16 — related entities/transfers.** The answer states some En Solidaridad personnel were hired by Salud Total and limited matters remained pending when En Solidaridad wound down. Please supplement regarding personnel, pending matters, records, systems, templates, assets, capitalization by Ms. Lozano, and financial/referral relationships.

**Interrogatories 11–14 — complaints/refunds/drafting/corrections.** Salud Total states it issued approximately 475 refunds and denied approximately 23 refund requests and cannot reliably identify certain assessment categories retroactively. Please produce available underlying refund/payment records, data fields, communications, audit trails and revision histories relevant to these issues.

# EXHIBIT A-2

September 14, 2026 LCR 37(a)(1) Conference Follow-Up

MENDEZ LAW GROUP, PLLC

September 14, 2026

Via E-Mail

Peter Hawkes
Angeli & Calfo, LLC
701 Pike Street, Suite 1625
Seattle, WA 98101

Re: Toscano v. Lozano Kennedy, et al.
W.D. Wash. No. 2:26-cv-02088-RSM
CR 26(i) Conference Follow-Up

Peter:

Thank you for meeting and conferring regarding Defendants' discovery responses. I am writing to memorialize my understanding of the matters on which we reached agreement or narrowed the dispute, as well as the issues that remain for an informal discovery conference with Judge Martinez. If your understanding differs, please let me know promptly.

**1. Protective Order / Confidentiality.** We agreed that a protective order is appropriate for categories of sensitive information implicated by the discovery, particularly financial information that may contain account numbers or other information presenting identity-theft or security concerns, and personal, identifying, confidential, financial, or representation-related information concerning clients or other persons who are not Plaintiff. You indicated that Defendants would be comfortable using the Western District of Washington's standard protective order and would send me Defendants' proposed draft, including any changes Defendants believe are necessary. I will review that draft promptly so that we can attempt to finalize and file a stipulated protective order. This agreement is intended to facilitate production and does not resolve any separate relevance or scope objection.

**2. ESI Stipulation / Form of Production.** We also discussed ESI and the production of electronically stored information in native or near-native form where appropriate, including usable exports such as CSV data where the information is maintained in a database or comparable system. I advised that the Western District of Washington has a model ESI agreement/stipulation. I will send that proposed ESI stipulation separately so that we can address preservation, form of production, metadata, database exports, and related ESI issues without repeated disputes over individual requests.

**3. Supplemental Document Production and Specific Completion Date.** Defendants confirmed that additional responsive documents will be produced, including categories such as client files, policies and procedures, training materials, intake and signature materials, marketing materials, organizational/ownership records, reports supporting numerical interrogatory responses, and other documents Defendants stated they would produce. The remaining disagreement is principally timing. Defendants have proposed a rolling production based on review and prioritization; Plaintiff's position is that the expired discovery deadlines cannot be replaced by an indefinite commitment to produce documents when Defendants are able to do so. During the conference, I indicated that I am willing to agree to a reasonable extension if Defendants provide a specific completion date. You indicated you would confer with the appropriate persons regarding what date Defendants can realistically commit to. Please provide that proposed completion date.

**4. Database Reports / Usable Data.** We substantially narrowed several requests seeking information that Defendants used to calculate or report aggregate numbers. Where responsive information can reasonably be generated from a CRM, case-management, payroll, accounting, evaluation, or similar database, Plaintiff is seeking the report or export containing the responsive data rather than every underlying document merely because it contains an individual data point. For example, with respect to the Firm's client population, we discussed production of a database report identifying the relevant clients; and with respect to Salud Total, we discussed reports or exports supporting the numerical information already provided concerning evaluations, charges, payments, refunds, personnel, and related information, to the extent such reports or exports can be generated.

**5. Salud Total Personnel and Evaluation Information.** We discussed narrowing the requests concerning persons involved in interviewing clients and preparing, drafting, editing, reviewing, approving, or signing evaluations. Defendants agreed to determine whether a report or other records can be generated identifying the employees, contractors, or other persons who performed that work. Plaintiff clarified that the request is directed to persons involved in the evaluation process, not unrelated vendors or contractors. I also agreed that certain broader requests can be revisited after the personnel information is produced, rather than litigating their full scope now.

**6. Privilege Log.** Defendants confirmed that responsive documents withheld on privilege grounds will be logged. Defendants indicated that the form of the log may depend on the volume and may involve categorical logging. Plaintiff reserves the right to challenge the sufficiency of the privilege log after it is served. We agreed that this issue can be addressed after Plaintiff receives the log rather than litigated prospectively.

**7. Signed Interrogatory Answers and Counsel's Signature.** During the conference, I raised that the interrogatory answers served on behalf of Ms. Lozano Kennedy and the Defendant entities were not signed by the persons making the answers, and that counsel also needs to sign the interogatory responses and objections. You agreed that you would follow up regarding the

required signatures. Please therefore serve corrected or supplemental interrogatory responses bearing the signatures of the persons making the answers, as required by Fed. R. Civ. P. 33(b)(5), and ensure that counsel signs the discovery responses and objections as required by Fed. R. Civ. P. 26(g) and Rule 33(b)(5).

**8. Matters Remaining for Judge Martinez's Informal Discovery Conference.** Unless the parties resolve them beforehand, my understanding is that the following issues remain appropriate for presentation to Judge Martinez through his informal discovery-conference procedure:

- the deadline by which Defendants must complete the supplemental productions they have agreed to make, if the parties cannot agree on a specific completion date;
- the discoverability and appropriate scope of financial information concerning transfers, payments, distributions, compensation, and movement of funds among the Lozano Firm and the related entities, including the extent to which such evidence is relevant to Plaintiff's RICO enterprise, proceeds, and damages theories;
- the sufficiency of Amiga Lawyers, LLC's and Ally Lozano, LLC's responses stating that no responsive documents exist, including whether dissolution of those entities is sufficient to end the inquiry and whether any further response or production concerning their former records is required;
- the remaining relevance dispute concerning certain Salud Total information, including physical locations and any other categories on which Defendants continue to stand on relevance or proportionality objections;
- any remaining disputes concerning the scope and form of ESI production that are not resolved by the ESI stipulation; and
- the location and manner of the depositions of Ms. Toscano and Ms. Lozano Kennedy. Defendants presently intend to take Ms. Toscano's deposition in person at defense counsel's office. Plaintiff proposed accommodating that request if the parties reciprocally agree that Ms. Lozano Kennedy's deposition may be taken in person at Plaintiff/co-counsel's office. Defendants declined to make that agreement before Ms. Lozano Kennedy's deposition is noticed. The parties agreed that, if necessary, this logistical issue can be presented to Judge Martinez through the informal discovery-conference process.

**9. Items Plaintiff Will Send / Next Steps.** I will send the Western District's ESI stipulation separately. I will also review Defendants' proposed protective order promptly upon receipt. After we exchange those drafts and Defendants provide a proposed date for completing the supplemental production, I suggest that we identify in a short joint list only those issues that remain genuinely disputed and request an informal discovery conference with Judge Martinez. That should allow us to obtain direction efficiently without unnecessary motion practice.

Please let me know if I have misstated any agreement or position from the CR 26(i) conference. My intent is to accurately memorialize what was resolved, narrow what remains, and avoid motion practice where possible.

Best,

Damian Mendez
Mendez Law Group, PLLC

Sincerely,

MENDEZ LAW GROUP, PLLC

*/s/Damian S. Mendez*

Damian S. Mendez
One of the Attorneys for Plaintiff

# EXHIBIT A-3

Correspondence — Reverse Chronological Order

September 30, 2026 through August 4, 2026

Damian Mendez <mendezlaw@gmail.com>

Wed, Sep 30, 7:49 PM (2 days ago)

to Kyle, Peter, Manuel, Angelo, Tyler, Ryan, Cheryl, Feve

Kyle:

Thank you for confirming Defendants' positions. Based on your response, the parties remain at an impasse regarding (1) the Amiga Lawyers, LLC / Ally Lozano, LLC discovery and (2) the financial discovery. Judge Martinez has directed Plaintiff to proceed by written motion to compel if those disputes cannot be resolved. Because Defendants have confirmed that their positions have not changed, Plaintiff intends to file the motions to compel expeditiously.

As to Amiga Lawyers, LLC and Ally Lozano, LLC, Plaintiff is not attempting to impose obligations beyond the Federal Rules or seeking discovery merely because those entities formerly existed. Plaintiff's existing discovery asks, among other things, for information concerning responsive records and electronic data that formerly existed but are no longer possessed or controlled, including their disposition, the reason for disposition, any transfer or recipient, and any current custodian, to the extent requested in the discovery already served. Plaintiff's position is that the fact the First Amended Complaint does not seek affirmative relief against Amiga or Ally does not eliminate the relevance of their historical conduct, relationships, records, and the disposition or location of those records to the association-in-fact enterprise alleged in the FAC. Defendants have stated that they disagree and will not provide the requested supplementation. Plaintiff will therefore present that dispute to the Court.

As to financial discovery, Plaintiff disagrees with Defendants' position that the requested discovery lacks relevance because the FAC does not allege that a financial transfer itself constitutes a predicate act. The existing requests seek information concerning transfers, payments, distributions, compensation, and movement of funds among the Firm and alleged enterprise participants. Plaintiff's position is that this evidence may bear on the participants' relationships, roles, common purpose, structure, coordination, and operation of the alleged enterprise, as well as the alleged fee-generating scheme. Defendants have confirmed that they maintain their objections and do not consider this discovery relevant or proportional. Plaintiff will therefore present that dispute to the Court as well.

As to production timing, I appreciate Defendants' commitment to produce Ms. Diaz Toscano's client file by October 5. That establishes a completion date for the client file, but it does not resolve the timing of the remaining production Defendants have already agreed to make. Plaintiff served the discovery on August 4; responses were due September 3; and the parties have been discussing a completion date since the September 14 CR 26(i) conference. Plaintiff remains willing to consider a reasonable completion date, but the remaining agreed production cannot remain open-ended.

Plaintiff has also repeatedly requested that Defendants begin producing on a rolling basis documents that have already been collected, reviewed, and are ready for production. Your latest response does not state that Defendants will begin rolling production now and instead states that Defendants will provide a realistic completion date when they decide to provide one. Because the parties have been unable to reach agreement on either immediate rolling production or a date certain for completion of the remaining agreed production, Plaintiff intends tomorrow to advise the Court of the parties' efforts to resolve this timing issue and ask the Court for direction or resolution. If Defendants will agree before then to begin rolling production immediately and can provide a specific completion date, please state that in writing before noon tomorrow October 1st.

As to Ms. Diaz Toscano's deposition, thank you for checking the proposed dates. Please let me know as soon as possible whether October 26, 28, or 29 works so that we can reschedule her Zoom deposition.

Thank you,
Damian S. Mendez
Mendez Law Group, PLLC
One of the Attorneys for Plaintiff

On Wed, Sep 30, 2026 at 4:43 PM Kyle Dugan <Kyle@angelicalfo.com> wrote:

Damian – Yes.

As always, we are happy to meet and confer as necessary. Please see my responses to the general topics identified below:

- ***Discovery to Amiga Lawyers, LLC and Ally Lozano LLC*** – Our position has not changed. Your discovery requests to Amiga Lawyers, LLC and Ally Lozano LLC seek information from entities which no longer exist. Your definitions and instructions cannot impose duties upon us that exceed those required by the Federal Rules of Civil Procedure. To date, you have not provided a cognizable legal basis to suggest discovery is appropriate into potentially responsive documents that a wound-up entity may have had at some point in the past. Moreover, the Amended Complaint no longer even purports to state a claim

against the former entities. For any conference, please provide legal justification for us to consider concerning: (1) this specific type of discovery; (2) to non-existent entities; (3) which are no longer defending any claim in the operative complaint.

- ***Financial Transfers*** – The alleged enterprise described in the Amended Complaint is one to commit mail- and wire-fraud via centralized client functions and does not discuss any financial transfers between the defendant entities. While we understand it is your position that you have alleged the entities themselves were part of the enterprise and that therefore justifies the discovery, in our estimation it does not bridge the gap to relevancy. For any conference, please provide legal justification for us to consider.

- ***Production Timing*** – We anticipate producing Ms. Diaz Toscano's client file by 10/5, the date you requested in prior correspondence. However, we cannot commit to the same for the remainder of documents potentially responsive to the 60-plus categories of items that you have requested. As I have indicated, as soon as I have a realistic date to commit to I will let you know and work expeditiously toward it.

Let me know if you want to schedule a time to discuss any of these subjects.

Regarding Ms. Diaz Toscano's deposition, I will see if those dates work for us and get back to you.

Regards,

Kyle

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Wednesday, September 30, 2026 2:54 PM
**To:** Kyle Dugan <Kyle@angelicalfo.com>
**Cc:** Peter Hawkes <Peter@angelicalfo.com>; Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Cheryl Oakley <Cheryl@angelicalfo.com>; Feve Retonio <Feve@angelicalfo.com>
**Subject:** Re: Toscano / Lozano -- Draft Stipulated Protective Order

Hi Kyle. Will you be responding to the remaining issues shortly today? Also I want to propose October 26, 28 or 29 as available dates to reschedule the Zoom deposition of Ms Toscano. Please advise if one of those dates works for you. Thank you

On Wed, Sep 30, 2026 at 12:43 AM Kyle Dugan <Kyle@angelicalfo.com> wrote:

Damian -- Yes.

---

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Tuesday, September 29, 2026 5:36:34 PM
**To:** Kyle Dugan <Kyle@angelicalfo.com>
**Cc:** Peter Hawkes <Peter@angelicalfo.com>; Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Cheryl Oakley <Cheryl@angelicalfo.com>; Feve Retonio <Feve@angelicalfo.com>
**Subject:** Re: Toscano / Lozano -- Draft Stipulated Protective Order

Thank you Kyle. These signed versions are ready for me to file. Correct ?

On Tue, Sep 29, 2026 at 4:46 PM Kyle Dugan <Kyle@angelicalfo.com> wrote:

Damian – Please find attached signed versions of the: (1) Stipulated Protective Order; and (2) ESI Protocol. Note that I modified the signature block in the ESI protocol, but no substantive changes have been made.

I will respond separately about the remaining issues you've identified.

Regards,

Kyle

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Tuesday, September 29, 2026 11:48 AM
**To:** Kyle Dugan <Kyle@angelicalfo.com>; Peter Hawkes <Peter@angelicalfo.com>; Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Cheryl Oakley <Cheryl@angelicalfo.com>; Feve Retonio <Feve@angelicalfo.com>
**Subject:** Re: Toscano / Lozano -- Draft Stipulated Protective Order

Counsel,

As you saw from Ms. Staples's email this morning, Judge Martinez declined to hold a discovery conference at this time and provided direction concerning the five issues presented by Plaintiff.

As to points 1 and 2, in light of the Court's direction, Plaintiff is withdrawing the two remaining disputed provisions. The attached ESI Agreement and Stipulated Protective Order are the versions the parties previously negotiated, with those remaining disputed provisions removed. Accordingly, there should no longer be any dispute preventing execution of these documents. Please sign and return both documents promptly so that they can be submitted to the Court for entry.

For clarity, Plaintiff's agreement to remove the remaining disputed provisions and proceed with the parties' negotiated ESI Agreement and Stipulated Protective Order does not constitute an agreement to extend, reset, postpone, or otherwise modify any existing discovery response, production, or supplementation obligation or deadline.

That leaves the substantive discovery disputes identified in points 3 and 4. The Court has directed that, if the parties cannot agree on those disputes, Plaintiff is to file written motions to compel. Before doing so, Plaintiff would like to give Defendants one final opportunity to resolve or further narrow those issues.

With respect to point 3, please confirm whether Defendants will provide complete supplemental responses concerning responsive documents of Amiga Lawyers, LLC and Ally Lozano, LLC that have not been produced, including the basis for nonproduction and, for documents no longer possessed or controlled, the disposition of the documents, reason for that disposition, any transfer or recipient information, and the identity of any current custodian, to the extent requested by Plaintiff's existing discovery.

With respect to point 4, please confirm whether Defendants will supplement their responses and production concerning transfers, payments, distributions, compensation, and movement of funds among the Firm and the alleged enterprise participants, as requested in Plaintiff's existing discovery and subject to Rule 26(b)(1) and the protective order.

If Defendants maintain their existing objections and do not intend to provide the requested supplementation as to points 3 and/or 4, please confirm that position so Plaintiff can proceed with the written motion or motions to compel contemplated by the Court.

As to point 5, the Court directed the parties to continue working together to resolve the timing of Defendants' agreed supplemental production. I want to emphasize the history of this issue because the parties have already been discussing a completion date since the September 14

CR 26(i) conference. At that conference, Defendants confirmed that additional responsive documents would be produced, including client files, policies and procedures, training materials, intake and signature materials, marketing materials, organizational/ownership records, reports supporting numerical interrogatory responses, and other documents Defendants stated they would produce. Plaintiff indicated that it was willing to agree to a reasonable extension if Defendants provided a specific completion date. Defense counsel indicated that they would confer with the appropriate persons regarding what date Defendants could realistically commit to and provide that proposed completion date. I memorialized that discussion in writing immediately following the conference.

That proposed completion date still has not been provided. Defendants have therefore had since the September 14 conference to consult with the appropriate personnel, including their paralegals and team, and determine a realistic date for completing the production they have already agreed to make. Plaintiff remains willing to consider a reasonable completion date, but the production cannot remain open-ended.

Equally important, Defendants' failure to have determined or provided a final completion date is not a reason to withhold documents that are ready for production. The question of when the entire production will be completed is separate from whether responsive documents that have already been collected and reviewed should be produced now. Plaintiff therefore asks that Defendants begin the production immediately on a rolling basis while agreement on a final date of completion is reached.

This request is particularly appropriate given the existing delay. Plaintiff served these discovery requests on August 4, 2026. The requests required written responses and production within 30 days of service, making the original deadline September 3, 2026. As of September 29, 2026, 26 days have passed since that deadline. Defendants have therefore already had the original 30-day response period plus an additional 26 days to collect, review, and produce responsive material.

Please begin rolling production immediately and provide a date certain for completion of production.

If necessary to facilitate the resolution of the remaining issues I am available to confer promptly today regarding points 3, 4, and 5. In order to avoid any later disagreement about what was discussed, agreed to, or remains disputed, after our conference I will send counsel a written summary of the results of our discussion. I ask that Defendants review and respond to that summary promptly, including identifying immediately any point with which Defendants disagree or believe does not accurately reflect the parties' discussion. The purpose is to ensure that both sides have the same written understanding of what was resolved, what Defendants have agreed to produce, the dates for production, and what issues, if any, remain for the Court.

If you wish to confer in order to facilitate the resolution of the remaining issues, please let me know your availability to confer today. In the meantime, please sign and return the attached negotiated ESI Agreement and Stipulated Protective Order promptly, begin the agreed supplemental production immediately on a rolling basis, and provide the date certain for completion that has been under discussion since September 14.

Thank you,
Damian S. Mendez
Mendez Law Group, PLLC
One of the Attorneys for Plaintiff

On Mon, Sep 28, 2026 at 6:13 PM Damian Mendez <mendezlaw@gmail.com> wrote:

Kyle and Peter:

Thank you for confirming in writing that Defendants do not object to proceeding through Judge Martinez's discovery-conference procedure and that both Ms. Diaz Toscano and Ms. Lozano Kennedy may be deposed remotely by Zoom. With that confirmation, I consider the deposition manner/location issue resolved. The depositions will be reciprocal: both will proceed remotely by Zoom. Further, consistent with your prior email I will provide alternative dates to October 8th in order to reschedule Ms. Toscano's deposition by this Wednesday so that we can find a mutually convenient date.

I do not think it is productive to continue debating by email our differing recollections of the September 14 CR 26(i) discussion or the good-faith issue. The correspondence reflects the parties' respective positions. I will not characterize the request to the Court as joint. Consistent with your proposed language, I will state that Plaintiff respectfully requests a discovery conference concerning the five remaining issues and that Defendants do not object to the Court addressing those disputes through a discovery conference if Judge Martinez considers that procedure appropriate.

I also appreciate your clarification regarding the descriptions of the five issues. I will revise the email to the Court so that it identifies the dispute neutrally and includes Defendants' position rather than suggesting that the descriptions are jointly stipulated. In particular:

1. Protective Order. I will clarify that the disputed Rule 26(b)(5)(B) procedure applies reciprocally to both sides. Plaintiff is not proposing a unilateral obligation applicable only to Defendants. Plaintiff accepts Rule 502(d) non-waiver protection; Plaintiff proposes that when either side makes a post-production privilege or work-product claim, Rule 26(b)(5)(B) govern the procedure. Defendants prefer the model protective-order language requiring immediate return.

2. ESI Agreement. I will state that Defendants' position is that they have not taken the position that entry of the ESI protocol resets discovery deadlines or changes Rule 26(e) supplementation duties, but they oppose Plaintiff's Section F because they contend that language does not meaningfully relate to the production or retention of ESI and does not belong in the protocol.

3. Amiga/Ally. I will state Plaintiff's position that the existing discovery expressly seeks disposition, transfer, recipient, and current-custodian information concerning former records and assets. I will also state Defendants' position that the discovery instructions cannot impose obligations beyond the Federal Rules and that, in light of the First Amended Complaint and the status of the dissolved entities, the requested discovery is unwarranted.

4. Financial Discovery. I will state that Plaintiff characterizes the requests as targeted to transfers, payments, distributions, compensation, and movement of funds among alleged enterprise participants, while Defendants dispute that characterization and contend the requests are disproportionate and not tethered to liability or damages.

5. Completion of Supplemental Production. I will state that Plaintiff seeks a date certain for completion and rolling production, while Defendants state that the volume of requested material

requires collection and review and that they are working to provide a realistic production timeline.

I intend to send the revised email to the Court today with all counsel copied. Because the deposition issue is now resolved, I will ask only for a discovery conference concerning the five remaining issues and for guidance regarding the procedure Judge Martinez prefers, including whether he wants materials or limited briefing submitted in advance.

Thank you,
Damian

On Mon, Sep 28, 2026 at 4:49 PM Kyle Dugan <Kyle@angelicalfo.com> wrote:

Damian – We wholeheartedly disagree with your position that we have not acted in good faith. During our meeting, you brought up the possibility of a discovery conference—we acknowledged it was available. Twisting that mere acknowledgement into an agreement to participate is completely inconsistent with our conversation and improper. Then using that assumption to imply we changed our position to disadvantage your client is baseless. We'd prefer to move past unfounded and ultimately unproductive accusations like these. As stated, we are willing to proceed with the discovery conference procedure Judge Martinez provides should he believe it an appropriate vehicle for the parties' disputes.

It is unclear from your email precisely what "characterization" you requested we consider—if you were referring to the general categories of disputes you outline, we can agree that those have been discussed previously and that the parties appear to be at an impasse. If you intended the specific descriptions of issues to be holistic statements incorporating both sides arguments, they do not properly reflect our position:

1. Defendants propose the model language.
    - Your description states that the only "is the procedure when ***Defendants later assert privilege or work-product protection over material already produced and Plaintiff disputes the claim***." Is it now your position that the proposed section apply only to Defendants' efforts to clawback documents? That seems to be inconsistent with the way the provision is drafted and we cannot agree that those responsibilities run unilaterally to Defendants.

2. Defendants' position is that Plaintiff's proposed language does not have any meaningful relation to the production/retention of electronically stored information and should not be included in the ESI protocol.
    - Please note that we have not "expressly stated" anything. My prior email was clear that we had not taken the position any dates or deadlines would be extended by virtue of the ESI protocol.
3. We disagree that any of Plaintiff's definitions and/or instructions contained in discovery requests can impose duties greater than those set forth in the Federal Rules of Civil Procedure, including discovery into documents that may have existed or might have been responsive.
    - The First Amended Complaint has dropped all pretense that the dissolved entities are a part of this matter, as it now does not even attempt to state a claim against either. Discovery from entities who are not a party to this case resulting from these amendments is unwarranted.
4. We disagree that the discovery is "targeted." As previously noted, the requests are disproportionate to the needs of the case and are not tethered to liability or damages under the claims presented.
5. As we stated previously, you have requested more than 60 categories and subcategories of information. This takes time to collect and review prior to any production. We are working to get you a realistic timeline and produce documents according to that timeline.

(This is not an exhaustive list, but again, it was unclear what "characterization" we were invited to review.)

Finally, the final paragraph of the letter states "The parties respectfully request a discovery conference concerning these five issues." We have not joined in this request, so please amend to reflect that—I suggest "Plaintiff respectfully requests a discovery conference concerning these five issues and Defendants do not object thereto."

As I clearly indicated, we will agree that the parties may present both deponents (Ms. Diaz Toscano and Ms. Lozano Kennedy) via remote means (*i.e.* Zoom). Thanks—I'm glad we managed to get this one resolved.

Regards,

Kyle

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Monday, September 28, 2026 1:29 PM
**To:** Kyle Dugan <Kyle@angelicalfo.com>
**Cc:** Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Harold Malkin <Harold@angelicalfo.com>; Peter Hawkes <Peter@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Cheryl Oakley <Cheryl@angelicalfo.com>; Feve Retonio <Feve@angelicalfo.com>
**Subject:** Re: Toscano / Lozano -- Draft Stipulated Protective Order

Kyle and Peter:

I do not believe Defendants have acted in good faith with respect to the discovery-conference procedure. I repeatedly asked Defendants to address whether we would present the remaining disputes to Judge Martinez through a discovery conference, and those requests were not answered directly until today. I memorialized my understanding of the September 14 CR 26(i) discussion immediately after the conference and repeatedly asked Defendants to correct me if I had misstated it. Your email now states that Defendants will participate in a discovery conference as necessary. I am proceeding on that basis.

I am emailing Judge Martinez's courtroom deputy today, with all counsel copied, concerning the five remaining discovery issues identified in my prior correspondence and the deposition issue. I have drafted the email as a joint request in light of your statement that Defendants will participate in a discovery conference. In the letter I ask the courtroom deputy to advise as to how Judge Martinez prefers to hold his discovery conferences and whether he prefers materials or some type of briefing be provided to him in advance of the conference. Please respond immediately in writing if you disagree with that characterization. I do not want to schedule a call with your guys and later have a disagreement about what was or was not agreed. It will be clearer for everyone, including the Court, to have your position in writing.

As to the deposition issue, your email states that Defendants are willing to move Ms. Toscano's deposition to another date and shift it to a remote Zoom format. Plaintiff is willing to resolve the deposition dispute on a reciprocal basis. Plaintiff originally offered to accommodate Defendants' request that Ms. Toscano appear in person at defense counsel's office if Defendant Alexandra Lozano Kennedy would likewise appear in person at Plaintiff/co-counsel's office or another mutually agreed location when Plaintiff takes her deposition. If Defendants now prefer Zoom, Plaintiff will agree that Ms. Toscano's deposition proceeded by Zoom provided that Ms. Lozano Kennedy's deposition will also proceed by Zoom. In other words, the procedure should simply be reciprocal: Zoom for both depositions or in person for both depositions under the exact same reciprocal conditions. I have drafted the proposed email with teh assumption that we have reached a resolution of the depositions issue. See attached my draft email.

If Defendants agree that both the Toscano and Lozano Kennedy depositions will proceed by Zoom, please confirm that immediately in writing. That confirmation will resolve the deposition issue, and the parties can ask Judge Martinez to address only the five remaining discovery issues at the discovery conference. If Defendants do not agree to reciprocal Zoom depositions, please state your position immediately in writing so that the deposition issue can be included in today's request to the Court. Please respond immediately today before the end of business day

otherwise I will submit teh email myself and include the depositions issue in the issues to be addressed at teh discovery conference.

Thank you,

Damian

On Mon, Sep 28, 2026 at 11:54 AM Kyle Dugan <Kyle@angelicalfo.com> wrote:

Damian – We did not agree to any particular procedure during our meeting, rather we stated that we understood a conference before Judge Ramirez was available for resolving disputed discovery items in lieu of motion practice. Our position has not changed. We have worked in good faith with you to address issues you have raised and we will participate in any discovery conference as necessary.

If you are concerned regarding the timing regarding your client's deposition, we would be willing to discuss moving it to another date and shifting to a remote (*i.e.* Zoom) format to accommodate (which might also streamline the issues presented in any discovery conference). Let me know if you want to set up a time to talk on this subject.

Regards,

Kyle

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Saturday, September 26, 2026 12:48 PM
**To:** Kyle Dugan <Kyle@angelicalfo.com>
**Cc:** Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Harold Malkin <Harold@angelicalfo.com>; Peter Hawkes <Peter@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Cheryl Oakley <Cheryl@angelicalfo.com>; Feve Retonio <Feve@angelicalfo.com>
**Subject:** Re: Toscano / Lozano -- Draft Stipulated Protective Order

Kyle and Peter:

I want to make one final clarification regarding the procedure Plaintiff will follow after the noon Monday deadline. As stated in my prior emails, my understanding from our CR 26(i) conference is that Peter and I agreed to continue narrowing the disputes and present the unresolved issues to Judge Martinez through an informal discovery conference rather than multiple discovery motions. I memorialized that understanding immediately after the conference and asked Defendants to advise if I had misstated it. Plaintiff relied on that agreement while continuing to meet and confer rather than immediately filing motions, and Defendants have still not confirmed that they will proceed with the agreed conference procedure.

That reliance is particularly important as to the deposition dispute. Ms. Toscano's deposition is noticed for October 8, and Plaintiff relied on the agreed discovery-conference procedure rather than filing a protective-order motion earlier. Because Defendants continue refusing to confirm that they will proceed with that procedure, the ordinary motion schedule can no longer provide a fully briefed resolution before the noticed deposition. Accordingly, if Defendants do not confirm by noon Monday that they will join in requesting the discovery conference, Plaintiff will contact Judge Martinez's courtroom deputy on Monday, with all counsel copied, and request an expedited discovery conference concerning the deposition issue. Plaintiff will explain the time-sensitive circumstances, including Plaintiff's reliance on the parties' agreement and Defendants' subsequent failure to confirm that they will proceed under that agreement.

Plaintiff will also ask whether Judge Martinez is willing to address the other narrowed discovery disputes identified in my September 25 email during the same conference. If the Court directs the parties to proceed by motion on any issue, Plaintiff will do so. This clarification does not change the noon Monday deadline or the unresolved issues previously identified.

Thank you,

Damian

On Sat, Sep 26, 2026 at 1:53 AM Damian Mendez <mendezlaw@gmail.com> wrote:

Kyle and Peter:

I want to clarify one point from my email Friday regarding the procedure Plaintiff will follow if Defendants do not confirm by noon Monday that they agree to proceed with the discovery conference discussed at our CR 26(i) conference.

For the unresolved issues that can be addressed through the ordinary motion schedule, Plaintiff will proceed with the appropriate motions as stated in my prior email.

The deposition issue is different because Ms. Toscano's deposition is presently noticed for October 8. My understanding from our CR 26(i) conference was that the parties would continue narrowing the discovery disputes and present any issues we could not resolve to Judge Martinez through a discovery conference rather than filing multiple discovery motions. Plaintiff has relied on that understanding while the parties continued attempting to resolve the deposition dispute.

Because the parties remain at an impasse concerning the manner and location of the Toscano and Lozano Kennedy depositions, and the ordinary motion schedule will not permit a motion for protective order filed Monday to be heard before the presently noticed October 8 deposition, **if Defendants do not confirm by noon Monday that they agree to proceed with the discovery conference, Plaintiff intends on Monday to contact Judge Martinez's courtroom deputy, with all counsel copied, to request an expedited discovery conference limited to the deposition issue.**

If Defendants are willing to join in that request, please let me know by the noon Monday deadline and we can make the request jointly. Otherwise, Plaintiff will make the request with all counsel copied and will accurately advise the Court of the parties' respective positions and the meet-and-confer history.

This email is intended only to clarify the procedure Plaintiff will follow after the deadline stated in my September 25 email. The deadline and the remaining disputes identified in that email otherwise remain unchanged.

Thank you,

Damian

Damian Mendez <mendezlaw@gmail.com>

Sep 25, 2026, 10:19 PM (2 hours ago)

to Kyle, Manuel, Angelo, Harold, Peter, Tyler, Ryan, Cheryl, Feve

Kyle and Peter:

Thank you for Kyle's response this afternoon. It addresses several of the substantive discovery issues, but it still does not answer the question I have **repeatedly** asked: whether Defendants remain in agreement with the procedure Peter and I discussed at the CR 26(i) conference—namely, narrowing the disputes and presenting the issues we cannot resolve to Judge Martinez in a discovery conference rather than filing multiple discovery motions.

**Please confirm by 12:00 noon on Monday, September 28, 2026 that Defendants agree to request a discovery conference with Judge Martinez to address the remaining disputes. If I do not receive that express confirmation by noon Monday, I will understand that Defendants no longer agree to the discovery-conference procedure we discussed and Plaintiff will begin filing the motions necessary to obtain rulings on the unresolved issues.**

**Based on your response and the latest drafts, the remaining issues are:**

**1. Protective Order — Rule 502(d)/Rule 26(b)(5)(B).** Section 2 is resolved. The only remaining protective-order dispute is Defendants' requirement that material claimed to be privileged or work product be "immediately returned," versus Plaintiff's proposal to follow Rule 26(b)(5)(B), which preserves the receiving party's ability to challenge the privilege claim. That limited issue will be presented to Judge Martinez at the discovery conference or by motion.

**2. ESI Agreement.** Plaintiff accepts Defendants' latest proposed ESI Agreement, including the provisions governing ESI disclosures, custodians, data sources, search methodology, production format, metadata, preservation, privilege logs, and Rule 502(d). Plaintiff also agrees to remove the additional language previously proposed in Section C(2) concerning exchange of search methodology because the existing language adequately addresses that subject. Only one language issue remains: Plaintiff's proposed Section F concerning existing discovery obligations and supplementation. Defendants have confirmed that entry of the ESI Agreement will not reset existing discovery deadlines and will not alter the parties' Rule 26(e) supplementation obligations. Plaintiff proposes that this agreed principle remain expressly stated in Section F; Defendants agree with the substance but

object to including it in the ESI Agreement. That limited issue will be presented to Judge Martinez at the discovery conference or by motion.

**3. Amiga Lawyers, LLC / Ally Lozano, LLC Records.** This is a separate discovery dispute and does not prevent the parties from finalizing the remainder of the ESI Agreement. The parties remain at an impasse over what reasonable inquiry is required concerning former records, custodians, systems, repositories, third-party sources, archives, backups, or locations to which records may have been transferred. That issue will be presented to Judge Martinez at the discovery conference or by motion.

**4. Financial Discovery.** Defendants have confirmed that they stand on their objections. The scope of this discovery therefore remains unresolved. That issue will be presented to Judge Martinez at the discovery conference or by motion.

**5. Depositions.** Defendants have not changed their position concerning the location and manner of the Toscano and Lozano Kennedy depositions. That issue will be presented to Judge Martinez at the discovery conference or by motion.

**6. Completion of Supplemental Production.** Defendants did not agree to Plaintiff's proposed resolution of the overdue production. Plaintiff's latest proposal was that Defendants complete all discovery production within 21 days of the CR 26(i) conference, with responsive documents produced on a rolling basis beginning immediately and the production fully completed by the end of that 21-day period. Defendants have not agreed to that proposal and have refused to even propose a definite alternative completion date for the document production. That issue will be presented to Judge Martinez at the discovery conference or by motion.

**The reports issue and interrogatory-verification issue appear resolved by your confirmation that Defendants will produce and serve the stated interrogatory verifications. I therefore do not presently include those matters among the issues requiring Court intervention. But if you don't confirm by noon on Monday, I will have to also present that issue to Judge Martinez at the discovery conference or by motion.**

I am attaching clean versions of the latest Protective Order and ESI Agreement showing in red only Plaintiff's remaining proposed language. If Defendants agree to the discovery conference, we can present the limited disputes above to Judge Martinez together. Otherwise, Plaintiff will proceed by motion.

Thank you,

Damian

On Fri, Sep 25, 2026 at 3:13 PM Kyle Dugan <Kyle@angelicalfo.com> wrote:

Damian – Please see our responses below to your emails below. If you wish to discuss any of these further, I am happy to do so.

- ***Protective Order Language –*** Our position on this has not changed: we do not see a need to divert from the model protective order.
- ***ESI Protocol Language*** – We have not taken the position that the entry of a mutually agreed ESI protocol would serve to reset the timeline for responding to discovery, nor would it alter any responsibilities incumbent upon the parties to supplement discovery responses as necessary under the Federal Rules of Civil Procedure. Because your proposed language has no relation to the manner in which the parties will structure the production of electronic information—the purpose of the ESI protocol—it is inappropriate and should not be included.
    - There remains another issue: we included a question regarding the highlighted language you included in Section C(2) (see attached) but did not propose deleting it pending your response. It appears to simply restate duties from the model—if this is accurate, we propose removing it as well.
- ***Discovery from Amiga Lawyers, LLC and Ally Lozano LLC*** – We understand you maintain your position requesting discovery from Amiga Lawyers, LLC and Ally Lozano LLC, including asking us to search for potential former sources of documents and communications. As we have stated, these entities no longer exist and you have not identified for us a legal basis justifying such a search. Your request would impose responsibilities on us which are above and beyond those outlined by the Federal Rules of Civil Procedure.
- ***"Financial Discovery" –*** At no point during or discussions have we agreed to withdraw any of these objections. As stated, discovery into these subjects does not affect liability under the claims that you have articulated and is improper. We will stand on our objections.
- ***Reports*** – As discussed, we will produce documents containing the information as to: (1) Salud Total refunds; (2) Salud Total referrals from the firm; (3) firm clients and benefit type; and (4) Salud Total interviewers.
- ***Interrogatory Verifications*** – We will serve verifications for interrogatory responses of Alexandra Lozano Kennedy, La Luz Del Camino Legal f/k/a Alexandra Lozano Immigration Law PLLC, Salud Total, LLC as indicated.
- ***Production Timing –*** We appreciate you working with us concerning timing of the production of documents that you've requested. We can confirm we will produce the client file for Maria Guadalupe Diaz Toscano by 10/5/2026 (the 21-day period you mentioned). I anticipate we will do it in advance of that date. However, we are still collecting and reviewing materials responsive to the more than 60 categories and subcategories of documents and communications you've

requested. As we are still in midst of that process, I do not know if it will be complete on 10/5. To be clear, we still fully intend to produce the documents we have agreed to produce in our responses, to the extent any exist.

I've also attached copies of the protective order and ESI protocol which I believe represent the current state of our discussions. Please review and confirm.

Regards,

Kyle

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Wednesday, September 23, 2026 12:16 PM
**To:** Kyle Dugan <Kyle@angelicalfo.com>
**Cc:** Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Harold Malkin <Harold@angelicalfo.com>; Peter Hawkes <Peter@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Cheryl Oakley <Cheryl@angelicalfo.com>; Feve Retonio <Feve@angelicalfo.com>
**Subject:** Re: Toscano / Lozano -- Draft Stipulated Protective Order

Kyle and Peter:

I am following up on my email sent Monday, September 21. I have not received a response. That email identified the issues the parties had resolved, the limited issues that remained, and the information and confirmations I requested from Defendants so that we could either resolve those issues or present the remaining disputes to Judge Martinez in the discovery conference that Peter and I discussed during our CR 26(i) conference.

Please provide Defendants' substantive response to the September 21 email, including the requested positions, confirmations, and proposed timeframe for completing the overdue supplemental discovery, no later than the close of business this Friday, September 25. If I do not receive a response by then, I will understand Defendants' silence to mean that they are no longer in agreement with presenting the remaining discovery disputes to Judge Martinez through the discovery-conference procedure we discussed. Plaintiff will therefore expeditiously proceed with the motions necessary to obtain rulings on the unresolved discovery issues.

Thank you,

Damian

On Mon, Sep 21, 2026 at 10:54 AM Damian Mendez <mendezlaw@gmail.com> wrote:

Kyle and Peter:

Kyle, Peter and I agreed during the CR 26(i) conference that we would continue narrowing the discovery disputes and, for any issues we could not resolve, request a discovery conference with Judge Martinez rather than file multiple discovery motions. We both know that Judge Martinez would rather have the remaining issues resolved in a single discovery conference instead of us litigating multiple motions. Any written identification of the remaining issues would simply tell the Court what has been resolved and what remains for the conference; we did not discuss asking Judge Martinez to decide the disputes by letter.

Peter, if Defendants are now taking the position that they will not participate in the discovery conference we discussed, please let me know immediately. Otherwise, I will continue on the understanding that we will identify the limited remaining disputes and request the conference. If Defendants no longer agree to that procedure, Plaintiff will need to address the unresolved issues by motion.

**THE PROTECTIVE ORDER**

I have reviewed Defendants' latest revisions to Section 2 of the proposed Stipulated Protective Order. The additional specificity in Defendants' revised Section 2 addresses Plaintiff's principal concern with the earlier generalized categories of "sensitive financial or business information" and the broader catch-all provision. Plaintiff is therefore willing to accept Defendants' revised Section 2 as proposed.

Accordingly, I believe the parties have resolved the confidentiality-definition issue. Plaintiff also accepts the remainder of Defendants' proposed protective order except for the final sentence of the Rule 502(d) provision requiring that information asserted to be privileged or work product be "immediately returned" to the producing party.

Plaintiff accepts the substantive Rule 502(d) non-waiver protections proposed by Defendants. Plaintiff's remaining concern is limited to preserving the procedure already expressly incorporated in Section 9 of the proposed order, which provides that the receiving party's obligations following a post-production privilege claim are those set forth in Fed. R. Civ. P. 26(b)(5)(B). That Rule permits the receiving party to return, sequester, or destroy the specified information while the claim is unresolved and permits the receiving party to present the information to the Court under seal for determination of the privilege claim.

Plaintiff therefore proposes only that the final "immediately returned" sentence be replaced with the following: "If a producing party asserts that information produced in discovery is privileged or protected, the parties shall proceed in accordance with Fed. R. Civ. P. 26(b)(5)(B). Nothing in this Order prevents the receiving party from challenging whether the information is privileged or otherwise protected."

With that single change, Plaintiff is prepared to agree to Defendants' latest proposed Stipulated Protective Order. If Defendants do not agree to that limited revision, then the Rule 502(d)/Rule 26(b)(5)(B) issue is the only protective-order issue that Plaintiff believes remains unresolved for presentation to Judge Martinez or resolution by motion.

**ESI AGREEMENT**

After reviewing Defendants' latest ESI counterproposal, Plaintiff can accept the ESI agreement substantially as Defendants have proposed it. Therefore, the following is agreed and it stays in the agreement:

Plaintiff can agree to the Western District model provisions, as reflected in Defendants' latest proposal, governing: identification of custodians; non-custodial, third-party, and inaccessible data sources; foreign-data issues; search terms and search methodology; form of production; native production of spreadsheets and databases; Bates numbering and preservation of underlying metadata/revision history; extracted text; de-duplication; email threading; metadata fields; hard-copy/OCR production; preservation; privilege logs; redactions; and the Rule 502(d) ESI provision. Plaintiff can also withdraw the additional detailed case-specific custodian language and rely on the model's bilateral custodian disclosure requirement.

**ONLY TWO ESI/DISCOVERY ISSUES REMAIN**

**1. Amiga Lawyers / Ally Lozano records said not to exist.** The parties have not agreed on what inquiry is required when Defendants state that a dissolved entity has no responsive records. Plaintiff's position is that the inquiry cannot end with the entity's dissolution or its present lack of files. Defendants should make a reasonable inquiry into former custodians, legacy systems, shared repositories, third-party sources, backups, archives, related entities, and any location to which the records may have been transferred. If the parties cannot agree, this issue should be decided at the discovery conference with Judge Martinez.

**2. Existing discovery obligations and supplementation.** The parties have not agreed that entry of the ESI agreement will leave existing discovery deadlines and already-promised supplemental productions unchanged. Plaintiff's position is that the ESI agreement governs the handling of ESI; it does not restart or postpone discovery that was already due. If the ESI process identifies responsive material or an additional source after a prior response stated that no responsive documents exist, the response must be

supplemented. If the parties cannot agree, this issue should also be decided at the discovery conference.

Bottom line: Plaintiff can agree to the balance of Defendants' latest ESI proposal. The Court need only address the two issues above if the parties cannot resolve them.

**DEPOSITIONS**

Based on Kyle's confirmation that Defendants' position regarding the depositions remains unchanged, the parties are at an impasse on the location and manner of the Toscano and Lozano Kennedy depositions. Accordingly, that issue should be included among the remaining disputes presented to Judge Martinez at the discovery conference.

**DEFENDANTS OVERDUE DISCOVERY**

Defendants also have now had approximately one week since our CR 26(i) conference to provide a proposed completion date for the supplemental discovery they agreed to produce but still have not provided one. I specifically asked Defendants to tell me what reasonable extension they needed so that we could attempt to reach an agreement. Instead, the latest response states only that Defendants are still attempting to identify a timeframe. An open-ended extension is not reasonable, particularly where the original response deadlines have already passed. Plaintiff therefore proposes that Defendants complete the agreed supplemental discovery within 21 days of the CR 26(i) conference, with responsive documents produced on a rolling basis beginning immediately and the production fully completed by the end of that 21-day period. If Defendants do not agree, please advise immediately so that the completion deadline can be presented to Judge Martinez at the discovery conference.

The following issues also remain unresolved. Please confirm Defendants' position so they can either be resolved or included in the discovery conference:

**1. Amiga Lawyers, LLC / Ally Lozano, LLC Records.** The adequacy of Defendants' "no responsive records" responses remains unresolved, including what happened to former records and whether responsive records remain available from other sources. If Defendants maintain their position, this issue should be presented to Judge Martinez.

**2. Financial Discovery.** Please confirm whether Defendants continue to object to discovery concerning transfers, payments, distributions, compensation, and movement of funds among the Firm and related entities. If so, this issue remains for Judge Martinez.

**3. Database Reports / Usable Exports.** Please confirm that Defendants will produce the agreed reports or usable exports supporting responsive Firm client data and Salud Total evaluation/payment information, to the extent they can be generated. If not, this issue remains for Judge Martinez.

**4. Signed Interrogatory Responses.** Please confirm that Defendants will serve interrogatory answers signed by the persons making the answers and responses/objections signed by counsel, as Peter indicated. If not, this issue remains for Judge Martinez.

Thank you,

Damian

On Sun, Sep 20, 2026 at 6:03 PM Kyle Dugan <Kyle@angelicalfo.com> wrote:

Damian –

We do not believe any of the issues we've discussed need to be submitted to Judge Martinez via a letter and certainly have not reached an impasse in the protective order or ESI agreement. We are committed to working with you to find mutually language in both which protects our clients' interests. To that end, I am attaching revised protective and ESI orders.

In the protective order, we have attempted to meet your request to outline reasonably anticipated categories of documents which we believe may warrant confidentiality. Still, we do not think any substantive change to the model with respect to the Rule 502 provisions is warranted.

With respect to your proposed ESI order, as a general note we do not see that it contemplates most of the additions you've made. Further, some of the proposed provisions are not consistent with our conversation, specifically on the subject of documents of entities which no longer exist. As a result, we've removed most of those proposed additions (save for one unilateral disclosure you appear to want to include as to document custodians). We've also removed or kept as appropriate the optional provisions the model provides since they went unaddressed in your initial proposal. We are, of course, willing to discuss these so please let us know your thoughts.

We are still attempting to identify a specific timeframe to get you the documents we have indicated we will produce. As we previously explained, there are a number of

moving parts to your requests to different entities, each of which requires collection and review. As soon as I know when I can get tranches of documents to you, I will let you know.

As to the depositions, you are aware of our position and it remains unchanged.

Regards,

Kyle

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Friday, September 18, 2026 2:19 PM
**To:** Kyle Dugan <Kyle@angelicalfo.com>
**Cc:** Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Harold Malkin <Harold@angelicalfo.com>; Peter Hawkes <Peter@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Cheryl Oakley <Cheryl@angelicalfo.com>; Feve Retonio <Feve@angelicalfo.com>
**Subject:** Re: Toscano / Lozano -- Draft Stipulated Protective Order

Hi Kyle. The stipulation that you signed means that Judge Martinez will sign off on stipulations by parties, not that that stipulation follows the instructions of the model. The parties in that case agreed to that language. That does not mean that the language in that stipulation follows what the model instructs the parties to do. Therefore, it seems to me like we need to present those two issues for which we were not able to reach an agreement to Judge Martinez regarding the protective order. Regarding the ESI agreement. Are there any changes that you suggest? Please let me know if there are changes that you suggest that we should discuss. But more importantly, I need you to respond to my post- CR26i letter so that I know how long of an extension you are proposing on fully responding to the discovery requests to see if we can reach agreement on that, or if that will be an additional issue to add to our discovery conference with Judge Martinez. Same thing regarding the depositions issues and the other items listed in my letter. Please respond by the end of business this Monday September 21, 2026 otherwise I will have to assume that you want all of those issues in the letter addressed with Judge Martinez.

Thank you

On Fri, Sep 18, 2026 at 1:59 PM Kyle Dugan <Kyle@angelicalfo.com> wrote:

Damian – Judge Ramirez does not appear to have a problem with entering stipulated protective orders containing the language we've proposed. In the attached, confidential information was defined only as: "information or documents that a party or third-party in good faith reasonably believe contains sensitive, non-public, private or confidential personal information the public disclosure of which would cause actual harm to a person's reasonable expectation of privacy or is otherwise entitled to protection under the applicable Court rules." This is the type of provision we provided in category (4), in addition to the more specifically identified in categories (1)–(3).

We are attempting to avoid the need to meet and confer over every unanticipated item by having definitions which reasonably encompass documents worthy of protection but which we cannot now specifically identify. This also helps mitigate the need for conversations about potential amendments to the stipulated order, which would then in turn need agreement, then to be filed and considered by the Court before entry. Again, the attached order entered by Judge Ramirez contemplates a similar, if not identical, approach to the one we propose now. You, of course, would be free to challenge the designation of any item we mark as confidential and which you contend does not qualify for protection under any of our proposed definitions.

Regarding FRE 502, our position is simple: while we may understand the ESI model has a different language regarding a similar provision, we see no reason to divert from the Western District model for the protective order.

Regards,

Kyle

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Wednesday, September 16, 2026 2:55 PM
**To:** Kyle Dugan <Kyle@angelicalfo.com>
**Cc:** Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Harold Malkin <Harold@angelicalfo.com>; Peter Hawkes <Peter@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Cheryl Oakley <Cheryl@angelicalfo.com>; Feve Retonio <Feve@angelicalfo.com>
**Subject:** Re: Toscano / Lozano -- Draft Stipulated Protective Order

Kyle:

Thank you. I think we can narrow the remaining issues.

As to Section 2, my concern is not that legitimate proprietary or financial information can never qualify for confidential treatment. The concern is the breadth of the proposed categories. The Western District's Model Stipulated Protective Order expressly instructs the parties to identify specific documents and specifically cautions: "do not list broad categories of documents such as 'sensitive business material.'" Your proposed category (1), "sensitive financial or business information," is substantially the type of broad category the model instructs the parties not to use, and category (4) is broader still.

I am willing to consider additional specifically identified categories of proprietary or financial documents that Defendants reasonably anticipate producing. If there are particular categories—such as specified nonpublic compensation schedules, proprietary pricing information, or another identifiable category—please identify them and I will consider them. That approach protects legitimate confidentiality interests while following the Court's model and avoiding a blanket designation over business discovery that is central to the claims in this case.

I also do not think the possibility of encountering an unforeseen document requires the catch-all in category (4). Section 5.1 already requires the designating party to exercise restraint and limit designations to material that qualifies under the appropriate standards. If an unforeseen category presenting a legitimate confidentiality concern actually arises, the parties can meet and confer concerning that particular category rather than prospectively defining virtually any business or personal information as potentially confidential.

On Rule 502(d), I agree that strong bilateral non-waiver protection is appropriate. One point of clarification: the Western District Model Stipulated Protective Order PDF I am reviewing contains the shorter Rule 502(d) provision, while the additional language concerning production "whether inadvertent or otherwise," maximum Rule 502(d) protection, and the nonapplication of Rule 502(b) appears in the Western District's Model Agreement Regarding Discovery of Electronically Stored Information. I am not objecting to those protections.

My proposed revision concerns only the final sentence requiring information claimed to be privileged or work product to be "immediately returned" to the producing party. Rule 26(b)(5)(B) already supplies the procedure for a post-production privilege claim. It requires the receiving party, after notification, to return, sequester, or destroy the specified information and not use or disclose it while the claim is unresolved, but it also permits the receiving party to promptly present the information to the Court under seal for determination of the privilege claim. Referring the parties to Rule 26(b)(5)(B)

therefore preserves the full Rule 502(d) non-waiver protection while also preserving either side's ability to challenge whether the information was privileged or protected in the first place. Rule 502(d) should prevent waiver through production; it should not make the producing party's assertion of privilege conclusive.

If you are agreeable, I suggest that we focus the remaining discussion on identifying the specific additional categories Defendants believe should be included in Section 2 and whether incorporating the Rule 26(b)(5)(B) procedure resolves the final privilege-language issue. I think that should allow us to finalize the protective order without involving the Court. If you are not agreeable then we should present those issues to Judge Martinez.

Similarly, I sent you yesterday Plaintiff's proposed ESI agreement, based on the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information, together with a marked comparison identifying Plaintiff's proposed case-specific changes. I am awaiting your response to that proposal as well. If the parties reach agreement on the ESI stipulation, we can submit it without involving the Court. If discrete ESI issues remain after you  review the proposal and the parties confer, those remaining issues can likewise be included in the short list presented to Judge Martinez.

Finally, please respond to my Cr26i letter from yesterday so that we can identify the rest of the issues, if any, that may need to be presented to judge Martinez at the discovery conference.

Thank you,
Damian

On Wed, Sep 16, 2026 at 2:15 PM Kyle Dugan <Kyle@angelicalfo.com> wrote:

Damian – We cannot agree to your requested changes to the draft order we circulated.

Your revision to our proposed category (1) would limit confidentiality designations to those instances involving "personal identifying information." This is far too narrow, as there may be proprietary business information contained in the records you have requested which warrants confidentiality. You have made multiple requests for information that go to the heart of the firm's business, financial records, and accounting practices—as such we cannot agree to your revision which would effectively state that those types of documents (and potentially others), as a broad proposition, do not contain confidential material.

With respect to category (4), that definition is important to ensure that we do not need to approach the Court for an amended protective order each and every time we encounter an unaddressed document (or category of documents) which, nonetheless, warrants being marked confidential. Removing this provision does not make the order "easier to administer" as you suggest, as in its absence we may need to submit a new amended order for the Judge's consideration and entry, potentially delaying the production of the new category of unaddressed documents until the issue is resolved. Of course, the draft stipulation reflects that we must "take care to limit any such designation to specific material that qualifies under the appropriate standards," which should allay any concerns you may.

Finally, we did not in the draft "expand" any FRE 502(d) protections. Rather, the language in the draft which you have attempted to alter is directly from the form stipulated protective order identified by the Western District of Washington. As such, we see no reason to agree to such a change.

Please let us know if you will agree to the form of the stipulated protective order that we previously passed along, without revision.

Regards,

Kyle

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Tuesday, September 15, 2026 11:58 AM
**To:** Kyle Dugan <Kyle@angelicalfo.com>
**Cc:** Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Harold Malkin <Harold@angelicalfo.com>; Peter Hawkes <Peter@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Cheryl Oakley <Cheryl@angelicalfo.com>; Feve Retonio <Feve@angelicalfo.com>
**Subject:** Re: Toscano / Lozano -- Draft Stipulated Protective Order

Kyle and Peter:

I reviewed your proposed Section 2 against the Western District's Model Stipulated Protective Order. I agree that a protective order is appropriate, but I think Plaintiff's

narrower Section 2 better follows the Court's model and avoids unnecessary confidentiality disputes.

The model specifically instructs the parties to identify specific documents or information to be treated as confidential and cautions against broad categories such as "sensitive business material." Your proposed subsection (1), "sensitive financial or business information," and particularly subsection (4), "any other confidential business or personal information where an individual's or entity's interest in confidentiality or privacy would outweigh the public interest," are broad catch-all categories. They would potentially permit confidentiality designations over a substantial portion of ordinary business discovery without identifying in advance what information actually requires protection.

Plaintiff's proposed language is more specific. It protects concrete categories that we discussed at the CR 26(i) conference: Social Security and taxpayer-identification numbers, financial-account and card numbers, driver's-license numbers, dates of birth, and identifiable medical, psychological, mental-health, treatment, diagnostic, and similar health information. Those are readily identifiable categories presenting genuine privacy or security concerns, and their inclusion should allow Defendants to produce responsive discovery without concern that those interests are unprotected.

If Defendants believe another particular category of materials requires protection please identify that category and the confidentiality interest specifically so we can address it expressly.

I do not think we need subsection (4)'s catch-all. The model already provides a procedure for designating appropriate material, challenging designations, and seeking Court protection where necessary. Keeping Section 2 specific will make the order easier to administer, reduce designation disputes, and conform more closely to the Western District's instruction against broad confidentiality categories.

I also made a limited change to the final Fed. R. Evid. 502(d) language. I am agreeable to the expanded 502(d) protection you proposed, including that production of privileged or protected material, whether inadvertent or otherwise, will not constitute a waiver and that the Order will provide the maximum protection permitted by Rule 502(d). That language is consistent with the Western District's Model ESI Agreement and protects both sides in a document-intensive case.

My edit is directed only to the final sentence requiring information claimed to be privileged or work product to be "immediately returned" to the producing party. Rule 26(b)(5)(B) already provides the procedure for addressing a post-production privilege claim: the receiving party must return, sequester, or destroy the specified information, may not use or disclose it while the claim is unresolved, and may promptly present the information to the Court under seal for determination of the claim. Referring the parties to Rule 26(b)(5)(B) preserves the full non-waiver protection of Rule 502(d), while also

preserving either side's ability to challenge whether a document was privileged or protected in the first place. A Rule 502(d) non-waiver provision should prevent waiver through production; it should not make the producing party's assertion of privilege conclusive. I therefore propose replacing only that final immediate-return sentence with the Rule 26(b)(5)(B) procedure and an express statement that the receiving party may challenge whether the information is privileged or otherwise protected.

With those compromises, I think we should be able to finalize the protective order promptly.

Best,
Damian

On Tue, Sep 15, 2026 at 10:53 AM Kyle Dugan <Kyle@angelicalfo.com> wrote:

Damian – Please see attached a draft Stipulated Protective Order, based off the Western District of Washington's form, for your consideration. Please let us know if you have any comments or wish to discuss.

Regards,

**Kyle B. Dugan**
(206) 703-4810

V-Card | Bio | Web

**SEATTLE OFFICE:**

701 Pike Street, Ste 1625, Seattle, WA 98101

**PORTLAND OFFICE:**

121 SW Morrison Street, Ste 400, Portland, OR 97204

, ,

Damian Mendez <mendezlaw@gmail.com>

to Peter, Angelo, Harold, Tyler, Ryan, Cheryl, Feve, Kyle, Manuel

Hi Peter, please see attached correspondence.

On Mon, Sep 14, 2026 at 5:23 PM Damian Mendez <mendezlaw@gmail.com> wrote:

Please see attached Plaintiff's Responses to Defendant's Discovery Requests. Also see link to the exhibits. Thank

https://www.dropbox.com/scl/fo/rhifez7refiwk5ob4ahh7/AIG9mfxbXOgf2xLZAB5y3lw?rlkey=zkdkkf6vmns2s

On Wed, Sep 9, 2026 at 7:37 PM Damian Mendez <mendezlaw@gmail.com> wrote:

Hi Peter. Thank you for your response. Please see below the Zoom link for this Monday at 10 am.

Damian Mendez is inviting you to a scheduled Zoom meeting.

Topic: Damian Mendez's Zoom Meeting
Time: Sep 14, 2026 10:00 AM Pacific Time (US and Canada)
Join Zoom Meeting
https://us02web.zoom.us/j/81712803984?pwd=oflSbcbsDrjL5KsP44nNikDCeJljjI.1

Meeting chat link
https://us02web.zoom.us/launch/jc/81712803984

Meeting ID: 817 1280 3984
Passcode: 223988

---

One tap mobile
+12532050468,,81712803984#,,,,*223988# US
+12532158782,,81712803984#,,,,*223988# US (Tacoma)

---

Join by SIP
• 81712803984@zoomcrc.com

Join instructions
https://us02web.zoom.us/meetings/81712803984/invitations?signature=xSeuczRjapi7g9_Mhda3Ug0QdE1UOTI

On Wed, Sep 9, 2026 at 1:42 PM Peter Hawkes <Peter@angelicalfo.com> wrote:

Damian,

I am not available tomorrow. I could confer on Monday between 10 and 3 or Tuesday before 2. Please include m

Peter Hawkes
**PRINCIPAL**

+1.971.420.0220

*V-Card* / *Bio* / *Web*

**SEATTLE OFFICE:**

701 Pike Street, Ste 1625, Seattle, WA 98101

**PORTLAND OFFICE:**

121 S.W. Morrison St, Ste 400, Portland, OR 97204

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Tuesday, September 8, 2026 5:11 PM

**To:** Peter Hawkes <Peter@angelicalfo.com>
**Cc:** Angelo Calfo <Angelo@angelicalfo.com>; Harold Malkin <Harold@angelicalfo.com>; Tyler Weaver < <Feve@angelicalfo.com>
**Subject:** Re: Filed!

Hi Peter.I hope that you are doing well. Please see attached my letter scheduling a CR26i conference. Please adv one of the other dates that I propose in the letter.

Thank you

DamianMendez
to Peter, Angelo, Harold, Tyler, Ryan, Cheryl, Feve

Hi Peter,

Plaintiff does not agree to stay the discovery directed to Amiga Lawyers, LLC and Ally Lozano, LLC. The discovery requests were properly served and responses are due September 3, 2026. The filing of a Rule 12(b)(6) motion does not automatically stay discovery. We expect timely responses to the outstanding discovery.

Regarding the statute of limitations. Accrual and equitable-tolling principles and the application of those principles to the facts and claims alleged here is an issue for the Court to decide, not a basis for unilaterally suspending existing discovery obligations.

Moreover, with respect to the underlying RICO claims, the limitations analysis is itself governed by federal law. Civil RICO carries a four-year limitations period, and in the Ninth Circuit the period generally begins when a plaintiff knows or should know of the injury underlying the claim. *Pincay v. Andrews*, 238 F.3d 1106, 1109-10 (9th Cir. 2001); *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 365 (9th Cir. 2005). *Living Designs* further recognizes that whether a plaintiff knew or should have discovered fraud is ordinarily a factual question that should be decided by the jury. Those principles are particularly pertinent here given the allegations concerning concealment of the nature and contents of immigration filings. Accordingly, Plaintiff does not consent to the requested stay. Amiga Lawyers, LLC and Ally Lozano, LLC should serve their responses to Plaintiff's outstanding discovery by September 3, 2026.

Damian

On Thu, Aug 20, 2026 at 2:27 PM Peter Hawkes <Peter@angelicalfo.com> wrote:
Damian,

We are requesting that the discovery directed at Amiga Lawyers, LLC and Ally Lozano, LLC be stayed pending a decision on our motion to dismiss the claims against those two entities.

As we assume you saw in the motion, both of those entities were dissolved more than three years prior to the filing of the complaint and are thus statutorily immune from suit. Since they are not proper parties in any event, they should not be required to respond to discovery.

Peter Hawkes

**PRINCIPAL**

+1.971.420.0220
*V-Card* / *Bio* / *Web*

**SEATTLE OFFICE:**
701 Pike Street, Ste 1625, Seattle, WA 98101

**PORTLAND OFFICE:**

121 S.W. Morrison St, Ste 400, Portland, OR 97204

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Tuesday, August 4, 2026 12:14 PM
**To:** Peter Hawkes <Peter@angelicalfo.com>; Cheryl Oakley <Cheryl@angelicalfo.com>; Feve Retonio <Feve@angelicalfo.com>
**Cc:** Angelo Calfo <Angelo@angelicalfo.com>; Harold Malkin <Harold@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>
**Subject:** Re: Filed!

Hi Pete.  Please see attached Plaintiff's First Discovery Requests to Defendants. Thank you

# EXHIBIT B

Focused Amiga/Ally Discovery Record

B-1 — Amiga Lawyers, LLC responses to RFP Nos. 29–30.
B-2 — Ally Lozano, LLC response to Interrogatory No. 11 and RFP Nos. 29–30.
B-3 — Alexandra Lozano Kennedy response to Interrogatory No. 10 (response pages 10–11).

# EXHIBIT B-1

Amiga Lawyers, LLC - RFP Nos. 29–30 and Responses

the Lozano Firm, Ally Lozano, En Solidaridad, Salud Total, or any entity owned, managed, controlled, or beneficially owned by Alexandra Lozano Kennedy or Manuel Lozano Rodriguez.

**RESPONSE:** Defendant objects to this request as it seeks information that is irrelevant and not proportional to the needs of the case. Defendant is a dissolved entity against which claims are barred pursuant to RCW 25.15.309. Moreover, Plaintiff does not allege any claims or harm arising from Defendant's business activities or other conduct. This request seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this request as seeking confidential personal or company financial information.

Subject to and without waiving the foregoing objections, Defendant has no documents of any kind in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents concerning the creation, ownership, development, acquisition, valuation, licensing, sale, assignment, or transfer of any intellectual property used by Amiga Lawyers, LLC, including but not limited to, the "Arreglar Sin Salir" method or any similarly named method, operational blueprints, training programs, curricula, videos, manuals, templates, forms, scripts, workflows, software, trademarks, trade names, databases, participant lists, or other proprietary materials, including documents identifying:

(a) who created or owned each asset;

(b) amounts paid to acquire or develop it;

(c) persons or entities to whom it was licensed;

(d) licensing fees or royalties received; and

(e) its current owner or custodian.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

**RESPONSE:** Defendant objects to this request as it seeks information that is irrelevant and not proportional to the needs of the case. Defendant is a dissolved entity against which claims are barred pursuant to RCW 25.15.309. Moreover, Plaintiff does not allege any claims or harm arising from Defendant's business activities or other conduct. This request seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this request as seeking confidential personal or company financial information.

Subject to and without waiving the foregoing objections, Defendant has no documents of any kind in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents concerning Amiga Lawyers, LLC's cessation of operations, winding up, and dissolution and any sale, assignment, distribution, transfer, continuation, or other disposition of Amiga Lawyers, LLC's money, bank accounts, accounts receivable, contracts, membership relationships, participant lists, training programs, intellectual property, operational blueprints, templates, videos, electronic data, websites, social-media accounts, software, goodwill, or other assets, including documents sufficient to identify:

(a) each asset or interest transferred;

(b) date of transfer;

(c) transferor and recipient;

(d) consideration received;

(e) account into which consideration was deposited;

(f) distributions of proceeds; and

(g) present owner, possessor, custodian, or user of the transferred asset or interest.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

**RESPONSE:** Defendant objects to this request as it seeks information that is irrelevant and not proportional to the needs of the case. Defendant is a dissolved entity against which claims are barred pursuant to RCW 25.15.309. Moreover, Plaintiff does not allege any claims or harm arising from Defendant's business activities or other conduct. This request seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this request as seeking confidential personal or company financial information.

Subject to and without waiving the foregoing objections, Defendant has no documents of any kind in its possession, custody, or control.

Dated: September 3, 2026

ANGELI & CALFO LLC

By: /s/ Peter D. Hawkes

Angelo J. Calfo, WSBA #27079
Peter D. Hawkes, WSBA #56794
Harold Malkin, WSBA #30986
Tyler S. Weaver, WSBA #29413
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810
angelo@angelicalfo.com
peter@angelicalfo.com
harold@angelicalfo.com
tylerw@angelicalfo.com

*Attorneys for Defendants Alexandra Lozano Kennedy, La Luz Del Camino Legal, PLLC f/k/a Alexandra Lozano Immigration Law, PLLC, Salud Total, LLC, Amiga Lawyers, LLC, and Ally Lozano, LLC*

# EXHIBIT B-2

Ally Lozano, LLC - Interrogatory No. 11 and RFP Nos. 29–30 with Responses

(a) Alexandra Lozano Kennedy;

(b) Manuel Lozano Rodriguez;

(c) the Firm;

(d) Amiga Lawyers, LLC;

(e) En Solidaridad, LLC;

(f) Salud Total, LLC; or

(g) any entity owned or controlled by Alexandra Lozano Kennedy or Manuel Lozano Rodriguez, stating the date, amount, recipient, source account, purpose, and consideration.

**ANSWER:** Defendant objects to this interrogatory as it seeks information that is irrelevant and not proportional to the needs of the case. Defendant is a dissolved entity against which claims are barred pursuant to RCW 25.15.309. Moreover, Plaintiff does not allege any claims or harm arising from Defendant's business activities or other conduct. This interrogatory seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this interrogatory as seeking confidential personal or company financial information. Defendant also objects to this interrogatory to the extent it contains multiple discrete subparts. This interrogatory is not properly a single interrogatory, nor should it be counted as a single interrogatory towards Plaintiff's limit of 25 interrogatories.

**INTERROGATORY NO. 11:** Describe the circumstances surrounding Ally Lozano, LLC's cessation of operations and dissolution, including:

(a) when and why the decision was made;

(b) all persons participating in the decision;

(c) date operations ceased;



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

(d) disposition of bank accounts, accounts receivable, contracts, participant relationships, client or customer lists, intellectual property, training programs, websites, social-media accounts, electronic data, software, goodwill, and other assets;

(e) each distribution or transfer made in connection with winding up;

(f) each recipient of an asset; and

(g) whether any operation, revenue stream, contract, intellectual property, personnel, or asset was transferred to Alexandra Lozano Kennedy, Manuel Lozano Rodriguez, the Firm, Amiga Lawyers, LLC or another entity.

**ANSWER:** Defendant objects to this interrogatory as it seeks information that is irrelevant and not proportional to the needs of the case. Defendant is a dissolved entity against which claims are barred pursuant to RCW 25.15.309. Moreover, Plaintiff does not allege any claims or harm arising from Defendant's business activities or other conduct. This interrogatory seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this interrogatory as seeking confidential personal or company financial information. Defendant also objects to this interrogatory to the extent it contains multiple discrete subparts. This interrogatory is not properly a single interrogatory, nor should it be counted as a single interrogatory towards Plaintiff's limit of 25 interrogatories.

## II. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all formation, governance, ownership, and organizational documents for Ally Lozano, LLC, including articles of organization, operating agreements and amendments, membership records, ownership schedules, resolutions, minutes, organizational charts, and documents identifying all owners, members, governors, managers, officers, and beneficial owners.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

request seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this request as seeking confidential personal or company financial information.

Subject to and without waiving the foregoing objections, Defendant has no documents of any kind in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents reflecting compensation, distributions, draws, dividends, loans, reimbursements, management fees, consulting fees, royalties, licensing payments, payment of personal expenses, transfers of property, or other transfers of value from Ally Lozano, LLC to or for the benefit of:

(a) Alexandra Lozano Kennedy;

(b) Manuel Lozano Rodriguez;

(c) the Firm;

(d) Amiga Lawyers, LLC;

(e) En Solidaridad, LLC;

(f) Salud Total, LLC; or

(g) any entity owned, managed, controlled, or beneficially owned by Alexandra Lozano Kennedy or Manuel Lozano Rodriguez.

**RESPONSE:** Defendant objects to this request as it seeks information that is irrelevant and not proportional to the needs of the case. Defendant is a dissolved entity against which claims are barred pursuant to RCW 25.15.309. Moreover, Plaintiff does not allege any claims or harm arising from Defendant's business activities or other conduct. This request seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

relevant to liability or damages. Defendant further objects to this request as seeking confidential personal or company financial information.

Subject to and without waiving the foregoing objections, Defendant has no documents of any kind in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents concerning Ally Lozano, LLC's cessation of operations, winding up, and dissolution, including:

(a) resolutions and communications concerning dissolution;

(b) final financial statements;

(c) bank account closures;

(d) accounts receivable;

(e) distributions to members, governors, owners, affiliates, or related persons;

(f) transfers of cash or property;

(g) assignments of contracts;

(h) transfers of participant or customer relationships;

(i) transfers of intellectual property;

(j) transfers of electronic data, websites, software, social-media accounts, or goodwill;

(k) recipient of each transferred asset;

(l) consideration received;

(m) account into which consideration was deposited; and

(n) current owner, custodian, or user of each material asset or operation formerly belonging to Ally Lozano, LLC.

**RESPONSE:** Defendant objects to this request as it seeks information that is irrelevant and not proportional to the needs of the case. Defendant is a dissolved entity against which claims are barred pursuant to RCW 25.15.309. Moreover, Plaintiff does not



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

# EXHIBIT B-3

Alexandra Lozano Kennedy - Response to Interrogatory No. 10

Relevant response pages 10–11, including Kennedy’s statement concerning ownership of Amiga Lawyers, LLC and Ally Lozano, LLC.

Defendant does not have a specific recollection of the identity of the persons who reported to her or with whom she communicated concerning the above subjects.

Pursuant to Fed. R. Civ. P. 33(d), Defendant will produce the Firm's written policies and procedures with respect to the requested topics, to the extent any exist, and written communications to or from Defendant regarding the same.

**INTERROGATORY NO. 10:**[1] Describe Your ownership, management, financial, contractual, licensing, or other relationship with Amiga Lawyers, LLC; Ally Lozano, LLC; En Solidaridad, LLC; Salud Total, LLC; Immigration Solutions Law Group, PLLC and each other entity identified in response to Interrogatory No. 1, including all money or other consideration received by You, the Firm, or the entity as a result of that relationship and the services, systems, training, workflows, intellectual property, referrals, personnel, or other benefits exchanged.

**ANSWER:** Defendant objects to this interrogatory as seeking information that is irrelevant and not proportional to the needs of the case. This interrogatory seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this interrogatory as seeking confidential personal or company financial information, which Defendant will not produce without entry of a mutually agreeable stipulated protective order. Defendant objects to the phrase "each other entity identified in response to Interrogatory No. 1" because Interrogatory No.1 does not discuss or relate to any one or more entities. She further objects to describing "all money or other consideration received" as a result of her relationships with the entities specifically referenced in this interrogatory since 2014 on grounds of relevance, burdensomeness and proportionality in relation to plaintiff's claims in this action.

---

[1] Plaintiff did not serve an Interrogatory No. 9.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

Without waiving the forgoing objections, Alexandra Lozano responds that Amiga Lawyers, LLC and Ally Lozano, LLC were dissolved in February 2023 and formation and/or other relevant documents are no longer available to confirm what, if any, direct or indirect ownership interest she may have had in either entity. Upon information and belief, Ms. Lozano was the owner of both entities. En Solidaridad was similarly dissolved in November 2023. Upon information and belief, Ms. Lozano was not an owner of En Solidaridad. Ms. Lozano is the sole trustee of Five Star Legacy Trust, which is the only Member of Salud Total. She has not been involved in Salud Total's day-to-day management or operations since it was formed in May 2023. Ms. Lozano has no relationship to Immigration Solutions Law Group, PLLC.

**INTERROGATORY NO. 11:** Identify each account located outside the United States, and each foreign corporation, partnership, trust, investment, or other financial arrangement, that during the Relevant Time Period received money or property originating directly or indirectly from:

(a) the Firm;

(b) a Related Entity;

(c) fees paid by Firm clients; or

(d) Your compensation, distributions, owner draws, licensing income, or other proceeds derived from the Firm or a Related Entity, and identify the country, institution or entity, account or interest holder, nature of the interest, and source of the transferred funds or property.

**ANSWER:** Defendant objects to this interrogatory as seeking information that is irrelevant and not proportional to the needs of the case. This interrogatory seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

# EXHIBIT C

Focused La Luz Financial-Discovery Responses

Page 1 — Interrogatory Nos. 7–8, including Interrogatory No. 8 concerning transfers between La Luz and affiliated entities.
Pages 2–3 — RFP Nos. 14–17, including RFP Nos. 16–17 concerning inter-entity transfers and distributions/transfers of value.

**New York**

- Jackson Heights Office — 84-11 37th Ave, Jackson Heights, NY 11372

**Maryland**

- Hyattsville Office — 1835 University Blvd E, Hyattsville, MD 20783

**INTERROGATORY NO. 7:** Identify every bank, credit union, merchant processor, payment platform, payroll processor, financing company, or financial institution used by YOU during the relevant time period.

**ANSWER:** Defendant objects to this interrogatory as seeking information that is irrelevant and not proportional to the needs of the case. This interrogatory seeks premature asset-related discovery before any judgment has been entered. Discovery into company or personal finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this interrogatory as seeking confidential company or personal financial information, which Defendant will not produce without entry of a mutually agreeable stipulated protective order.

**INTERROGATORY NO. 8:** Describe every transfer of money, assets, client files, employees, goodwill, intellectual property, trade names, or business opportunities between YOU and any affiliated entity during the class period.

**ANSWER:** Defendant objects to this interrogatory as seeking information that is irrelevant and not proportional to the needs of the case. This interrogatory seeks premature asset-related discovery before any judgment has been entered. Discovery into company or personal finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this interrogatory as seeking confidential company or personal financial information, which Defendant will not produce without entry of a mutually agreeable stipulated protective order. Defendant further objects to this interrogatory as vague and ambiguous with respect to the term "business opportunities" and the undefined



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

**REQUEST FOR PRODUCTION NO. 14:** Produce every document in their native electronic format reflecting payments made by any client, including payment ledgers, invoices, receipts, installment agreements, financing agreements, merchant processor reports, debit card records, credit card records, electronic payment records, wire transfers, ACH transfers, payment histories, refunds, credits, and write-offs.

**RESPONSE:** Defendant objects to this request as seeking documents that are irrelevant and not proportional to the needs of the case. A request for "every document" reflecting payments made by any client is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendant will produce a summary report sufficient to show payments received from clients during the relevant period.

**REQUEST FOR PRODUCTION NO. 15:** Produce every agreement, communication, invoice, payment record, or other document relating to any financing company, lending institution, payment plan provider, merchant processor, credit card processor, payment facilitator, collection agency, or third-party payment platform utilized by the Firm, including but not limited to Stripe, Square, Authorize.net, LawPay, PayPal, Zelle, Cash App, Venmo, Wise, or similar entities.

**RESPONSE:** Defendant objects to this request as seeking documents that are irrelevant and not proportional to the needs of the case. This request seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this request as seeking confidential personal or company financial information, which Defendant will not produce without entry of a mutually agreeable stipulated protective order.

**REQUEST FOR PRODUCTION NO. 16:** Produce every document concerning transfers of money, assets, receivables, accounts, goodwill, intellectual property, client lists,



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

contracts, employees, equipment, or business opportunities between YOU and Alexandra Lozano Kennedy, En Solidaridad, LLC, Salud Total, LLC, Amiga Lawyers, LLC, Ally Lozano, LLC, any individual or any other affiliated entity during the relevant time period.

**RESPONSE:** Defendant objects to this request as seeking documents that are irrelevant and not proportional to the needs of the case. This request seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this request as seeking confidential personal or company financial information, which Defendant will not produce without entry of a mutually agreeable stipulated protective order. Defendant further objects to this request as vague and ambiguous with respect to the undefined term "affiliated entity."

**REQUEST FOR PRODUCTION NO. 17:** Produce every document reflecting distributions, owner draws, shareholder distributions, member distributions, guaranteed payments, bonuses, incentive compensation, profit distributions, consulting fees, management fees, licensing fees, dividends, loans, forgiven loans, reimbursements, or other transfers of value made by YOU to Alexandra Lozano Kennedy, any individual or any officer, owner, member, manager, employee, family member, or affiliated entity during the relevant time period.

**RESPONSE:** Defendant objects to this request as seeking documents that are irrelevant and not proportional to the needs of the case. This request seeks premature asset-related discovery before any judgment has been entered. Discovery into personal or company finances, asset transfers, and property holdings is not relevant to liability or damages. Defendant further objects to this request as seeking confidential personal or company financial information, which Defendant will not produce without entry of a mutually agreeable stipulated protective order. Defendant further objects to this request as vague and



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

# EXHIBIT D

Court Communications Regarding Remaining Discovery Disputes and Production Timing

Damian Mendez <mendezlaw@gmail.com>

# Re: Diaz Toscano v. Lozano Kennedy, et al., No. 2:26-cv-02088-RSM — Request for Discovery Conference

1 message

**Damian Mendez** <mendezlaw@gmail.com> Thu, Oct 1, 2026 at 1:55 PM
To: WAWDdb_RSMcrd <RSMcrd@wawd.uscourts.gov>
Cc: Manuel Rios <manuel@riosimmdefense.com>, Angelo Calfo <Angelo@angelicalfo.com>, Harold Malkin <Harold@angelicalfo.com>, Peter Hawkes <peter@angelicalfo.com>, Tyler Weaver <TylerW@angelicalfo.com>, Ryan Shelley <Ryan@angelicalfo.com>, Feve Retonio <feve@angelicalfo.com>, Kyle Dugan <Kyle@angelicalfo.com>, Cheryl Oakley <cheryl@angelicalfo.com>

Thank you. Plaintiff will be filing a motion

On Thu, Oct 1, 2026 at 1:39 PM WAWDdb_RSMcrd <RSMcrd@wawd.uscourts.gov> wrote:

> Good afternoon, Mr. Mendez,
>
> The Court has reviewed your request and declines to hold a discovery conference at this time. Judge Martinez would like the parties to file a motion.
>
> Best,
>
> Diyana Staples (she/her)
> Courtroom Deputy to Judge Kymberly K. Evanson and
>
> Judge Ricardo S. Martinez
> United States District Court
> Western District of Washington
> Phone: 206-370-8454
>
> ---
>
> **From:** Damian Mendez <mendezlaw@gmail.com>
> **Sent:** Thursday, October 1, 2026 12:44 PM
> **To:** WAWDdb_RSMcrd <RSMcrd@wawd.uscourts.gov>
> **Cc:** Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Harold Malkin <Harold@angelicalfo.com>; Peter Hawkes <peter@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Feve Retonio <feve@angelicalfo.com>; Kyle Dugan <Kyle@angelicalfo.com>; Cheryl Oakley <cheryl@angelicalfo.com>
> **Subject:** Re: Diaz Toscano v. Lozano Kennedy, et al., No. 2:26-cv-02088-RSM — Request for Discovery Conference
>
> **CAUTION - EXTERNAL:**

**Subject: Diaz Toscano v. Lozano Kennedy, et al., No. 2:26-cv-02088-RSM — Request for Discovery Conference Regarding Remaining Issue 5**

Dear Ms. Staples:

I write with all counsel copied to update the Court following Judge Martinez's September 29 direction regarding the five discovery issues previously presented.

The parties have resolved Issues 1 and 2 concerning the Stipulated Protective Order and ESI Protocol. The agreed Protective Order and ESI Protocol have now been filed with the Court.

As to Issues 3 and 4—the Amiga Lawyers, LLC / Ally Lozano, LLC discovery and the financial discovery—the parties continued their efforts to resolve or narrow those disputes but remain at an impasse. Consistent with the Court's September 29 direction, Plaintiff will address those two issues through written motions to compel.

That leaves Issue 5—the timing of Defendants' agreed supplemental production—as the only issue for which Plaintiff is presently requesting a discovery conference. The Court directed the parties to continue working together to resolve that issue, and the parties have continued to confer. Unfortunately, they have been unable to reach agreement.

Since the September 14 CR 26(i) conference, Plaintiff has repeatedly asked Defendants to (1) begin producing responsive documents on a rolling basis as they are collected and reviewed and (2) provide a date certain for completion of the agreed production. As of today, the discovery responses are 28 days overdue. Defendants have not produced a single document in response to the discovery requests. Defendants have stated only that they anticipate producing Plaintiff's client file by October 5. They have not agreed to begin rolling production immediately and have not proposed a date for completing the remainder of the agreed production. Their most recent position remains that they are collecting and reviewing materials and will provide a completion date when they are able to determine one.

Accordingly, despite the parties' continued efforts following the Court's September 29 direction, Issue 5 remains unresolved. Plaintiff respectfully requests that Judge Martinez schedule a discovery conference to address this final remaining issue. Plaintiff would also appreciate guidance regarding Judge Martinez's preferred procedure for such a conference, including whether the Court would like the parties to submit the relevant CR 26(i) correspondence, discovery requests and responses, or limited written submissions in advance. Plaintiff has those materials available and will provide whatever the Court requests. If the Court prefers that Issue 5 be presented in a different manner, Plaintiff will proceed as the Court directs.

Thank you,

Damian S. Mendez
Mendez Law Group, PLLC
One of the Attorneys for Plaintiff

On Tue, Sep 29, 2026 at 9:53 AM WAWDdb_RSMcrd <RSMcrd@wawd.uscourts.gov> wrote:

> Good morning,
>
> The Court has reviewed your request and declines to hold a discovery conference at this time. The Court states that if the parties cannot agree on changes to the model protective order and model ESI agreement the parties are directed to submit the Court's model versions unaltered and to raise any issue that subsequently arises via motion. If the parties cannot agree on the disputes raised in points 3 and 4, Plaintiffs are to file written motions to compel. The Court directs the parties to continue to work together to resolve the issue raised at point 5.

Best,

Diyana Staples (she/her)
Courtroom Deputy to Judge Kymberly K. Evanson and

Judge Ricardo S. Martinez
United States District Court
Western District of Washington
Phone: 206-370-8454

---

**From:** Damian Mendez <mendezlaw@gmail.com>
**Sent:** Monday, September 28, 2026 6:18 PM
**To:** Manuel Rios <manuel@riosimmdefense.com>; Angelo Calfo <Angelo@angelicalfo.com>; Harold Malkin <Harold@angelicalfo.com>; Peter Hawkes <peter@angelicalfo.com>; Tyler Weaver <TylerW@angelicalfo.com>; Ryan Shelley <Ryan@angelicalfo.com>; Feve Retonio <feve@angelicalfo.com>; WAWDdb_RSMcrd <RSMcrd@wawd.uscourts.gov>
**Subject:** Diaz Toscano v. Lozano Kennedy, et al., No. 2:26-cv-02088-RSM — Request for Discovery Conference

**CAUTION - EXTERNAL:**

Dear Judge Martinez's Courtroom Deputy:

I represent Plaintiff Maria Guadalupe Diaz Toscano. I am writing with all counsel copied to request a discovery conference with Judge Martinez concerning five remaining discovery disputes. Defendants have advised that they do not object to proceeding through Judge Martinez's discovery-conference procedure if the Court considers that procedure appropriate.

The parties have resolved the previously time-sensitive dispute concerning the manner of the party depositions. Defendants have confirmed that both Ms. Diaz Toscano and Ms. Lozano Kennedy may be deposed remotely by Zoom, and Plaintiff agrees. Accordingly, Plaintiff is not asking the Court to address the deposition issue.

The parties substantially narrowed the remaining discovery disputes through the September 14, 2026 CR 26(i) conference and subsequent written meet-and-confer process. The following five issues remain. The descriptions below identify Plaintiff's request and, based on Defendants' written responses, Defendants' stated position; they are not intended as jointly stipulated descriptions of the merits.

1. Stipulated Protective Order — Rule 502(d)/Rule 26(b)(5)(B). Plaintiff accepts Rule 502(d) non-waiver protection and proposes that Rule 26(b)(5)(B) govern reciprocally when either side makes a post-production claim of privilege or work-product protection. Under that Rule, the receiving party may not use or disclose the material while the claim is unresolved, must promptly return, sequester, or destroy it, and may present it to the Court under seal for determination of the claim. Defendants prefer the model protective-order language requiring immediate return of material claimed to be privileged or work product.

2. ESI Agreement — proposed Section F. Plaintiff proposes language stating that entry of the ESI protocol does not stay, postpone, reset, or excuse existing discovery obligations or agreed supplemental production and does not alter Rule 26(e) supplementation obligations. Defendants have

stated that they have not taken the position that entry of the ESI protocol resets response deadlines or alters supplementation duties, but oppose Section F because they contend the proposed language does not meaningfully relate to the production or retention of ESI and should not be included in the protocol.

3. Amiga Lawyers, LLC / Ally Lozano, LLC former or missing records. Plaintiff seeks complete supplemental responses to existing discovery provisions concerning responsive documents not produced, the basis for nonproduction, the disposition and reason for disposition of documents no longer possessed or controlled, and dissolution/transfer/recipient/current-custodian information expressly requested. Defendants contend that discovery definitions or instructions cannot impose duties beyond the Federal Rules and that, in light of the First Amended Complaint and the status of the dissolved entities, the requested discovery is unwarranted.

4. Financial discovery. Plaintiff seeks discovery concerning transfers, payments, distributions, compensation, and movement of funds among the Firm and alleged enterprise participants, subject to Rule 26(b)(1) proportionality and the protective order. Defendants dispute Plaintiff's characterization of the requests as targeted and contend that the requests are disproportionate and are not tethered to liability or damages under the claims presented.

5. Completion of agreed supplemental production. Plaintiff seeks immediate rolling production and a date certain for completion of the supplemental production Defendants have agreed to make. Defendants state that Plaintiff has requested more than 60 categories and subcategories of information, that collection and review require time, and that they are working to provide a realistic production timeline and to produce documents according to that timeline.

Plaintiff respectfully requests a discovery conference concerning these five issues. Defendants have advised that they do not object to the Court addressing the disputes through a discovery conference if Judge Martinez believes that procedure is appropriate.

Plaintiff would also appreciate guidance regarding Judge Martinez's preferred procedure for such a conference, including whether the Court would like the parties to submit the relevant CR 26(i) correspondence, discovery requests and responses, proposed protective order and ESI agreement, proposed orders, or limited written submissions in advance. Plaintiff has those materials available and will provide whatever the Court requests.

Thank you,
Damian S. Mendez
Mendez Law Group, PLLC
One of the Attorneys for Plaintiff

--

Damian Mendez
Attorney
Mendez Law Group, PLLC
3317 36th Ave. South, Unit B
Seattle, WA 98144
Phone (206)290-5148 Fax (206)260-9010

damianmendezlaw.com