THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

| | |
|---|---|
| MARIA GUADALUPE DIAZ TOSCANO, individually and as class representative,<br><br>Plaintiffs,<br><br>vs.<br><br>ALEXANDRA LOZANO KENNEDY, *et al.*,<br><br>Defendants. | No. 2:26-cv-02088-RSM<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO SET DEADLINE FOR SUPPLEMENTAL PRODUCTION<br><br>NOTING DATE: OCTOBER 23, 2026 |

## I. INTRODUCTION

Amiga Lawyers, LLC and Ally Lozano, LLC (the "Dissolved Entities") no longer exist. They were dissolved on February 6, 2023, and their capacity to sue or be sued under Washington law expired three years later. Yet, they were improperly named as defendants in this case—Plaintiff effectively admits as much, having dropped all causes of action against them when amending her claims in the First Amended Class Action Complaint and Jury Demand (Dkt. 24) (the "FAC"). Consequently, the Dissolved Entities are not and cannot be parties in this case. In spite of all this, Plaintiff moves to compel party discovery under Rules 33 and 34 against entities she concedes she has no claims against. The Court should deny Plaintiff's request.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

Plaintiff's motion separately makes unsupported arguments that La Luz Del Camino Legal, PLLC f/k/a Alexandra Lozano Immigration Law, PLLC (the "Firm") must provide additional responses to discovery requests concerning transfers of financial assets and property amongst the Defendants. This is a prototypical fishing expedition. There is no tether from the financial discovery sought to the allegations supporting the claims set out in the FAC. Plaintiff describes only client-facing conduct as the pillars of her mail- and wire-fraud claims. These interactions are not affected in any meaningful way by hypothetical transfers between the Defendants.

Finally, Plaintiff moves for a hard deadline for production of documents from the Firm. Notably, the Firm no longer operates and has very few employees. In the meet and confer process, the Firm's counsel declined to agree to a hard deadline for production of all records because it is still in the process of identifying and collecting documents in response to the more than 30 requests for production propounded by Plaintiff. In response to these document requests, the Firm has agreed to respond to more than 60 categories of documents to the extent they exist and is diligently working toward production of materials on a rolling basis. Setting an arbitrary deadline two weeks from entry of any order is unwarranted and impractical under these circumstances. Ample time remains in the class certification discovery period to allow the Firm to continue to make progress toward additional productions.

## II. ARGUMENT

### A. There is no basis for Plaintiff to seek discovery from the Dissolved Entities.

#### 1. *Fed. R. Civ. P. 33 and 34 permit discovery only as between parties.*

In the FAC, Plaintiff expressly disclaimed any cause of action against the Dissolved Entities. Dkt. 24 at 14 ("Plaintiff does not seek affirmative relief against Amiga Lawyers, LLC or Ally Lozano, LLC in this First Amended Complaint.") The Dissolved Entities are non-parties to this matter. But the rules Plaintiff relies upon to seek relief here are limited to



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

discovery issued as between parties. Fed. R. Civ. P. 33 ("A party may serve on any other party no more than 25 written interrogatories."), 34 ("A party may serve on any other party a request within the scope of Rule 26(b).") Plaintiff cannot seek to compel a non-party to respond to requests for production and interrogatories, which govern only parties. The Court should, as a result, deny the motion on this basis alone.

2. *Since their statutory period for post-dissolution capacity to sue and be sued has expired, the Dissolved Entities no longer legally exist.*

The Dissolved Entities do not legally exist and have not functioned as ongoing operations for several years, so there is no basis for compelling discovery from them. "Whether a judicial entity like a limited liability company has 'legal existence' is determined by reference to the law under which it was created." *Doe v. G6 Hosp. Prop. LLC*, 817 F. Supp. 3d 1074, 1084 (W.D. Wash. 2025) (citing *DHIP, LLC v. Fifth Third Bank*, No. 19-CV-2087 (VSB), 2021 WL 4481118, at *5 (S.D.N.Y. Sept. 30, 2021)). The Ninth Circuit has explained that "[a]fter a specified period post-dissolution, however, the corporation ceases to exist." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1037 (9th Cir. 2010); *see also G.M. Standifer Const. Corp. v. Comm'r of Internal Revenue*, 78 F.2d 285, 286 (9th Cir. 1935) ("The general effect of the dissolution of a corporation is to put an end to its corporate existence for all purposes whatsoever and to extinguish its power to sue or be sued.")

*Coto Settlement* makes plain that once state law determines an entity no longer has the capacity to sue or to be sued, it no longer has any "legal existence." *See id*. The same logic underpinning *Coto Settlement* is applicable here: once the Dissolved Entities lost their ability to sue and be sued under Washington law, they ceased to legally exist. That date was February 6, 2026. *See* RCW 25.15.309(1)–(2); Dkts. 25-1, 25-2 (Certificates of Dissolution for the Dissolved Entities). As such, they have no capacity (or requirement) to respond to discovery requests. This is a second, independent basis for denying Plaintiff's motion seeking information from the Dissolved Entities.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

**B. The FAC does not establish any tie to hypothetical financial transfers between the Defendants and discovery is unwarranted.**

Plaintiff also requests that the Court require the Firm to provide supplemental answers to Interrogatory No. 8 as well as Request for Production Nos. 16 and 17.[1] Dkt. 30 at 9. While these requests generally concern transfers of money and assets between the Defendants, their scope is utterly unrestrained. *See* Dkt. 30-1 at 67–69.[2] Plaintiff seeks from the Defendants "***every document*** concerning transfers of money, assets, receivables, accounts, goodwill, intellectual property, client lists, contracts, employees, equipment, or business opportunities." Dkt. 30-1 at 68–69 (emphasis added). Similarly, she asks the Court to compel "every document reflecting distributions, owner draws, shareholder distributions, member distributions, guaranteed payments, bonuses, incentive compensation, profit distributions, consulting fees, management fees, licensing fees, dividends, loans, forgiven loans, reimbursements, or other transfers of value." *Id*. at 69. Plaintiff has not tailored her requests to the specific needs of this case. While Plaintiff offers conclusory statements about why she seeks this discovery, those are no substitute for the legally cognizable connection to the claims at issue necessary for relief. And a reasonable tether between financial transfers and the enterprise described by Plaintiff in the FAC is never advanced.

At most, Plaintiff alleges an enterprise which is exclusively directed toward client-facing conduct (*i.e.*, marketing, intake practices, fee collection, referrals, evaluations, and filings). *See, e.g.*, Dkt. 24 ¶ 8.3 ("The Enterprise had a common purpose: to generate and maximize revenue by marketing, selling, processing, and filing high-volume humanitarian immigration matters through a standardized architecture.") Plaintiff never alleges that transfers

/ / /

---

[1] Plaintiff fails to include the Firm's complete answer to Interrogatory No. 8 and response to Request for Production No. 17 in the materials submitted with the Motion. *See* Dkt. 30-1 at 67–69.

[2] While the requests to the Firm seek information and documents concerning transfers amongst the collective Defendants and any "affiliated entit[ies]," the Motion appears to limit the requests now to just the named Defendants. *See* Dkt. 30 at 9.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

between Defendants were part of the alleged fraud or scheme, nor does she explain how the demanded information is supposedly relevant to her claims.

Ultimately, Plaintiff does not believe she needs to tie any hypothetical transfers to her claims here, stating "[a] transfer need not itself be a predicate act to be relevant to whether the enterprise existed and how it operated." Dkt. 30 at 11. This type of tactic—relying solely on the term "enterprise" to justify any and all discovery—was addressed in a Central District of California case, *PMC, Inc. v. Ferro Corp.*:

> The need to reasonably limit the scope of discovery is acute for claims brought under the RICO statute. The Supreme Court has recognized that the breadth of the RICO language encourages attempts to turn business disputes into federal racketeering charges. Thus, the risk that a party will attempt to use discovery to conduct a "fishing expedition" is a significant concern.

131 F.R.D. 184, 187 (C.D. Cal. 1990) (internal citation omitted). Because of those risks, the court there refused to compel discovery because the complaint failed to tie the fraud alleged to the specific discovery sought. *Id.* ("The Complaint plainly shows that all of PMC's claims for relief, including its RICO allegations, relate to the sale of Productol and to Ferro's obligations under the Purchase Agreement. PMC has not alleged, either generally or with particularity, any fraud relating to any of Ferro's other plants, or to real estate transactions or asset sales unrelated to the sale of the Productol plant.") The same reasoning should apply here. Indulging Plaintiff's argument that invoking the word "enterprise" allows discovery into any topic merely because it *could* relate in some unidentified manner to the enterprise would untether discovery from the claims actually pleaded—precisely what Fed. R. Civ. P. 26(b)(1)'s relevance and proportionality limits seek to curtail. Yet, Plaintiff offers only conjecture. Dkt. 30 at 10 ("Transactions among the closed list of alleged enterprise participants ***may show*** their relationships, roles, common purpose, and the flow of funds through the alleged enterprise." (emphasis added)).

Plaintiff then attempts to remedy this shortcoming by generally referencing the elements of a RICO claim as identified in a Ninth Circuit case, *Eclectic Props. E., LLC v.*



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

*Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014). *See* Dkt. 30 at 9–10. The issue here, however, is not whether Plaintiff has misstated the essential components of her claim, but the FAC's failure to disclose fraudulent behavior sufficient to bring unidentified intra-defendant transfers within the realm of discovery. In *Eclectic Props*., the Ninth Circuit affirmed the dismissal of the underlying RICO claims, noting that the complaint had not established enough factual specificity "to allow a court to infer reasonably that such conduct is plausibly part of a fraudulent scheme." *Id*. at 998. The same is true here where Plaintiff has failed to make any factual allegation regarding the transfers being part of the fraud identified.

The only other case offered by Plaintiff, *Paws Up Ranch v. Green*, is not instructive at all—that case involved a third-party subpoena for documents where the defendant claimed a privileged interest in the documents, but "freely conceded" the information sought was relevant. No. 2:12-CV-01547-GMN, 2013 WL 6184940, at *4 (D. Nev. Nov. 22, 2013). It does not declare as a broad proposition that financial records are relevant in a RICO suit.

### C. **The Court need not impose a set production deadline for the agreed documents; alternatively it should require the parties to meet and confer on the progress of the Firm's rolling discovery every 20 days.**

The final portion of the Motion concerns documents the Firm *has agreed* to search for and produce in response to the voluminous requests that Plaintiff has served. *See* Dkt. 30-1 at 28–29. Plaintiff demands faster compliance with her unbounded requests. But district courts have "broad discretion to manage discovery and to control the course of litigation." *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Further, they may "fashion discovery such that a proper balance between Rule 26's broad discovery mandates and appropriate restrictions on such discovery is achieved." *Doe v. Trump*, 329 F.R.D. 262, 273 (W.D. Wash. 2018). The Firm has met its prior commitment to Plaintiff to complete production of Plaintiff's client file. That was accomplished on October 5, 2026. Dugan Decl. ¶ 2. The Firm is currently collecting and reviewing additional documents potentially responsive to the categories which it agreed to produce in its responses and objections. *Id.* ¶ 3. The balance identified in *Doe* must involve



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

weighing the articulated urgency of the requested discovery against the realities of the situation. The period for class certification discovery in this matter ends on June 25, 2027. Dkt. 20. There is ample time for the Firm to complete its production and for Plaintiff to resolve any issues therewith prior to the expiration of that deadline.

Plaintiff invokes *Muller v. Syndicated Off. Sys., LLC*, No. C17-1840 RSM, 2018 WL 2765535 (W.D. Wash. June 8, 2018), but cabins her reliance on it to a "narrower" point that this Court required production within fourteen days. Dkt. 30 at 12–13. It is difficult to analogize that case to this action; the *Muller decision* specifically noted that "[b]ecause the Court has determined that Defendants ***have waived all objections to Plaintiff's discovery requests***, except for privilege, the Court finds that an Order compelling complete responses . . . is appropriate." *Muller*, 2018 WL 2765535 at *5 (emphasis added). Moreover, that case involved a situation where no documents at all had been produced. *Id*. at *4. As set forth above, that is not the case here. *See* Dugan Decl. ¶ 2 (describing document production).

The Firm has produced documents and will continue to do so in an expeditious manner. If the Court is inclined to set deadlines, it should first allow the Firm to complete a period of due diligence and then meet and confer with Plaintiff every 20 days on the Firm's progress toward a complete production. Plaintiff's motion could be denied without prejudice while the rolling production continues.

/ / /

/ / /

/ / /

/ / /



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

## III. CONCLUSION

For the foregoing reasons, the Dissolved Entities and the Firm respectfully request that the Court deny the Motion.

*I certify that this memorandum contains 2,206 words, in compliance with the Local Civil Rules.*

Dated: October 19, 2026

ANGELI & CALFO LLC

By: /s/ Kyle D. Dugan
Angelo J. Calfo, WSBA #27079
Peter D. Hawkes, WSBA #56794
Harold Malkin, WSBA #30986
Tyler S. Weaver, WSBA #29413
Kyle B. Dugan, WSBA #65609
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810
angelo@angelicalfo.com
peter@angelicalfo.com
harold@angelicalfo.com
tylerw@angelicalfo.com
kyle@angelicalfo.com

*Attorneys for Defendants Alexandra Lozano Kennedy, La Luz Del Camino Legal, PLLC f/k/a Alexandra Lozano Immigration Law, PLLC, Salud Total, LLC, Amiga Lawyers, LLC, and Ally Lozano, LLC*