THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA GUADALUPE DIAZ TOSCANO, individually and as class representative,

Plaintiff,

vs.

ALEXANDRA LOZANO KENNEDY, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a Washington limited liability company.,

Defendants.

Case No. 2:26-cv-02088-RSM

PLAINTIFF'S LCR 5(g) MOTION TO SEAL EXHIBIT A TO THE DECLARATION OF DAMIAN S. MENDEZ AND UNREDACTED VERSIONS OF RELATED FILINGS

NOTE ON MOTION CALENDAR: NOVEMBER 9, 2026

## I. RELIEF REQUESTED

Plaintiff Maria Guadalupe Diaz Toscano moves under LCR 5(g) for leave to file under seal Exhibit A to the Declaration of Damian S. Mendez in Support of Plaintiff's Response in



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Opposition to Defendants' Motion to Dismiss First Amended Class Action Complaint in Part. Exhibit A consists of pages LLDCL_CA0000008 through LLDCL_CA0000014 of Defendants' production, which Defendants designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under the Stipulated Protective Order entered October 1, 2026 (Dkt. 28) ("Protective Order"). A slip sheet appears in place of Exhibit A in the publicly filed exhibits. Plaintiff also moves to file under seal the unredacted versions of her Response in Opposition and the Mendez Declaration. The publicly filed versions of those two documents redact only the passages that quote or describe Exhibit A; the unredacted versions filed under seal highlight the redacted passages.

**II. LCR 5(g)(3)(A) CERTIFICATION**

On October 15, 2026, at approximately 10:00 a.m., counsel for Plaintiff, Damian S. Mendez, conferred by telephone with counsel for Defendants, Kyle Dugan of Angeli & Calfo LLC, as required by LCR 5(g)(3)(A) and Section 4.3 of the Protective Order. The conference addressed whether Defendants would withdraw the confidentiality designation of Exhibit A, whether redaction could eliminate the need to seal, and whether Defendants would stipulate to sealing. Defendants declined to withdraw the designation. Defendants stated that they do not oppose this motion and that they were exploring whether redactions would be appropriate, and agreed to respond by noon on October 16, 2026. Plaintiff's counsel confirmed the conference in writing the same day. On October 16, 2026, Defendants responded in writing that they would not withdraw the designation, did not believe a stipulation was appropriate, were still discussing Plaintiff's redaction proposal internally, and would address LCR 5(g)(3)(B) in their response to this motion.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

**III. BASIS FOR THE MOTION**

Exhibit A is a form legal-services agreement, consent for psychological evaluation, and signature authorization produced from Plaintiff's own client file. Plaintiff relies on it in Part VI of her response to show the additional facts she could plead if the Court grants leave to amend.

Where a party seeks to file a document that another party has designated confidential, the filing party may file a motion to seal without itself satisfying LCR 5(g)(3)(B); the designating party must make that showing in its response to the motion or in a stipulated motion. LCR 5(g)(3). Because Exhibit A is submitted in connection with a motion to dismiss, the designating party must show compelling reasons supported by specific factual findings to keep it sealed. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97, 1101 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

Section 4.3 of the Protective Order requires the designating party to identify, during the conference, the basis for sealing the specific confidential information at issue, and requires the filing party to include that basis in its motion, along with any objection. In an email sent shortly before the conference and during the conference, Defendants stated that Exhibit A qualifies as Confidential under Section 2(c) (non-public pricing) and Section 2(d) (non-public contract) of the Protective Order. During the conference, Defendants' counsel added that although the document was in Plaintiff's client file, that does not mean it was shared with anyone else; that the contract contains its own confidentiality provisions; and that it is not like a government contract that must be made public. Defendants also stated that their designations were made on an individual basis rather than in a mass or routinized manner. In their October



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

16 email, Defendants added that Plaintiff had "identified no instance of general public dissemination of the contract or pricing information," and that the Firm's use of the agreement with its clients "does not reflect a general disclosure of the information to the public at large." The Protective Order further provides that a party seeking to maintain confidentiality "must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal," and that "[f]ailure to satisfy this requirement will result in the motion to seal being denied." Dkt. 28 § 4.3.

Plaintiff objects to sealing. Plaintiff does not contend that Exhibit A, or the redacted passages that quote or describe it, warrant sealing. Exhibit A is an unsigned form contract, consent, and authorization that the Firm presented to its clients, produced from Plaintiff's own client file. It contains no personally identifying information, no health information, and no information about any other client.

Defendants' stated grounds do not support sealing. First, the only pricing information in Exhibit A appears on a single page, LLDCL_CA0000009, and Plaintiff's Response and the Mendez Declaration quote none of it except a single sentence of the declaration. Section 2(c) therefore could justify, at most, redaction of the dollar figures on that page—not sealing the remaining six pages or any of the passages Plaintiff quotes. Plaintiff offered during the conference to file Exhibit A publicly with those dollar figures redacted if Defendants would withdraw the designation as to the remainder. Second, a form the Firm presented to each of its clients as its standard terms is not a "non-public contract[]" within Section 2(d); it was shared with every client who signed it, including Plaintiff, who is a party to and recipient of the document. Third, the agreement's confidentiality provision protects the client's case



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

information, not the Firm's terms, and Plaintiff consents to the use of her own file. Fourth, the question is not whether the document is a government contract that must be made public; it is whether Defendants can show compelling reasons, supported by specific factual findings, to overcome the strong presumption of public access to materials filed with a dispositive motion. *Ctr. for Auto Safety*, 809 F.3d at 1096–97, 1101. Nor is it Plaintiff's burden to show "general public dissemination"; the party seeking to keep a document sealed must identify the specific injury that would result from public access and why no less restrictive alternative suffices. LCR 5(g)(3)(B). That Defendants do not oppose this motion does not relieve them of that burden. LCR 5(g)(3); Dkt. 28 § 4.3. The Protective Order prohibits "[m]ass, indiscriminate, or routinized designations," Dkt. 28 § 5.1, and does not "presumptively entitle parties to file confidential information under seal," *id.* § 1. Plaintiff files this motion to comply with the Protective Order and LCR 5(g), and reserves her right to challenge the designation, and Defendants' designation of nearly all of Plaintiff's client file, under Section 6 of the Protective Order. If Defendants do not carry their burden, Plaintiff requests that the Court direct the Clerk to unseal Exhibit A and the unredacted filings.

**IV. CONCLUSION**

Plaintiff respectfully requests that the Court permit Exhibit A to the Mendez Declaration, and the unredacted versions of the Response and the Mendez Declaration, to remain under seal pending Defendants' response under LCR 5(g)(3), and thereafter enter such order as the Court finds appropriate. A proposed order is submitted herewith.

I certify that this memorandum contains 1,169 words, in compliance with the Local Civil Rules.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

DATED this 19th day of October, 2026.

MENDEZ LAW GROUP, PLLC

/s/ Damian S. Mendez

Damian S. Mendez, WSBA #36157

RIOS IMMIGRATION DEFENSE, P.S.

/s/ Manuel Rios

Manuel Rios, WSBA #27279

Attorneys for Plaintiff



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax