THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA GUADALUPE DIAZ TOSCANO, individually and as class representative,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDRA LOZANO KENNEDY, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a Washington limited liability company.,<br><br>Defendants. | Case No. 2:26-cv-02088-RSM<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND TO SET DEADLINE FOR SUPPLEMENTAL PRODUCTION<br><br>NOTE ON MOTION CALENDAR: OCTOBER 23, 2026 |



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

**I. INTRODUCTION**

Defendants' opposition confirms why an order is needed. Seventy-nine days after Plaintiff served her requests, Defendants have produced one thing: Ms. Diaz Toscano's own client file, after this motion was filed. They have made no rolling production of anything they agreed to produce, offer no reason, and still give no date.

**II. ARGUMENT**

**A. Amiga and Ally remain parties until the Court drops them.**

Amiga and Ally are named defendants who have appeared through counsel and have not been dismissed. A defendant does not become a non-party because the operative complaint seeks no affirmative relief from it; it ceases to be a party when the Court drops it under Rule 21 or it is dismissed. Defendants' own motion to dismiss recognizes this: it asks the Court to drop Amiga and Ally under Rule 21. Dkt. 25 at 7–8. Defendants' papers continue to identify both entities as "Defendants," Dkt. 32 at 8; Dkt. 33 ¶ 1, and both entities responded to Plaintiff's requests as "Defendant." Dkt. 30-1, Exs. B-1, B-2.

Defense counsel asked that this discovery be "stayed pending a decision on our motion to dismiss," Dkt. 30-1 at 52, but Defendants never sought a protective order under Rule 26(c). A party may not grant itself a stay it requested but never obtained.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Plaintiff has told the Court that she does not oppose dropping Amiga and Ally under Rule 21, on "just terms" that account for this motion. Dkt. 38 at 14–15. The discovery concerning the entities' records and assets should be resolved first.

**B. RCW 25.15.309 bars claims; it does not end the entities' existence or excuse discovery.**

RCW 25.15.309(1) provides that a "claim against a dissolved limited liability company is barred" unless an action is commenced within three years after the certificate of dissolution is filed. It says nothing about the entity ceasing to exist or about discovery. Subsection (2) provides that dissolution does not "impair any remedy available to or . . . against that limited liability company, its managers, or its members." Plaintiff asserts no claim against Amiga or Ally, so the claim bar has nothing to operate on. Defendants' cases address whether a dissolved entity may sue or be sued under the law that created it; none holds that a dissolved entity that has appeared in a pending action may decline to answer discovery about its own winding up.

**C. Amiga and Ally must say what happened to records that existed.**

Amiga and Ally answered every request for production, including RFP Nos. 29–30, by stating that they have "no documents of any kind." Dkt. 30-1 ¶ 17 & Exs. B-1, B-2. Asked on October 19 whether responsive documents ever existed and what became of them, both refused to answer. Mendez Reply Decl. Exs. B, C. But both entities plainly generated



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

documents. In an April 15, 2020 AMIGA Lawyers webinar, preserved on video, Ms. Lozano herself presented the training, offering attendees “all of my questionnaires, declarations, all of my legal arguments, all my templates” through the AMIGA Academy. Dkt. 38-1 ¶¶ 12–13; Dkt. 38-2, Exs. G, H at TOSCANO_000010. The Firm’s emails to Plaintiff promoted “AMIGA Lawyers: www.amigalawyers.com.” Dkt. 38-1 ¶ 9; Dkt. 38-2, Ex. E. If neither entity has those materials now, Interrogatory No. 11 requires Ally to say what happened to them; Ally “must furnish the information available to the party.” Fed. R. Civ. P. 33(b)(1)(B). That information is available, and the people who have it are working on Defendants’ discovery. Ms. Lozano Kennedy states that she owned both entities. Dkt. 30-1 at 65. Amy Rios worked for AMIGA from 2015 to 2022 and is now the Firm’s Chief Operating Officer. Mendez Reply Decl. Ex. D. La Luz and Ms. Lozano Kennedy each identify her as having “assisted in locating and accessing documents” responsive to Plaintiff’s requests. *Id.* Exs. E, G at 2. Yet Amiga will not identify who determined that it has no documents. *Id.* Exs. B, F. Nor is Ms. Rios a stranger to Ally: Ms. Lozano dedicated her 2019 book, published by Ally, to Ms. Rios as “my right-hand, my confidant, and my friend. You have been a part of every success.” Dkt. 38-1 ¶ 5; Dkt. 38-2 at 6 (Ex. B).

Defendants’ position would let an owner run a business through an LLC, dissolve it, and then refuse to answer discovery by saying the company “no longer exist[s].” Dkt. 32 at 1. That would turn dissolution into a discovery shield: the owner keeps whatever the entity



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

produced and earned, while the records of how it did so become unreachable. Discovery obligations follow the documents and the people who control them, not the corporate form. Rule 34 reaches documents in a party's "possession, custody, or control," whatever entity's name they bear. Fed. R. Civ. P. 34(a)(1). AMIGA records held by Ms. Lozano Kennedy or La Luz are discoverable from them. Her RFP Nos. 16, 17, and 26 already seek the Firm's transfers to Amiga and Ally and the training and workflow agreements and materials those entities provided; she objected on relevance, not that the documents do not exist. Mendez Reply Decl. Ex. G at 23–24, 28–29.

If the Court denies the motion as to Amiga and Ally, it should do so without prejudice to discovery from Ms. Lozano Kennedy and La Luz concerning the entities' records, transfers, and dissolution, and to Rule 45 subpoenas.

**D. The narrowed financial discovery goes to the enterprise Defendants themselves describe.**

Defendants quote the original "every document" language of RFP Nos. 16 and 17, Dkt. 32 at 4, but the motion narrowed those requests and Interrogatory No. 8 to transfers or other movement of value during the class period between La Luz and seven identified persons and entities. Dkt. 30 at 9; Dkt. 30-2 ¶ 4. Defendants acknowledge the narrowing in a footnote, Dkt. 32 at 4 n.2, but never explain why the narrowed requests are irrelevant or disproportionate.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

The narrowed requests are tied to the pleaded enterprise. Defendants themselves quote its common purpose: “to generate and maximize revenue.” Dkt. 32 at 4 (quoting FAC ¶ 8.3). Where that revenue went among the participants—between the Firm, Ms. Lozano, the evaluation companies, and the entities she owned—is evidence of that purpose and of the “relationships among those associated with the enterprise.” *Boyle v. United States*, 556 U.S. 938, 946 (2009). The FAC alleges that the Firm required clients to obtain evaluations, that Ms. Diaz Toscano paid approximately $1,200 for one, and that Salud Total received thousands of Firm referrals. FAC ¶¶ 5.4, 8.13–8.14. The evaluation fees and referral payments at the center of the “client-facing conduct” Defendants describe are themselves transfers among alleged participants. Defendants have already agreed to produce reports on Salud Total refunds and Salud Total referrals from the Firm, Dkt. 30-1 at 36 (Ex. A-3 at 16), implicitly acknowledging that these flows are relevant.

*PMC* does not help Defendants. There, the plaintiff sought discovery into other plants and transactions unrelated to the single sale alleged. *PMC, Inc. v. Ferro Corp.*, 131 F.R.D. 184, 187–88 (C.D. Cal. 1990). Here, the discovery is confined to the alleged participants and the class period. *Eclectic Properties* is a pleading decision, 751 F.3d at 995, and Defendants’ pending motion does not challenge Count I, the § 1962(c) claim against Ms. Lozano Kennedy and La Luz. Nor did *Paws Up* rest only on a concession. The court relied on evidence that the bank records showed payments to a defendant’s employees and a co-



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

defendant's associates and bore on whether a defendant who claimed to be "uninvolved" joined a concerted effort to defraud. *Paws Up Ranch, LLC v. Green*, No. 2:12-cv-01547-GMN-NJK, 2013 U.S. Dist. LEXIS 167174, at *10–11 (D. Nev. Nov. 22, 2013). The same is true here: Ms. Lozano has stated that her husband owns En Solidaridad and that she was not involved in it, Dkt. 38-2 (Ex. H at TOSCANO_000015), and Salud Total denies agreeing to facilitate the enterprise, Dkt. 25. That *Paws Up* involved subpoenas is immaterial; Rule 45's scope "is the same as" Rule 26(b)(1)'s. *Id.* at *10 (internal quotation marks omitted).

The complete responses to Interrogatory No. 8 and RFP No. 17 that Defendants say were omitted, Dkt. 32 at 4 n.1, are attached. Mendez Reply Decl. Ex. A. The omitted text adds only an objection that "affiliated entity" is vague; La Luz gave no answer and produced no documents.

**E. Defendants must produce what they agreed to produce.**

Plaintiff served her first requests on August 4, 2026. Defendants' September 3 responses agreed to produce what Defendants call "more than 60 categories of documents." Dkt. 32 at 2; Dkt. 30-1 ¶ 7. As of this reply, seventy-nine days have passed since service and forty-nine days since production was due. In that time Defendants have produced one set of documents: Ms. Diaz Toscano's own client file, LLDCL_CA0000001 through LLDCL_CA0001997, produced on October 5, three days after this motion was filed. Dkt. 33



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

¶ 2; Mendez Reply Decl. ¶ 2. Nothing else. *Id.* ¶ 3. No policies, training, intake or signature documents, marketing, or organizational records. And none of the four reports defense counsel agreed on September 25 to produce: documents containing the information as to "(1) Salud Total refunds; (2) Salud Total referrals from the firm; (3) firm clients and benefit type; and (4) Salud Total interviewers." Dkt. 30-1 at 36 (Ex. A-3 at 16).

Defendants offer no reason. They do not contend those categories are not due, and they do not claim anything is being withheld for privilege, confidentiality, or ESI-protocol reasons; the Protective Order and ESI Order have been in place since October 1. Dkts. 28, 29. Policies, training manuals, marketing materials, and organizational records are discrete documents that do not depend on custodian searches. And La Luz represented on September 3 that two of its employees had already "assisted in locating and accessing documents . . . responsive to these . . . requests for production." Mendez Reply Decl. Ex. E at 2. Documents located seven weeks ago can be produced. Defendants' only evidence is an attorney declaration stating that three Defendants "are collecting and reviewing documents." Dkt. 33 ¶ 3. It identifies no custodian, source, volume, obstacle, or date. A party resisting discovery carries "a heavy burden of showing why discovery" should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Nor does the Firm's current staffing excuse nonproduction. The assertion that the Firm "no longer operates and has very few employees," Dkt. 32 at 2, is unsworn and is not evidence.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Rule 34's deadline does not expand because a party has reduced its staff. Defendants are represented by five attorneys, Dkt. 32 at 8, and the Firm's Chief Operating Officer helped locate responsive documents before September 3. Mendez Reply Decl. Exs. D, E.

The June 25, 2027 cutoff does not justify waiting either. Rule 34 requires production by the time specified in the request "or another reasonable time specified in the response," and staged production should "specify the beginning and end dates." Fed. R. Civ. P. 34(b)(2)(B) & advisory committee's note to 2015 amendment. Plaintiff needs these documents for depositions, expert analysis, and the class-certification motion due August 6, 2027. Dkt. 20. Defendants' alternative—conferences every 20 days, beginning only after an undefined "period of due diligence," Dkt. 32 at 7—has no end date, so Defendants could keep conferring indefinitely while producing nothing. The record shows what happens without a date: the one commitment that had one, the client file, was met; the commitments that did not, including the four reports, were not. Dkt. 30-1, Ex. A-3 at 16; Mendez Reply Decl. ¶¶ 2–3. Only a deadline makes production enforceable.

**III. CONCLUSION**

The Court should grant the motion and enter the proposed order, Dkt. 30-2, requiring: (1) immediate rolling production, with documents already collected and reviewed produced within seven days; (2) within fourteen days, the agreed non-ESI categories, including the four reports, and a date-certain ESI schedule under Dkt. 29; (3) within fourteen days, Ally's



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

verified answer to Interrogatory No. 11 and Amiga's and Ally's supplemental responses to RFP Nos. 29–30; and (4) within twenty-one days, La Luz's narrowed financial discovery. Any denial as to Amiga and Ally should be without prejudice, as described in Part II.C.

I certify that this memorandum contains 2,038 words, in compliance with the Local Civil Rules.

DATED this 22nd day of October, 2026.

MENDEZ LAW GROUP, PLLC
/s/ Damian S. Mendez
Damian S. Mendez, WSBA #36157

RIOS IMMIGRATION DEFENSE, P.S.
/s/ Manuel Rios
Manuel Rios, WSBA #27279
Attorneys for Plaintiff



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax