THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

| | |
|---|---|
| MARIA GUADALUPE DIAZ TOSCANO, individually and as class representative,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDRA LOZANO KENNEDY, *et al.*,<br><br>Defendants. | No. 2:26-cv-02088-RSM<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION UNDER FED. R. CIV. P. 23(d) AND FOR TEMPORARY RESTRAINING ORDER REGARDING DEFENDANTS' COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS |

## I. INTRODUCTION

Plaintiff's motion is an attempt to undermine Defendant La Luz del Camino Legal, PLLC's ("La Luz's") attempt to provide partial refund checks to a tiny subset of Plaintiff's proposed class because La Luz had included a plain, clear notice indicating that they were seeking a waiver of their clients' claims, including in this case, in exchange for that partial refund. Plaintiff's motion is and was baseless, and completely unnecessary.

At the time Plaintiff filed her motion, La Luz had previously agreed to stop sending any checks or notices while the parties discussed the issue and had told Plaintiff they were considering and would respond to issues her counsel had raised. Plaintiff, instead of waiting one day for La Luz to substantively respond, prematurely filed her motion, which is now moot



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

because La Luz has decided to abandon any waiver of claims its former clients, so that it can hopefully provide partial refunds to about 1500 former clients as soon as possible.

However, because Plaintiff made numerous inaccurate and unfounded allegations and accusations in her motion, Defendants are compelled to set the record straight for the Court and the public record. Accordingly, Defendants respond to the substance of the motion below. Defendants note that Plaintiff is wrong that the communication with the clients was misleading or inappropriate, and that Plaintiff's accusations about Defendants not producing a spreadsheet are inaccurate and unfounded.

Accordingly, Defendants ask that the Court deny Plaintiff's motion and allow La Luz to provide partial refunds to La Luz's former clients without any further communication about or related to this class action.

## II. STATEMENT OF THE FACTS

### A. Defendants Openly Offered a Small Group of Class Members the Choice of Accepting a Partial Refund in Exchange for a Waiver

La Luz closed its doors in June 2026. *See* Declaration of Amy Rios in Response to Plaintiff's Emergency Motion Under Fed. R. Civ. P. 23(d) ("Rios Decl.') ¶ 2. Since shortly after closing, La Luz has been determining which of its former clients might be entitled to a partial refund of fees those clients had previously paid La Luz and working to secure and preserve funds to provide refunds to those clients to the extent possible. *Id.*, ¶4. That work has been slowed significantly by the fact that La Luz has had only a handful of contract employees able to do the necessary work, which has taken several months. *Id.*

By early October 2026, La Luz had fully identified the former clients who were entitled to partial refunds and determined how much of a refund each person was entitled to. *Id.* ¶ 5. Eligibility for a partial refund was determined based on how much of a flat fee a particular client had paid when compared to the amount of work that had been performed on that client's case prior to the firm's closure, in accordance with the firm's long-standing practices for



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

providing partial refunds. *Id.*In total, La Luz identified 1519 former clients (just about 4 percent of the roughly 38,000 active clients the firm had when it closed) who were eligible for partial refunds. *Id.*

La Luz commenced the process of offering partial refunds to this subset of clients on or about October 20, 2026. *Id.*, ¶ 7. For an initial group of 298 clients, La Luz engaged the financial service Ramp to mail checks to these former clients' most recent known mailing addresses. *Id.*, ¶ 8. Ramp also informed those clients, by email, that a check was coming, the amount of the check, and the anticipated arrival date of that check. *Id.* The following notice (in both Spanish and English) was sent both with the check in hard copy and included as a digital image with the Ramp email:

> La Luz del Camino Legal (formerly, Alexandra Lozano Immigration Law) is prepared to offer you a refund for the amount of the check enclosed in connection with your contracting with the law firm to prepare your case for immigration relief.
>
> In exchange for your acceptance of this refund, the sufficiency of which you acknowledge, you hereby agree unconditionally and forever to release and discharge Alexandra Lozano, Alexandra Lozano Immigration Law, and/or La Luz del Camino Legal, as well as any employees or contractors of the law firm, from any and all claims, demands, actions, and causes of action of any kind. This includes all claims, whether known or unknown, suspected or unsuspected, fixed or contingent, that you have or may have against Alexandra Lozano, Alexandra Lozano Immigration Law, and/or La Luz del Camino Legal, as well as any employees or contractors of the law firm, arising out of your agreement with the law firm to seek immigration relief on your behalf.
>
> **Please note that under this agreement, if you accept the refund, you will not be allowed to participate as a member of any class that is certified in the matter of *Maria Guadalupe Diaz Toscano v. Alexandra Lozano Kennedy, et al.*, No. 2:26-cv-02088, a case that is pending in federal court in the Western District of Washington. If you want to speak to the attorney who has brought that lawsuit, you can contact Damian Mendez, Mendez Law Group PLLC, 3317 36th Avenue S., Unit B, Seattle, WA 98144, (206) 290-5148.**
>
> Please be advised that cashing the enclosed check constitutes your acceptance of the above term.



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

Mendez Decl, Ex. 1, Ex. B thereto (bold in original) and Rios Decl., ¶ 9. The notice also contained a Spanish translation of this text (although none of that text was bolded). Mendez Decl, Ex. 1, Ex. B thereto.

As of November 3, 2026, 31 former clients had cashed the checks that they received (.09% of the approximately 38,000 active clients La Luz had when it closed). Rios Decl., ¶ 9.

### B. Defendants Had Suspended Sending Checks and Were Attempting to Work with Plaintiff's Counsel When Plaintiff Filed This Motion

On October 28, 2026, Plaintiff's counsel contacted Defendants after a recipient of the notice apparently contacted him at the number provided in the notice, and counsel demanded Defendants stop sending material to the absent class members. Mendez Decl., Ex. 7. Defendants met with Plaintiff's counsel the next day, answered his questions about the details of the process, agreed to engage in discussions to see if the dispute could be resolved, and agreed to not send anything further until at least November 5, and indicated that they would be willing to consider "extending this period if the parties are making progress on agreed revised language." Mendez Decl., Ex. 7 [10/30/26 email from K. Dugan]. Defendants also told Plaintiff's counsel they would not resume sending anything regarding refunds without notifying him before they did so.[1] *Id.* Defendants also asked Plaintiff's counsel to provide them with specific language that he believed would resolve whatever he believed was misleading about the process, and he agreed to do so. Declaration of Tyler Weaver in Response to Plaintiff's Emergency Motion Under Fed. R. Civ. P. 23(d) ("Weaver Decl."). ¶ 2.

After the close of business on Friday, October 30, 2026, Plaintiff's counsel sent several pages of demands but provided no specific language and raised additional concerns he had not previously raised. Mendez Decl., Ex. 7 [10/30/26 email from D. Mendez]. Counsel also demanded Defendants respond to everything he had raised no later than noon on Monday,

[1] To be clear, La Luz has not sent any notices or checks since telling Plaintiff's counsel it had ceased doing so, and will not be doing so until the Court addresses Plaintiff's motion and Defendants' proposed resolution (see Section III, below).



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

November 2. *Id.* After discussing the issues Plaintiff had raised but being unable to resolve them and speak to the client before Plaintiff's arbitrary deadline, Defendants responded as follows at 11:18 a.m. on November 2:

> We are examining the issues you raised in your email and letter we received Friday evening. We take the matters you've identified seriously, but are not in position to respond to the numerous points you've set forth by noon today and will have a formal response to your letter by tomorrow. However, as per our prior agreement, we reiterate that our client is not issuing any further refund checks or notices at this time and will not do so before November 5, 2026. We have also told you that we will not resume sending anything without notifying you.

*Id*. Approximately two hours later, without any further attempt to discuss the matter, Plaintiff filed her emergency motion seeking to stop something that was not happening.[2]

**C. The "Client List" Plaintiff Complains About is a Red Herring**

Plaintiff also claims La Luz has been using a "client list" in connection with the calculation and distribution of refunds at the same time it was not producing it to Plaintiff. Mtn. at 11. That is incorrect. The database used to work on refunds is different from the report that Defendants agreed to produce and now have produced.

As explained above, the process of identifying individuals entitled to partial refunds and calculating amounts of those refunds has been going on for several months and has involved several contract employees working on it for months, and well before Plaintiff served any discovery. In contrast, the list Plaintiff has complained about is an entirely different list, with different information that has nothing to do with refunds. Weaver Decl., Ex. 3. That list is more than 1200 pages long and sets forth certain information about all of La Luz's former clients and what relief they sought; it does not contain information that could have been used

[2] Plaintiff claims Defendants stated "nothing needed to be done about the 296 checks already issued." Mtn. at 12. That is not the entire story. As Defendants made plain, while nothing misleading was said to people who already received checks and notices (which Defendants now understand to be 298 people), "if we agree to any of your suggested edits, we would consider if any additional communication should be had with those" recipients. Mendez Decl., Ex. 7 [10/30/2026 email].



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

to calculate refunds. *Id.* Moreover, Defendants produced the list on November 3, just as Defendants said they would before Plaintiff filed her motion. Mendez Decl., Ex. 7 [11/2/2026 email].

## III. DEFENDANTS' REQUESTED RESOLUTION

Defendants ask the Court to enter their proposed order, which would do the following:

- Clarify that La Luz can send checks for partial refunds to the clients it has identified with a brief notice indicating that the checks represent a partial refund based on how much work La Luz performed on their cases prior to closure, as set forth in Defendants' proposed order. The proposed notice says nothing about this case or about any waiver, in order to avoid all possible confusion. The notice would also be provided in Spanish.
- Provide a notice to the 298 individuals who have already received checks informing them that La Luz will not enforce the waiver previously sent to them and that they can cash their checks without waiving claims, as set forth at in Defendants' proposed order. This notice would also be provided in Spanish.
- Make clear that La Luz can have follow-up communications with former clients who have received checks but have not cashed them to encourage them to do so.

Defendants have submitted a proposed order to that effect. La Luz will not contact any former client about a refund check until the Court rules on this motion.

Defendants ask that the Court accordingly reject as unnecessary and inappropriate several elements of Plaintiff's proposed order. Most notably, there is no reason to order La Luz to provide the name and contact information for the 298 former clients who have already received checks. Plaintiff has no legitimate need for that confidential information about La Luz's former clients and has not attempted to explain what the need is. Plaintiff's only conceivable use of the information would be to conduct her own communications with these



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

absent class members to "'drum up' participation" in this class action, which would be an "abuse" of communications with class members. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 n. 12 (1981). If recipients of the notice want to talk to Plaintiff's counsel, they have his contact information, since the notice they received provided it.

The Court also does not need to order production of every form of the notice and waiver because, as defense counsel already told Plaintiff's counsel, there is only one form of the notice that was ever sent, and he already has it.

The Court also does not need to order production of the report discussed above that La Luz has already produced.

## IV. DEFENDANTS' RESPONSE TO THE MOTION'S SUBSTANCE

As noted above, given the substance and tenor of Plaintiff's motion, Defendants respond to the substance of that motion below. While the Court does not need to address the substance of the motion given Defendants' proposed resolution, Defendants want the public record to be clear.

### A. Standard of Review

Although Plaintiff barely acknowledges it, she has a significant hurdle to overcome to demonstrate that a temporary restraining order should be issued. A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). To obtain the relief she seeks, Plaintiff has the burden to demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *See id.* 555 U.S. 7 at 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *Hill v. McDonough*, 547 U.S. 573, 584, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). *See also Doe v. Noem*, 778 F. Supp. 3d 1151, 1159 (W.D. Wash. 2025). Plaintiff has not



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

attempted to argue any of these points at any length much less carry her burden.[3]

**B. Plaintiff Has Not Demonstrated a TRO is Warranted**

1. Plaintiff is wrong on the merits; the notice is not misleading.

Plaintiff is wrong on the merits. Plaintiff's argument appears to be that the notice and waiver are misleading and therefore improper communications with members of a putative class. But Defendants have a First Amendment right to communicate directly with absent members of a class prior to certification of any class, including to seek settlement of any class members' claims. *See, e.g., Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100-104 (1981). As a result, any restrictions on those communications must be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101. In making that determination, a court should limit its consideration to whether the communication at issue is "misleading," "coercive," or "threaten[s] the fairness of the class action proceedings." *Avery v. TEKsystems, Inc.*, 165 F.4th 1219, 1232 (9th Cir. 2026). Thus, the proper analysis is whether, via a "careful examination of the … communications," it appears the communications have had a "harmful impact on potential class members." *Id.* at 1231, 1232.

The notice here did not run afoul of any of these limitations. The notice communicated in plain language, partially bolded, that cashing the check at issue would result in a waiver of claims against La Luz, including in this lawsuit, which was specifically identified as a class action that might include them. It further specifically stated that if a former client had any

[3] It is unclear if Plaintiff claims that she need not meet the requirements of F.R.C.P. 65 to receive a restraining order under F.R.C.P. 23(d). If so, it is contrary to what other Courts of this district have done when faced similar requests. *See, e.g., Kater v. Churchill Downs Inc.*, 423 F. Supp. 3d 1055, 1060-64 (W.D. Wash. 2019) (applying Rule 65 in context of Rule 23(d)). Plaintiff has not cited any precedent indicating another approach should be followed, and what she has cited are cases where the courts were analyzing a situation *after* communications had occurred, rather than seeking an order to stop them. *See County of Santa Clara v. Astra USA, Inc.*, 2010 WL 2724512 (N.D. Cal. Jul. 8, 2010); *Slakov v. Fast Water Heater Partners I, LP*, 2015 WL 6674575 (N.D. Cal. Nov. 2, 2015); *O'Connor v. Uber Techs., Inc.*, 2014 WL 1760314 (N.D. Cal. May 1, 2014).



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

questions, they could contact Plaintiff's counsel and included his name, business address, and phone number. The notice did not require any former client to cash the check or foreclose the option of simply not accepting the check, nor did it place any deadline on the cashing of the check. There were no misleading statements, no attempt to characterize or discuss the merits of the case in some way that could be misleading or misunderstood, and no comment on Defendants' view of the case. There was nothing to prejudice the former clients one way or another. It was, moreover, effective given that at least one person apparently immediately contacted Plaintiff's counsel after receiving it.

This clean and unbiased statement is nothing like notices that were found problematic in cases cited by Plaintiff or cited above, where the notices cast aspersions on the case or class actions in general, actively misled putative class members, failed to mention the class case or plaintiffs' counsel, pressured people to agree to the waiver, or some combination of these. *See, e.g., Dominguez*, 88 F.4th at 792 (notice to employees indicated they were required to agree as a condition of employment and was unclear about what the scope of the waiver was); *Avery*, 165 F.4th at 1231–32 (defendant "repeatedly disparaged the efficacy of class actions," inaccurately represented what the lawsuit would require defendant to do, issued conflicting and confusing communications, instructed recipients to not share the notice with anyone, and suggested recipients would incur legal fees if they contacted plaintiffs' counsel); *County of Santa Clara*, 2010 WL 274512 at *4-*5 (notice misled recipients about the status of the class case and the calculations of the amounts being sent, misrepresented why the amounts were being sent, and made it appear that a governmental entity had approved the payments when that was not the case); *O'Connor*, 2014 WL 1760314 at *1 (class members required to agree as a condition of continued use of defendants' app for their business and had an arduous opt-out procedure); *Slavkov*, 2015 WL 6674575 at *3 (notice required not only a waiver of claims but an agreement not to speak to plaintiffs' counsel about the merits of the case and purported to waive claims that cannot be settled without court approval).



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

Plaintiff offers several reasons she believes the notices were misleading, but none of them holds up to scrutiny. First, she claims they were improper because the fact that the recipient was not required to sign anything means that the recipient was "not given time to consider the offer or told she may make time." Mtn. at 8. But (1) the check followed the Ramp notice sent days earlier and attached the notice, (2) the check would have been accompanied by a hard copy of the notice, and (3) the notice does not provide or imply that there is any time limit on the cashing of the check.

Second, Plaintiff claims the notice is misleading because it does not describe the claims or the relief sought, or the potential value of the claims. *Id.* at 8-9. The notice does not have these items, but including them would necessarily raise questions about their accuracy and whether attempting to include such information would merely confuse the issue, *especially* if La Luz attempted to provide the potential value of the claims or explain what relief class members might seek or receive. Instead of attempting to provide such information, the notice neutrally provides identifying information about the lawsuit and contact information for Plaintiff's counsel in the event any recipient wants to know more.

Plaintiff also contends that the notice is misleading because it does not explain how the amount was calculated. *Id.* at 9. That does not render the notice misleading. The notice is clear that the check is a refund. How that amount was calculated is not required for a client to understand (1) the amount of the refund, or (2) that accepting it is a waiver of their claims.

Plaintiff also argues that the notice is separately misleading or improper because recipients are former clients of a law firm. Mtn. at 9-10. But again, there is no substance to the allegation. As for the requirement that a former lawyer refund any unearned fees, the rules speak for themselves, and those rules do not forbid seeking a waiver in connection with that refund. Similarly, Plaintiff's argument about RPC 1.8(h)(2)'s indication that settlement of a claim should include a suggestion to seek counsel elevates form over substance. The notice clearly states: "**If you want to speak to the attorney who [brought the class action], you**



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

**can contact Damian Mendez, Mendez Law Group PLLC, 3317 36th Avenue S., Unit B, Seattle, WA 98144, (206) 290-5148.**" This is the equivalent of mailing former clients the business card of the attorney who filed this lawsuit, as opposed to simply stating they should seek counsel, without providing any guidance as to who might know what this dispute is about. The notice provided more than adequate information about contacting counsel should a recipient choose to do so.

Finally, Plaintiff claims the recipients are an especially vulnerable, easily confused group because they are "Spanish-speaking immigrants." Mtn. at 10. Defendants disagree this means they necessarily cannot understand a Spanish-language translation of the release, the plain-language disclosure that there is a federal class-action lawsuit involving La Luz, or contact information for Plaintiff's counsel. The recipients' status does not render the notice misleading, and it would be dangerous to assume that they cannot understand any communication about this lawsuit simply because they are immigrants.

The notice was not misleading, and Plaintiff has not demonstrated otherwise.

2. <u>There is no likelihood of irreparable harm</u>.

Plaintiff has also failed to carry her burden of demonstrating a likelihood of irreparable harm, especially since La Luz had suspended issuing any notices and checks as of the time of Plaintiff's motion and now has elected to send checks without seeking a waiver. But even if Plaintiff's motion was not moot, and notices and checks were being sent during the pendency of it, Plaintiff's argument about irreparable harm would still be misplaced. According to Plaintiff, any check cashed could result in a release, and therefore irreparable harm was taking place. Mtn. at 14. That is certainly not the case. As Plaintiff's own cases make clear, if the notice was misleading, the Court could have ordered any releases to be invalidated and directed corrective notice be sent if it felt that was necessary. *See, e.g., County of Santa Clara*, 2010 WL 274512 at *4-*5 (releases invalidated, no corrective notice required); *O'Connor*, 2014 WL 1760314 at *8 (corrective notice required); *Slavkov*, 2015 WL 6674575 at *3 (releases



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

invalidated and corrective notice ordered). There is no likelihood of irreparable harm necessitating the extraordinary remedy of an emergency restraining order.

3. Equity does not tip in favor of the moving party and injunction is not in the public interest.

Finally, the equities and the public interest do not tip in favor of an injunction here. The notice was not misleading, and in any event it is not currently being sent and will not be sent further. And at most, it appears that roughly .09% of the proposed class has even cashed a check, which hardly indicates that the communication has harmed or could harm the ability to have a class in this case.

Plaintiff has not carried her burden of persuasion and is not entitled to an emergency injunction.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

## V. CONCLUSION

As set forth above, the Court should deny Plaintiff's motion and enter Defendants' proposed order so that La Luz can expedite payment of the refunds to its former clients without any waiver of any former client's claims.

*I certify that this memorandum contains 4,036 words, in compliance with the Local Civil Rules.*

Dated this 4th day of November 2026.

ANGELI & CALFO LLC

By: */s/ Tyler S. Weaver*
Angelo J. Calfo, WSBA #27079
Peter D. Hawkes, WSBA #56794
Harold Malkin, WSBA #30986
Tyler S. Weaver, WSBA #29413
Kyle B. Dugan, WSBA #65609
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810
angelo@angelicalfo.com
peter@angelicalfo.com
harold@angelicalfo.com
tylerw@angelicalfo.com
kyle@angelicalfo.com

*Attorneys for Defendants Alexandra Lozano Kennedy, La Luz Del Camino Legal, PLLC f/k/a Alexandra Lozano Immigration Law, PLLC, Salud Total, LLC, Amiga Lawyers, LLC, and Ally Lozano, LLC*