THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA GUADALUPE DIAZ TOSCANO, individually and as class representative,

Plaintiff,

vs.

ALEXANDRA LOZANO KENNEDY, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a Washington limited liability company.,

Defendants.

Case No. 2:26-cv-02088-RSM

PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION UNDER FED. R. CIV. P. 23(d) AND FOR TEMPORARY RESTRAINING ORDER REGARDING DEFENDANTS' COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS

NOTE ON MOTION CALENDAR: NOVEMBER 2, 2026



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

## I. INTRODUCTION

La Luz has abandoned the release only because Plaintiff filed this motion. Dkt. 46 at 2. But its proposed order would deny the motion, let La Luz send checks with a notice it wrote, let its contractors call former clients to "encourage" them to cash those checks, and leave La Luz free to seek releases from any of its tens of thousands of former clients. Dkt. 46-1.

Plaintiff asks the Court to grant the motion in part and to enter an order that (1) voids the release and class exclusion and requires a Court-approved corrective notice; (2) requires every future refund to be accompanied by a notice that explains why the client is being paid and how the amount was calculated; (3) bars Defendants from seeking any release from a putative class member without leave of Court; and (4) requires production of the recipient list and refund policy so that the notices can be verified. If the Court declines to require leave before any release, Plaintiff asks in the alternative that any release offer be filed and served 14 days before it is sent, be separate from any refund, require a signature with 45 days to decide, and explain the client's refund.

## II. ARGUMENT

### A. Plaintiff filed because Defendants would not hold the mailings until the Court could rule.

Defendants call the motion premature. Dkt. 46 at 2, 5. On October 30, defense counsel wrote that the letter was "not misleading," that Defendants "did not agree that anything had to be



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

done with respect to the 296 checks already issued," that mailings could resume November 5, and: "We cannot agree at this time to wait indefinitely before our client resumes sending checks to people, but if you feel you need to file a motion, we can discuss at that point if we will agree to continue to hold off." Dkt. 42-1 ("Mendez Decl.") ¶ 7 & Ex. 6, Dkt. 42-1 at 41–42. That evening, Plaintiff sent the specific language Defendants had requested, including two complete proposed notices, and asked Defendants to confirm by noon on November 2 that nothing would be sent until the Court ruled. *Id.* ¶ 8 & Ex. 7, Dkt. 42-1 at 50–51. Defendants' claim that Plaintiff "provided no specific language" is wrong. Dkt. 46 at 4; Dkt. 47 ¶ 2. On November 2, Defendants committed only to holding mailings until November 5. Mendez Decl. ¶ 9 & Ex. 8. Plaintiff then filed.

**B. The letter was an offer to buy out class members' claims, not a refund notice.**

Defendants now say the payments were simply refunds. Dkt. 46 at 2–3. The letter does not read that way. It offered a "refund for the amount of the check enclosed in connection with your contracting with the law firm." *Id.* at 3. It did not say why the recipient was being paid, that the Firm had failed to complete the work she paid for, or that her application was never filed. Dkt. 48 ("Rios Decl.") ¶ 3. It did not state what she paid, what the Firm kept, or how the amount was calculated. Defendants concede that last point. Dkt. 46 at 10.

If La Luz's purpose had been to refund unearned fees, it had no reason to condition the payment on a release, and no reason to give recipients Plaintiff's counsel's name and telephone



MENDEZ LAW GROUP, PLLC
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

number. An honest refund letter would have said: this is the work you hired us to do; we did not finish it; you paid us this amount; we believe this amount is a fair refund; and you may consult an attorney about it. La Luz instead asked recipients to give up their place in this class action. Defense counsel described the purpose: to "provide people with the opportunity to accept money now rather than wait to see if a class is ever certified, or they are able to recover something even if one is certified." Mendez Decl. Ex. 6, Dkt. 42-1 at 41. That is a settlement offer to absent class members, made without telling them what they were owed.

Defendants invoke a First Amendment right to communicate with absent class members. Dkt. 46 at 8. A defendant that mailed refund checks conditioned on a release "had no First Amendment right to extract a release," and the putative class "must have been given the necessary information to choose whether to accept the settlement checks." *County of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 WHA, 2010 WL 2724512, 2010 U.S. Dist. LEXIS 78312, at *16*, 20 (N.D. Cal. July 8, 2010). These recipients were not given that information.

Defendants also argue that naming Plaintiff's counsel satisfied RPC 1.8(h)(2). Dkt. 46 at 10–11. It did not. The rule requires that a former client be advised in writing of the desirability of seeking independent legal counsel. Plaintiff's counsel does not represent the recipients. Referring a former client to the lawyer suing the Firm, for information about that lawsuit, is not advice to obtain independent counsel about whether to give up her claims against the Firm. Plaintiff's revised notices give that advice.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

The bold type on which Defendants rely appeared only in the English text. Dkt. 46 at 4. And Defendants agree that when a communication is misleading, courts invalidate the releases and order corrective notice. *Id.* at 11–12; *see Astra*, 2010 U.S. Dist. LEXIS 78312, at *15–16*, 20–23; *Slavkov v. Fast Water Heater Partners I, LP*, No. 14-cv-04324-JST, 2015 WL 6674575, 2015 U.S. Dist. LEXIS 149013, at *19–20 (N.D. Cal. Nov. 2, 2015);* O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2014 WL 1760314, 2014 U.S. Dist. LEXIS 61066, at* 13–14 (N.D. Cal. May 1, 2014).

**C. The Court should bar Defendants from seeking releases without leave of Court.**

Defendants' proposed order would not prevent a repeat. It would authorize La Luz to send checks to whichever former clients "La Luz has identified," and to follow up with them to "encourage" them to cash the checks. Dkt. 46-1 ¶¶ 1, 3. The calls would be made by five to ten contractors, some employed by entities in Latin America. Rios Decl. ¶ 4. Nothing in Defendants' order limits contact with any other class member. La Luz had more than 38,000 active clients when it closed. *Id.* ¶ 6. If the motion is denied, nothing would prevent La Luz from calling any of them and offering money for a release of "any and all claims . . . known or unknown," the language it already used, without ever mentioning this action. Dkt. 46 at 3.

Paragraph 5 of Plaintiff's revised proposed order addresses that risk directly. It does not stop refunds, and it does not bar Defendants from communicating with former clients about anything else. It requires only that, before Defendants seek a release or class exclusion from a



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

putative class member, they obtain leave so the Court can review the communication first. That is the "carefully drawn" order the record supports. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02 (1981). Defendants have already sent one misleading release to 298 class members, and 31 accepted it within about two weeks. Rios Decl. ¶¶ 7–9. Paragraph 4 limits follow-up contacts to reminders, address updates, and replacement checks, and requires a log.

**D. The notices must explain each refund, and Plaintiff needs the recipient data to verify them.**

To avoid further motion practice, Plaintiff has narrowed her proposal. Supplemental Declaration of Damian S. Mendez ("Supp. Mendez Decl.") ¶ 4 & Ex. 10. Both revised notices tell each recipient why she is receiving a refund and how it was calculated: the work she hired the Firm to do, the work it did not complete, what she paid, what the Firm kept, and the refund amount. Both state that the refund has no conditions and that she may consult an attorney of her choice. *Id.* Without it, no lawyer can tell her whether the amount is fair. Neither notice identifies Plaintiff's counsel, and the notice for future refunds does not mention this action.

The corrective notice to the 298 recipients must also withdraw the class exclusion. Defendants' version says only that "the firm will not enforce any waiver of claims." Dkt. 46-1 ¶ 2. It never tells recipients that they may remain in this case, although the original letter told them they would "not be allowed to participate as a member of any class." Dkt. 46 at 3. Plaintiff's Exhibit A does.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Paragraph 6 requires production, within seven days and under the Protective Order, of the recipient list with each recipient's amount paid, amount kept, and refund, the refund policy, and copies of the completed notices as sent. Dkt. 28. The notices will state those figures. Plaintiff cannot confirm that the figures are accurate, or that each of the 298 recipients received the corrective notice, without that data. Plaintiff will use it only for purposes of this litigation, as the Protective Order requires. An order is necessary. Defendants have refused to identify the recipients, Mendez Decl. Ex. 6, and on November 4 they postponed discussing the payment data and refund policy "until after the hearing." Supp. Mendez Decl. ¶¶ 2–3 & Ex. 9.

**E. In the alternative, the Court should require advance notice and minimum safeguards for any release.**

If the Court declines to require leave, it should at least ensure that no class member receives another offer like the October letter. Plaintiff's alternative paragraph 5A would not bar any communication. It would require that any communication seeking a release or class exclusion from a putative class member (1) be filed and served on Plaintiff at least 14 days before it is sent, and not be sent while a timely objection is pending; (2) be separate from any refund, which must be paid in full whether or not the client signs; (3) take effect only if the client signs it, with at least 45 days to decide; (4) state what she paid, what the Firm kept, and her refund, identify this action, state that signing releases her claims in it, and advise her to consult an attorney of her choice; and (5) be produced to Plaintiff as sent, with a list of those who signed.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

Each condition answers a defect in the October letter. That letter gave no explanation, tied the client's own refund to a release, treated cashing a check as acceptance, set no time to decide, and did not advise independent counsel. Plaintiff proposed most of these safeguards on October 30. Mendez Decl. Ex. 7, Dkt. 42-1 at 48. They do not restrict what Defendants may say. They govern only how Defendants may obtain a release from a putative class member, and they give the Court the opportunity to review an offer before it reaches the class rather than after. Without them, the only remedy for another misleading offer would be the one Plaintiff seeks now: invalidation and corrective notice after class members have already acted on it.

**F. The Rule 65 factors are met.**

Defendants argue that Rule 65 governs. Dkt. 46 at 8 n.3. But *Gulf Oil* sets the standard for orders limiting communications with putative class members, 452 U.S. at 101–02, and Plaintiff addressed the Rule 65 factors only in the alternative. Dkt. 42 § F. Defendants' abandonment of the release effectively concedes that the letter could not stand. The relevant measure of harm is not the entire class, Dkt. 46 at 12, but the 298 recipients, more than 10% of whom cashed their checks within about two weeks. Rios Decl. ¶¶ 7–9. More than 1,200 additional mailings are planned. *Id.* ¶ 6. The balance of hardships and the public interest favor relief: every refund may go out promptly, without conditions, with notices that tell clients the truth about their money.



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax

**III. CONCLUSION**

The Court should grant the motion in part and enter Plaintiff's revised proposed order.

DATED this 4th day of November, 2026.

MENDEZ LAW GROUP, PLLC
/s/ Damian S. Mendez
Damian S. Mendez, WSBA #36157

RIOS IMMIGRATION DEFENSE, P.S.
/s/ Manuel Rios
Manuel Rios, WSBA #27279
Attorneys for Plaintiff

I certify that this memorandum contains 1,975 words, in compliance with the Local Civil Rules.

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2026, I filed the foregoing reply, the Supplemental Declaration of Damian S. Mendez with Exhibits 9 and 10, and the revised proposed order through the Court's CM/ECF system, which will send notification of the filing to all counsel of record, and served them by email on Defendants' counsel: Angelo J. Calfo (angelo@angelicalfo.com), Peter D. Hawkes (peter@angelicalfo.com), Harold Malkin (harold@angelicalfo.com), Tyler S. Weaver (tylerw@angelicalfo.com), and Kyle B. Dugan (kyle@angelicalfo.com).

/s/ Damian S. Mendez
Damian S. Mendez



**MENDEZ LAW GROUP, PLLC**
3317 36th Avenue South, Unit B
Seattle, Washington 98144
206-290-5148 Telephone
206-260-9010 Fax